IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CARRUM TECHNOLOGIES, LLC,

    Plaintiff,

v.

BMW of NORTH AMERICA, LLC,
BMW MANUFACTURING CO., LLC, and
BAYERISCHE MOTOREN WERKE AG,

    Defendants.

C.A. No. 18-1645-RGA

## MEMORANDUM ORDER

Before me is Defendants' motion to dismiss Plaintiff's claims pursuant to Rule 12(b)(6). (D.I. 102). The motion has been fully briefed. (D.I. 103, 105, 108).

On October 23, 2018, Plaintiff Carrum filed its original complaint alleging infringement of U.S. Patent Nos. 7,512,475 and 7,925,416 (collectively, the "Asserted Patents") against Defendants BMW of North America ("BMW NA") and BMW Manufacturing Co. ("BMW MC"). (D.I. 1). Carrum filed its First Amended Complaint ("FAC") on May 5, 2021, adding Bayerische Motoren Werke AG ("BMW AG") as a defendant. (D.I. 81).

On May 13, 2022, I dismissed Carrum's claims against BMW AG for direct infringement at any time and indirect infringement prior to the filing date of the FAC. (D.I. 93 at 2-4). I denied BMW AG's motion to dismiss Carrum's claim for induced infringement after the date the FAC was served on BMW AG. (*Id.* at 3-5). I gave Carrum leave to amend its complaint to allege BMW AG had knowledge of the Asserted Patents as of the filing date of the original complaint. (*Id.* at 3 n.2). Carrum filed its Second Amended Complaint (SAC) on June 2, 2022. (D.I. 99).

1

BMW AG now moves to dismiss the SAC under Rule 12(b)(6) for failure to state a claim for both pre-suit and post-suit induced infringement. (D.I. 102).[1] For purposes of this motion, "pre-suit" refers to the time prior to the filing of the original complaint on October 23, 2018, and "post-suit" refers to the time after the original complaint was filed. (*See* D.I. 103 at 2; D.I. 105 at 7).

Federal Rule of Civil Procedure 8 requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss a claim for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the counterclaim complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1] I stayed the case for BMW NA and BMW MC (D.I. 80), and I have not lifted the stay. The reason for the stay was to decide whether the foreign defendant (BMW AG) was in the case. At the time, that made sense because BMW AG was raising a personal jurisdiction issue. (D.I. 85). BMW AG later dropped that particular argument. (D.I. 91 at 2 n.1). All three defendants joined the pending motion to dismiss. (D.I. 102). But Carrum answered as though only BMW AG was filing the motion. (D.I. 105). I will treat the motion as only being made by BMW AG. I will lift the stay against the other two defendants. I do not want to encourage more motion to dismiss briefing that just rehashes arguments that BMW AG has made and which I address in this Memorandum Order.

*Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

BMW AG asserts three arguments for dismissing Carrum's claims. I address them in turn.

First, BMW AG moves to dismiss Carrum's claims for pre-suit induced infringement because Carrum failed to allege that BMW AG had knowledge of the Asserted Patents before the original complaint was filed. (D.I. 103 at 8-11).

Induced infringement "requires knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). "At the pleading stage, alleged knowledge of patent family members and related patents, along with other allegations, can be sufficient to overcome a motion to dismiss." *Novozymes N. Am., Inc. v. Danisco US Inc.*, 2020 WL 12895027, at *3 (D. Del. Feb. 12, 2020). "[T]he Court need not evaluate whether each allegation, standing alone, gives rise to a reasonable inference that [BMW AG] had pre-suit knowledge of the patent. Instead, the Court may consider the allegations as a whole." *Id.* at *2.

I find Carrum failed to plausibly allege that BMW AG had pre-suit knowledge of the Asserted Patents. Carrum's only allegation of BMW AG's pre-suit knowledge is that BMW AG knew of the Asserted Patents' foreign counterpart because BMW AG cited to it during the prosecution of its own German patent. (D.I. 99, ¶ 29). This is not sufficient. "Knowledge of a foreign patent does not provide notice of a 'corresponding' U.S. patent." *PPG Indus. Ohio, Inc. v. Axalta Coating Sys., LLC*, 2022 WL 610740, at *5 (D. Del. Jan. 26, 2022), *report and recommendation adopted*, 2022 WL 611260 (D. Del. Feb. 18, 2022).

