IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARRUM TECHNOLOGIES, LLC, : | |
| Plaintiff, : | |
| v. : | Civil Action No. 18-1645-RGA |
| BMW OF NORTH AMERICA, LLC, : et al., : | |
| Defendants. : | |

**MEMORANDUM ORDER**

I have a discovery dispute over a protective order. (D.I. 124, 126). I have reviewed the parties' letters and read, in particular, the *Mercedes* case.[1] The dispute has boiled down to whether Defendant BMW AG has to produce the names and email addresses of individuals that are contained in business records that will be responsive to Plaintiff's discovery requests. As suggested below, there seems to be less reason to redact names than there is to redact email addresses.

The parties seem to agree (D.I. 124 at 2; D.I. 126 at 1) that I need to do a comity analysis, which involves analysis of at least five relevant factors that originate with the Restatement of Foreign Relations Law of the United States.[2] The analysis needed here is presented not in terms of discovery requests, though, but in terms of a protective order. I think that makes a difference.

---

[1] 2020 WL 487288 (D.N.J. Jan. 30, 2020). I note that the "layered approach" analysis was that of a Special Master later reviewed by a judge for an abuse of discretion. There is a lot of room for the argument that a different decision-maker could reach a different decision and also not abuse its discretion.

[2] *Société Nationale Industrielle Aérospatiale v. U.S. District Court, S.D. Iowa*, 482 U.S. 522, 544 n.28 (1987).

In terms of the importance of the information, some names will be important. Others will not. Email addresses do not seem to be independently important except to the extent they represent the names of people.

It seems to me that the relevant factor of the "specificity of the request" concerns the quantity and scope of discovery requests, about which I know nothing. I do not think saying that a party will seek "business records . . . in their ordinary form" makes the request for names and email addresses "narrow and specific." (*But see* D.I. 126 at 2 (asserting the opposite)).

The parties agree that the origin of the information (presumably, Germany) favors BMW.

The availability of alternative means to acquire the names (and email addresses) seems to be lacking. This factor favors Plaintiff.

There are conflicting national interests. The United States has written into its rules broad discovery that exceeds that of most other nations (and certainly of Germany). The EU (and hence Germany) regards the protection of personal data as a fundamental human right.

I could, I suppose, decide this dispute on the basis of the information I presently have, but I think it would be prudent to consider alternatives.

I have an idea that I now suggest to the parties. It goes like this. BMW can redact, in addition to what the parties have agreed to, all email addresses, but will need to replace the email addresses with Names as further defined. By Names, I mean, either the actual name or the first and last initials of the person. Parties usually disclose a certain number of custodians. I suggest that BMW and Plaintiff meet and confer to develop a list of names, say 20 (?), that are the most important to the issues in the case. The list might be reached by a combination of disclosure on the part of BMW and identification of job function or job title by Plaintiff. The names of the 20 would appear in full. All other named individuals would be replaced by initials. This would

seem to me to be a system that would involve getting Plaintiff what it needs to litigate its case while minimizing the release of personal data that BMW is obligated by EU/German law to protect.

I would like the parties to consider the above suggestion. If they can agree to something based on that, great. Submit it and I will sign it. But, if not, and the parties think further briefing would enable me to make a sound ruling, they should advise me of that, including a schedule for doing the same. If neither of those ideas work, my next thought is to appoint a Special Master, and the parties can submit letters explaining how I should allocate the costs relating to that.

IT IS SO ORDERED this 9th day of May 2023.

/s/ Richard G. Andrews
United States District Judge