I disagree with Carrum that alleging BMW AG investigated the German counterpart patent when it prosecuted its patent application, and that BMW AG would have found the Asserted

3

Patents through its research, are sufficient "other allegations." *See Novozymes*, 2020 WL 12895027, at *3. The case law shows that such "other allegations" provide more and are less speculative. For example, in *Novozymes*, sufficient other allegations included three separate occasions where the defendants learned of the patent at issue when it was prosecuting its own application, and that the defendants attended a conference where the patent was presented. 2020 WL 12895027, at *2-3. In *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, the Magistrate Judge found allegations of the defendants' knowledge of a patent's parent and other patents in the family, taken together with the multiple allegations demonstrating the patent's notoriety in the defendants' "tight knit" industry to be sufficient. 2015 WL 5725768, at *3 (D. Del. Sept. 29, 2015), *report and recommendation adopted*, 2016 WL 1274812 (D. Del. Mar. 31, 2016). Therefore, the motion to dismiss for failure to plausibly allege pre-suit induced infringement is GRANTED.

Second, BMW AG argues that Carrum failed to allege facts that BMW AG had pre-suit intent to induce infringement. Because I find that Carrum failed to allege BMW AG had pre-suit knowledge of the Asserted Patents, I do not need to address this issue.

Third, BMW AG moves to dismiss Carrum's claims for post-suit induced infringement because these allegations "are based on alleged knowledge gained after Carrum filed its patent infringement allegations." (D.I. 103 (citing D.I. 100, ¶¶ 30-35)).

The caselaw in our district is split on whether a filed complaint can be used to satisfy the knowledge requirement for post-suit induced infringement. *See, e.g., ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 250 n.2 (D. Del. 2021) (collecting cases).

I take the position that Carrum is permitted to allege a post-suit indirect infringement claim based on knowledge from the original complaint. *See Wrinkl, Inc. v. Facebook, Inc.*, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021). I already addressed this issue in this case. I found that

4

Carrum plausibly alleged BMW AG had knowledge of the Asserted Patents as of the filing of the FAC because the FAC supplied the knowledge of the Asserted Patents. (D.I. 93 at 3; *see* D.I. 86 at 8 (arguing same); D.I. 91 at 7 (arguing same)). It would make little sense for me to grant Carrum leave to amend the FAC to plead BMW AG had knowledge as of the date of the original complaint if that complaint, which did not name BMW AG as a defendant, could not possibly provide knowledge of the Asserted Patents. (*See* D.I. 93 at 3 n.2). I am not persuaded by BMW AG's policy argument to change my ruling and adopt the holding in *ZapFraud*.

I nevertheless find Carrum plausibly alleges that BMW AG had post-suit knowledge of the Asserted Patents. Carrum alleges that (1) BMW AG's legal counsel has direct control over BMW NA and BMW MC; (2) BMW AG's legal counsel emailed a copy of the original complaint and the Asserted Patents to one of its suppliers inquiring about the potential of infringement in January 2019; and (3) BMW NA filed three IPR petitions against each Asserted Patent in April 2019, each of which named BMW AG as a real party in interest. (D.I. 99 at 9-10).[2] These allegations are sufficient to support an inference that BMW AG had knowledge of the Asserted Patents prior to the FAC being filed. It is reasonable to infer that BMW NA or BMW MC sent a copy of the original complaint to BMW AG shortly after they were served. Carrum's allegations are also sufficient to plausibly support an inference of intent to induce infringement. (D.I. 99 ¶¶ 25-26, 40, 46-47, 51, 56-57; *see also* D.I. 93 at 3-5 (finding allegations sufficient)).

BMW AG's motion to dismiss Carrum's claim of induced infringement before the original complaint was filed is GRANTED. BMW AG's motion to dismiss Carrum's claim of induced infringement for after the filing date of the original complaint is DENIED.

---

[2] I previously gave no weight to these allegations because Carrum only raised them in the briefing of BMW AG's motion to dismiss the FAC. (D.I. 93 at 3). I consider them now because they are included in the SAC.

The stay as to the other two defendants is LIFTED.

IT IS SO ORDERED this 9th day of February 2023.

_____
United States District Judge