# EXHIBIT A

[redacted]

**SUBJECT TO PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Carrum Technologies, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>BMW of North America, LLC,<br>BMW Manufacturing Co., LLC, and<br>Bayerische Motoren Werke AG<br><br>*Defendants*. | ) | C.A. No. 18-01645-RGA<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S**
**AMENDED FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-51)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants BMW of North America, LLC ("BMW NA"), BMW Manufacturing Co., LLC ("BMW MC"), and Bayerische Motoren Werke AG ("BMW AG") (collectively, "BMW" or "Defendants") hereby respond to Plaintiff Carrum Technologies, LLC ("Carrum" or "Plaintiff") Amended First Set of Requests for Production.

These responses are made solely for the purposes of the above-captioned case (referred to herein as the "Action"). The following responses are based on BMW's present state of recollection, knowledge, and belief. The responses are at all times subject to additional or different information that discovery may disclose and, while based on the present state of recollection, are subject to such refreshing of recollection and such knowledge or facts as may result from further investigation by BMW or its attorneys and/or further discovery from Plaintiff and/or third parties. BMW reserves the right to supplement these responses.

[redacted]

**SUBJECT TO PROTECTIVE ORDER**

BMW objections and responses are made without in any way waiving or intending to waive, but to the contrary, are intended to preserve:

1. All questions as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the response or subject matter thereof, in this Action or any subsequent proceeding associated with this Action or any other matter;

2. The right to object on any ground to the use of said responses, or the subject matter thereof, in any subsequent proceeding with this Action or any other action; and

3. The right to object on any ground at any time to other requests or other discovery procedures involving or relating to the subject matter of these Requests.

**GENERAL OBJECTIONS**

BMW incorporates the General Objections included in BMW NA and BMW MC's initial objections and responses to Carrum's First Set of Requests for Production (Nos. 1-51).

**SPECIFIC OBJECTIONS AND RESPONSES**

**RFP NO. 1**

All documents referring or relating to Carrum and/or the Carrum Patents.

**RESPONSE TO RFP NO. 1**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it seeks information protected by attorney client privilege or the attorney work product doctrine. BMW further objects to this Request to the extent it seeks documents in Carrum's possession, custody, or control, such as the Complaint in this case.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has not been able to locate any non-privileged documents responsive to this

Request predating the Complaint. BMW has produced or will produce relevant responsive, and non-privileged documents within its possession, custody, and control postdating the Complaint.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 2**

All documents referring or relating to any meetings and/or communications with Carrum personnel and/or either or both Inventors.

**RESPONSE TO RFP NO. 2**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it seeks information protected by attorney client privilege or the attorney work product doctrine. BMW further objects to this Request to the extent that it seeks documents already within the possession, custody, and control of Carrum.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has not been able to locate any non-privileged documents responsive to this Request.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 3**

All documents referring or relating to any meetings and/or communications, related to ACC, with Delphi Technologies, Inc. personnel, including its employees and agents (including counsel).

[redacted]



**RESPONSE TO RFP NO. 3**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it seeks information protected by attorney client privilege or the attorney work product doctrine.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has produced or will produce relevant responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 4**

All documents referring or relating to Your actual or possible infringement of the Carrum Patents.

**RESPONSE TO RFP NO. 4**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it seeks information protected by attorney client privilege or the attorney work product doctrine. BMW further objects to this Request to the extent it seeks documents in Carrum's possession, custody, or control, such as the Complaint in this case.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has not been able to locate any non-privileged documents responsive to this Request predating the Complaint. BMW has produced or will produce relevant responsive, and non-privileged documents within its possession, custody, and control postdating the Complaint.

[redacted]



BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 5**

All documents referring or relating to the validity, invalidity, enforceability, unenforceability, patentability, or non-patentability of any claim of the Carrum Patents.

**RESPONSE TO RFP NO. 5**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it seeks information protected by attorney client privilege or the attorney work product doctrine. BMW also objects to this Request to the extent that it seeks documents already within Carrum's possession, custody, or control or that are at least as accessible to Carrum as they are to BMW, such as the prior art cited on the face of the Asserted Patents and the Complaint in this case.

Subject to the foregoing general and specific objections, BMW has produced or will produce relevant responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 6**

All documents, including prior art, that You contend are relevant to the scope or meaning of any claim of the Carrum Patents.

**RESPONSE TO RFP NO. 6**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it seeks information protected by attorney client privilege or the attorney work product

[redacted]



doctrine. BMW also objects to this request as premature to the extent that it seeks BMW's claim construction positions before such are due under the Scheduling Order (D.I. 119) entered in this case and to the extent that it seeks expert discovery before the time for expert discovery set forth in the Scheduling Order. BMW further objects to this Request to the extent that it seeks documents already within Carrum's possession, custody, or control or that are at least as accessible to Carrum as they are to BMW.

Subject to the foregoing general and specific objections, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 7**

All documents supporting, contradicting, or otherwise relating to Your construction or interpretation of any claim of the Carrum Patents.

**RESPONSE TO RFP NO. 7**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it seeks information protected by attorney client privilege or the attorney work product doctrine. BMW also objects to this request as premature to the extent that it seeks BMW's claim construction positions before such are due under the Scheduling Order (D.I. 119 ) entered in this case and to the extent that it seeks expert discovery before the time for expert discovery set forth in the Scheduling Order. BMW further objects to this Request to the extent that it seeks documents

[redacted]


already within Carrum's possession, custody, or control or that are at least as accessible to Carrum as they are to BMW.

Subject to the foregoing general and specific objections, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control at the appropriate time in accordance with this Court's Scheduling Order.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 8**

All documents relating to any comparison between the Carrum Patents and any Accused Product.

**RESPONSE TO RFP NO. 8**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, and unduly burdensome to the extent that it seeks "all documents relating to any comparison." BMW further objects to this Request to the extent that it seeks information protected by attorney client privilege or the attorney work product doctrine. BMW also objects to this request as premature to the extent that it seeks expert discovery before the time for expert discovery set forth in the Scheduling Order (D.I. 119 ).

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has not been able to locate any non-privileged documents responsive to this Request.

[redacted]



BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 9**

All sufficient to show the facts and circumstances of Your first awareness of the Carrum Patents or any patent application related to the Carrum Patents by any of Your employees, directors, or agents (including counsel).

**RESPONSE TO RFP NO. 9**

In addition to the General Objections stated above, BMW objects to this Request as explicitly seeking information protected by attorney client privilege or the attorney work product doctrine. BMW also objects to this request as not relevant to any claim or defense or likely to lead to the discovery of admissible evidence. BMW further objects to this Request to the extent it seeks documents in Carrum's possession, custody, or control, such as the Complaint in this case.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has not been able to locate any non-privileged documents responsive to this Request predating the Complaint. BMW has produced or will produce relevant responsive, and non-privileged documents within its possession, custody, and control postdating the Complaint.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 10**

All documents concerning any opinions of counsel or other analysis or advice regarding the scope, validity or invalidity, enforceability or unenforceability, infringement or

[redacted]



noninfringement, subject matter, claim construction, or interpretation regarding the Carrum Patents or any patent application related to the Carrum Patents.

**RESPONSE TO RFP NO. 10**

In addition to the General Objections stated above, BMW objects to this Request as explicitly seeking information protected by attorney client privilege or the attorney work product doctrine. BMW also objects to this request as not relevant to any claim or defense or likely to lead to the discovery of admissible evidence.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has not been able to locate any non-privileged documents responsive to this Request.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 11**

All documents reflecting, referring or relating to any communications with any third party relating to the Carrum Patents.

**RESPONSE TO RFP NO. 11**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it seeks information protected by attorney client privilege, the attorney work product doctrine, or the joint defense privilege.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has not been able to locate any non-privileged documents responsive to this

[redacted]



Request predating the Complaint. BMW has produced or will produce relevant responsive, and non-privileged documents within its possession, custody, and control postdating the Complaint.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 12**

All documents used in connection with the sale or marketing of any Accused Product, or vehicle containing any such Accused Product, which refer or relate to ACC.

**RESPONSE TO RFP NO. 12**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, and unduly burdensome to the extent that it seeks "all documents used in connection with the sale or marketing of" over 100 different accused models. BMW further objects to this Request as vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence to the extent that the definition of "Accused Products" is not limited to systems or methods made, used, sold, offered for sale, or imported into the United States on or after October 23, 2012. BMW also objects to this Request to the extent that it seeks documents not within the possession, custody, or control of BMW.

Subject to the foregoing general and specific objections, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

[redacted]



**RFP NO. 13**

All documents provided or used in connection with any training or instruction You or any of Your employees or agents offers concerning the Accused Products, or vehicles containing any such Accused Products, which refer or relate to ACC.

**RESPONSE TO RFP NO. 13**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of relevant and admissible evidence to the extent that it seeks "all documents provided or used in connection with any training or instruction," regardless of time period, subject or relevance of the training. BMW also objects to this Request to the extent that it seeks documents not within the possession, custody, or control of BMW.

Subject to the foregoing general and specific objections, has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 14**

All user manuals, instructions for use, or other instructional materials regarding the use or operation of any Accused Product, or vehicle containing any such Accused Product, which refer or relate to ACC.

**RESPONSE TO RFP NO. 14**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of relevant and admissible evidence to the extent that it seeks "all user manuals, instructions for use, or other instructional

[redacted]



materials regarding the use or operation of any Accused Product," which includes over 100 accused models, regardless of time period, subject, or relevance of the instructional materials. BMW also objects to this Request to the extent that it seeks documents not within the possession, custody, or control of BMW.

Subject to the foregoing general and specific objections, has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 15**

Documents sufficient to show the identity and role of any person or entity involved in the sales process for each Accused Product or vehicle containing any such Accused Product, including all steps from an initial contact with a potential customer through a transfer of title of the Accused Product or vehicle containing any such Accused Product to a purchaser, user, or other person or entity.

**RESPONSE TO RFP NO. 15**

In addition to the General Objections stated above, BMW objects to this Request as facially vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence as seeking "the identity and role of any person or entity involved in the sales process for each Accused Product or vehicle containing any such Accused Product," including over 100 accused models, and thousands of vehicles sold. BMW also objects to this request as vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence to the extent that it is not bounded by any time period or limited to sales within the United States. BMW

[redacted]



further objects to this Request to the extent that it seeks documents not within the possession, custody, or control of BMW.

Subject to the foregoing general and specific objections, BMW is willing to meet and confer with Carrum to determine the scope of any properly discoverable information responsive to this Request.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 16**

All design, specification, or other technical documents setting forth the specifications of any Accused Product.

**RESPONSE TO RFP NO. 16**

In addition to the General Objections stated above, BMW objects to this request to the extent that it seeks documents already within the possession of Plaintiff. BMW further objects to this Request to the extent that it seeks documents not within the possession, custody, or control of BMW.

Subject to the foregoing general and specific objections, has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 17**

All training manuals, instructions for use, or other instructional materials regarding the programming, testing, installation, maintenance or repair of any Accused Product, or vehicle containing any such Accused Product, which refer or relate to ACC.

**RESPONSE TO RFP NO. 17**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence to the extent that it seeks "all training manuals, instructions for use, or other instructional materials regarding . . . any . . . vehicle containing any such Accused Product," regardless of time period, subject or relevance of the instructional materials. BMW also objects to this Request to the extent that it seeks documents not within the possession, custody, or control of BMW.

Subject to the foregoing general and specific objections, has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 18**

All Source Code related to any Accused Product, including (but not limited to) Source Code containing the algorithms or formulas employed by any ACC system to detect whether an object is in the host vehicle's lane and to determine the circumstances under which the host vehicle should reduce its speed.

For purposes of this request, all software should be provided in the form it is created and reviewed by a human. Wherever applicable, provide native documents (e.g., PDFs, PowerPoints,

[redacted]



Word documents)—not scans—that: specify the functional requirements of the code, controls, and calibrations (e.g., a written description of the code and block/flow diagrams) that describe how the code/controls/calibrations will be programmed; and explain how the code, controls, and calibrations are implemented (e.g., documents that include Simulink diagrams, in native searchable form). For each Accused Product, and each vehicle containing any such Accused Product, provide a single searchable file with all of the calibration values in it, corresponding to what is used in each such Accused Product, and each such vehicle containing any such Accused Product.

**RESPONSE TO RFP NO. 18**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence to the extent that it seeks "all Source Code related to any Accused Product," regardless of time period, subject or relevance of the Source Code. BMW also objects to this Request to the extent that it seeks documents not within the possession, custody, or control of BMW. BMW further objects to this Request to the extent that it attempts to place discovery burdens on BMW not in accordance with the Federal Rules of Civil Procedure, as requiring the production of documents in a form other than the way they are kept in the ordinary course of business and as requiring BMW to create any document to be produced.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

[redacted]



**RFP NO. 19**

Documents sufficient to show the design, operation, function, and/or composition of every Accused Product that was made, used, imported, sold, or offered for sale in the United States since October 23, 2012, including for this purpose any vehicle containing any such Accused Product that was made, used, imported, sold, or offered for sale in the United States since October 23, 2012.

**RESPONSE TO RFP NO. 19**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence to the extent that it seeks "the design, operation, function, and/or composition of . . . any such Accused Product," regardless of the relevance of such design materials or the relationship between those materials and the Accused Products. BMW also objects to this Request to the extent that it seeks documents not within the possession, custody, or control of BMW. BMW further objects to this Request to the extent it seeks information not relevant to this case, such as information regarding functionality of Accused Products unrelated to the Asserted Patents.

Subject to the foregoing general and specific objections, has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 20**

Sales data for each Accused Product, and each vehicle containing any such Accused Product, on a transaction level and monthly, quarterly, and annual basis from 2012 to present

including: (1) revenues (net and gross), (2) unit sales, (3) cost of goods, (4) profits (net and gross), (5) any allocated expenses, (6) research and development expenses, (7), general or administrative expenses, (8) customer names, units, unit price, date of shipment and locations of the shipping entity and the purchaser.

**RESPONSE TO RFP NO. 20**

In addition to the General Objections stated above, BMW objects to this request as vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence at least to the extent that it seeks "sales data for . . . each vehicle containing any such Accused Product, on a transaction level and monthly, quarterly, and annual basis," "customer names," "general or administrative expenses," "allocated expenses," "research and development expenses," and "date of shipment and locations of the shipping entity." BMW further objects to this Request to the extent that it attempts to place discovery burdens on BMW not in accordance with the Federal Rules of Civil Procedure, as requiring the production of documents in a form other than the way they are kept in the ordinary course of business and as requiring BMW to create any document to be produced. BMW also objects to this Request to the extent that it seeks information not within the possession, custody, or control of BMW. BMW further objects to this Request because it seeks irrelevant information to the extent it seeks revenues and gross profits on entire BMW vehicles as opposed to only the accused functionality or systems.

Subject to the foregoing general and specific objections, has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

[redacted]



**RFP NO. 21**

Documents sufficient to show sales, actual or projected, of the Accused Products, and any vehicles containing any such Accused Products, made, used, licensed, distributed, supplied, sold, imported, or offered for sale in the United States, on a monthly, quarterly, and annual basis since 2012, including but not limited to documents concerning or relating to:

a. Projected sales;

b. Unit sales;

c. Revenue from sales;

d. Market share;

e. Profits from sales;

f. Costs from sales; and

g. Pricing.

**RESPONSE TO RFP NO. 21**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it attempts to place discovery burdens on BMW not in accordance with the Federal Rules of Civil Procedure, as requiring the production of documents in a form other than the way they are kept in the ordinary course of business and as requiring BMW to create any document to be produced. BMW also objects to this Request to the extent that it seeks information not within the possession, custody, or control of BMW.

Subject to the foregoing general and specific objections, has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 22**

Documents sufficient to show sales, actual or projected, of the Accused Products, and any vehicles containing any such Accused Products, made in the United States and exported, used, licensed, distributed, supplied, sold, or offered for sale outside the United States, on a monthly, quarterly, and annual basis since 2012, including but not limited to documents concerning or relating to:

a. Projected sales;

b. Unit sales;

c. Revenue from sales;

d. Market share;

e. Profits from sales;

f. Costs from sales; and

g. Pricing.

**RESPONSE TO RFP NO. 22**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it attempts to place discovery burdens on BMW not in accordance with the Federal Rules of Civil Procedure, as requiring the production of documents in a form other than the way they are kept in the ordinary course of business and as requiring BMW to create any document to be produced. BMW also objects to this Request to the extent that it seeks information not within

[redacted]



the possession, custody, or control of BMW. BMW objects to this Request as duplicative of Request No. 21.

Subject to the foregoing general and specific objections, has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 23**

All documents you or your counsel have provided to any agent, consultant, expert, or potential expert concerning the Inventors, Carrum, the Carrum Patents, or the Accused Products.

**RESPONSE TO RFP NO. 23**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it seeks information protected by attorney client privilege or the attorney work product doctrine. BMW also objects to this request as premature to the extent that it seeks expert discovery before the time for expert discovery set forth in the Scheduling Order (D.I. 119 ).

Subject to the foregoing general and specific objections, BMW will produce relevant, responsive, and non-privileged documents within its possession, custody, and control at the appropriate time in accordance with this Court's Scheduling Order.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

[redacted]



**RFP NO. 24**

All documents reviewed by any person whom You expect to call as a witness in this Action (including fact and expert witnesses and deposition, hearing, or trial witnesses).

**RESPONSE TO RFP NO. 24**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it seeks information protected by attorney client privilege or the attorney work product doctrine. BMW also objects to this request as premature to the extent that it seeks expert discovery before the time for expert discovery set forth in the Scheduling Order (D.I. 119 ).

Subject to the foregoing general and specific objections, BMW will produce relevant, responsive, and non-privileged documents within its possession, custody, and control at the appropriate time in accordance with this Court's Scheduling Order.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 25**

All documents that have been disclosed to or provided to any person You retain in connection with this Action, or to any fact or expert witness.

**RESPONSE TO RFP NO. 25**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it seeks information protected by attorney client privilege or the attorney work product doctrine. BMW also objects to this request as premature to the extent that it seeks expert discovery before the time for expert discovery set forth in the Scheduling Order (D.I. 119 ).

[redacted]



Subject to the foregoing general and specific objections, BMW will produce relevant, responsive, and non-privileged documents within its possession, custody, and control at the appropriate time in accordance with this Court's Scheduling Order.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 26**

All documents that relate to your responses to any Request served upon you by Carrum in this litigation, including documents that are referenced in a response, were reviewed for the purpose of drafting a response, or that support or form the basis for a response.

**RESPONSE TO RFP NO. 26**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it seeks information protected by attorney client privilege or the attorney work product doctrine. BMW also objects to this request as vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence at least regarding the scope of the term "relate to."

Subject to the foregoing general and specific objections, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 27**

All documents upon which you intend to rely at trial or at any hearing.

[redacted]



**RESPONSE TO RFP NO. 27**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it seeks information protected by attorney client privilege or the attorney work product doctrine. BMW also objects to this request as premature to the extent that it seeks expert discovery before the time for expert discovery set forth in the Scheduling Order (D.I. 119 ).

Subject to the foregoing general and specific objections, BMW will produce relevant, responsive, and non-privileged documents within its possession, custody, and control at the appropriate time in accordance with this Court's Scheduling Order.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 28**

All agreements relating to the development and/or manufacture of the Accused Products, including but not limited to, any manufacturing agreement(s), supply agreements(s), development agreement(s), joint venture agreement(s), partnership agreement(s) or consulting agreement(s).

**RESPONSE TO RFP NO. 28**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it seeks information protected by attorney client privilege or the attorney work product doctrine. BMW also objects to this request to the extent that it seeks documents protected from production by a Protective Order entered in another case. BMW further objects to this request to the extent that it seeks documents not within the possession, custody, or control of BMW. BMW also objects to this request as vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence at least regarding the scope of the term "relate to." BMW further

[redacted]



objects to this Request because it seeks irrelevant information to the extent it seeks information on entire BMW vehicles as opposed to only the accused functionality or systems.

Subject to the foregoing general and specific objections, BMW will produce relevant, responsive, and non-privileged documents within its possession, custody, and control. BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 29**

Documents and materials created by you (or by any third party on your behalf) promoting and/or marketing the Accused Products and/or touting the products' capabilities, features, price or design, including any such materials relating to any vehicles containing any such Accused Products that refer or relate to ACC.

**RESPONSE TO RFP NO. 29**

In addition to the General Objections stated above, BMW objects to this Request as vague, to the extent that "promoting" and "touting" are vague and undefined terms. BMW also objects to this Request to the extent that it seeks information not within the possession, custody, or control of BMW. BMW further objects to this Request because it seeks irrelevant information to the extent it seeks information on entire BMW vehicles as opposed to only the accused functionality or systems.

Subject to the foregoing general and specific objections, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

[redacted]



BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 30**

All documents sufficient to identify any intellectual property rights relating to any Accused Product, which refer or relate to ACC.

**RESPONSE TO RFP NO. 30**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it seeks information protected by attorney client privilege or the attorney work product doctrine. BMW further objects to this request to the extent that it seeks documents not within the possession, custody, or control of BMW.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has not been able to locate any non-privileged documents responsive to this Request.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 31**

Documents and/or drafts of documents that constitute, describe, refer, or relate to Your business plans, forecasts or budgets regarding expected sales of the Accused Products, and any vehicles containing any such Accused Products, from October 23, 2012 to present.

**RESPONSE TO RFP NO. 31**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence to the

[redacted]



extent that it seeks forecasts of expected sales not relevant to any claim or defense. BMW further objects to this request to the extent that it seeks documents not within the possession, custody, or control of BMW.

Subject to the foregoing general and specific objections, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 32**

Documents and/or drafts of documents that constitute, describe, refer, or relate to Your pricing of the Accused Products, and any vehicles containing any such Accused Products, from at least 2012 to present.

**RESPONSE TO RFP NO. 32**

In addition to the General Objections stated above, BMW objects to this Request as vague to the extent that "constitute" is a vague an undefined term, especially in connection to the request for "drafts of documents that constitute . . . pricing of the Accused Products." BMW further objects to this request to the extent that it seeks documents not within the possession, custody, or control of BMW. BMW further objects to this Request because it seeks irrelevant information to the extent it seeks pricing information on entire BMW vehicles as opposed to only the accused functionality or systems.

Subject to the foregoing general and specific objections, has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 33**

All of Your press releases that describe, refer or relate to the Accused Products.

**RESPONSE TO RFP NO. 33**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence to the extent that it seeks all press releases that "refer or relate to the Accused Products," without reference to the subject matter or time period of the press releases. BMW further objects to this request to the extent that it seeks public documents equally accessible to Plaintiff as to BMW.

Subject to the foregoing general and specific objections, has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 34**

Documents concerning the level of ordinary skill in the art applicable to the Carrum Patents.

**RESPONSE TO RFP NO. 34**

In addition to the General Objections stated above, BMW objects to this Request as premature to the extent that it seeks information before it is due under the Court's Scheduling Order (D.I. 119 ). BMW further objects to this Request to the extent that it prematurely seeks

[redacted]



expert discovery before the time set forth for expert discovery under the Scheduling Order entered by the Court (D.I. 119 ).

Subject to the foregoing general and specific objections, BMW will produce relevant, responsive, and non-privileged documents within its possession, custody, and control at the appropriate time in accordance with this Court's Scheduling Order.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 35**

Documents concerning the construction of any claim, claim limitation, claim term or phrase used in any claim of the Carrum Patents.

**RESPONSE TO RFP NO. 35**

In addition to the General Objections stated above, BMW objects to this Request as premature to the extent that it seeks information before it is due under the Court's Scheduling Order (D.I. 119 ). BMW further objects to this Request to the extent that it prematurely seeks expert discovery before the time set forth for expert discovery under the Scheduling Order entered by the Court (D.I. 119 ). BMW further objects to this Request to the extent that it seeks information protected by attorney client privilege or the attorney work product doctrine.

Subject to the foregoing general and specific objections, BMW will produce relevant, responsive, and non-privileged documents within its possession, custody, and control at the appropriate time in accordance with this Court's Scheduling Order.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 36**

Documents concerning any non-privileged communications between You and anyone that discuss or refer to this lawsuit.

**RESPONSE TO RFP NO. 36**

In addition to the General Objections stated above, BMW objects to this Request as facially vague, overbroad, unduly burdensome and unlikely to lead to the discovery of admissible evidence as seeking any document "concerning any non-privileged communications . . . that discuss or refer to this lawsuit." BMW further objects to this Request to the extent that it seeks information protected by attorney client privilege or the attorney work product doctrine. BMW further objects to this request to the extent that it seeks documents not within the possession, custody, or control of BMW.

Subject to the foregoing general and specific objections, BMW will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 37**

Documents concerning your policies, practices and procedures for retention and destruction of documents.

[redacted]



**RESPONSE TO RFP NO. 37**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it seeks information protected by attorney client privilege or the attorney work product doctrine. BMW objects to this Request as unlikely to lead to the discovery of admissible evidence as being unrelated to any claim or defense raised in these proceedings.

Subject to the foregoing general and specific objections, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 38**

Documents concerning secondary considerations or other evidence of non-obviousness (e.g., commercial success, long-felt need, commercial acquiescence, expression of skepticism, copying, teaching away successful or failed attempts by others, or simultaneous development) concerning the Carrum Patents, including any documents that you contend rebut or refute secondary considerations of non-obviousness.

**RESPONSE TO RFP NO. 38**

In addition to the General Objections stated above, BMW objects to this Request as premature to the extent that it seeks information before it is due under the Court's Scheduling Order (D.I. 119 ). BMW further objects to this Request to the extent that it prematurely seeks expert discovery before the time set forth for expert discovery under the Scheduling Order entered by the Court (D.I. 119 ).

[redacted]



Subject to the foregoing general and specific objections, BMW will produce relevant, responsive, and non-privileged documents within its possession, custody, and control at the appropriate time in accordance with this Court's Scheduling Order.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 39**

Documents sufficient to show your organization structure, including, but not limited to, organization charts, flow charts and personnel directories.

**RESPONSE TO RFP NO. 39**

In addition to the General Objections stated above, BMW objects to this Request as unlikely to lead to the discovery of admissible evidence as being unrelated to any claim or defense raised in these proceedings.

Subject to the foregoing general and specific objections, BMW is willing to meet and confer with Carrum to determine the scope of any properly discoverable information responsive to this Request.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 40**

All documents concerning your communications or relationship with Unified Patents, including any membership or subscription You have to any service offered by Unified Patents, any

[redacted]



payments made by You to Unified Patents, and any communications between You and Unified relating to the Carrum Patents or to IPR2019-00481.

**RESPONSE TO RFP NO. 40**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it seeks information protected by attorney client privilege or the attorney work product doctrine. BMW further objects to this request to the extent that it seeks documents not within the possession, custody, or control of BMW.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has not been able to locate any non-privileged documents responsive to this Request.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 41**

All documents relating to any decision about whether to obtain any legal advice or opinion relating to the Carrum Patents.

**RESPONSE TO RFP NO. 41**

In addition to the General Objections stated above, BMW objects to this Request as calling for information protected by attorney client privilege or the attorney work product doctrine. BMW further objects to this Request as unlikely to lead to the discovery of admissible evidence as being unrelated to any claim or defense raised in these proceedings. BMW also objects to this Request to the extent that it seeks documents not within the possession, custody, or control of BMW.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has not been able to locate any non-privileged documents responsive to this Request.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 42**

All documents received from third parties in response to any subpoena served in this case.

**RESPONSE TO RFP NO. 42**

In addition to the General Objections stated above, BMW objects to this Request as calling for information protected by attorney client privilege or the attorney work product doctrine. BMW further objects to this Request as seeking documents already within the possession, custody, or control of the Plaintiff. BMW also objects to this Request to the extent that it seeks documents not within the possession, custody, or control of BMW.

Subject to the foregoing general and specific objections, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 43**

All documents concerning the value of the Accused Products or ACC.

[redacted]



**RESPONSE TO RFP NO. 43**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, unduly burdensome and unlikely to lead to the discovery of admissible evidence to the extent that it seeks "all documents concerning the value of . . . ACC," without reference to time period or relationship to these proceedings. BMW further objects to this Request to the extent that it seeks documents not within the possession, custody, or control of BMW. BMW further objects to this Request because it seeks irrelevant information to the extent it seeks information on the value of entire BMW vehicles as opposed to only the accused functionality or systems.

Subject to the foregoing general and specific objections, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 44**

All documents concerning any market or industry report regarding ACC.

**RESPONSE TO RFP NO. 44**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, unduly burdensome and unlikely to lead to the discovery of admissible evidence to the extent that it seeks "all documents concerning any market or industry report regarding ACC," without reference to time period or relationship to these proceedings. BMW further objects to this Request to the extent that it seeks documents not within the possession, custody, or control of BMW.

[redacted]



Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has not been able to locate any non-privileged documents responsive to this Request.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 45**

All documents concerning any consumer surveys, internal or third party, regarding ACC.

**RESPONSE TO RFP NO. 45**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, unduly burdensome and unlikely to lead to the discovery of admissible evidence to the extent that it seeks "all documents concerning any consumer surveys, internal or third party, regarding ACC," without reference to time period or relationship to these proceedings. BMW further objects to this Request to the extent that it seeks documents not within the possession, custody, or control of BMW.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has not been able to locate any non-privileged documents responsive to this Request.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 46**

All documents concerning your licensing policies, both outbound and inbound.

[redacted]



**RESPONSE TO RFP NO. 46**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it requests information protected by attorney client privilege or the attorney work product doctrine. BMW also objects to this request as not relevant to any claim or defense or likely to lead to the discovery of admissible evidence.

Subject to the foregoing general and specific objections, BMW is willing to meet and confer with Carrum to determine the scope of any properly discoverable information responsive to this Request.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 47**

All licenses (i) relating to the Accused Products or (ii) that you contend are comparable for purposes of calculating damages in this case.

**RESPONSE TO RFP NO. 47**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it requests information protected by attorney client privilege or the attorney work product doctrine. BMW further objects to this Request to the extent that it seeks documents not within the possession, custody, or control of BMW.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has not been able to locate any non-privileged documents responsive to this Request.

[redacted]



BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 48**

All documents concerning, referring, or relating any admission by Plaintiff that you have, may, or will rely on in this case.

**RESPONSE TO RFP NO. 48**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it requests information protected by attorney client privilege or the attorney work product doctrine. BMW further objects to this Request to the extent that it seeks documents already within the possession, custody, or control of the Plaintiff. BMW also objects to this Request as premature to the extent that it seeks information before it is due under the Court's Scheduling Order (D.I. 119 ). BMW further objects to this Request to the extent that it prematurely seeks expert discovery before the time set forth for expert discovery under the Scheduling Order entered by the Court (D.I. 119 ).

Subject to the foregoing general and specific objections, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

[redacted]



**RFP NO. 49**

All documents concerning, referring, or relating to any non-infringing alternatives you have attempted or considered for the Accused Products or will rely on in this case.

**RESPONSE TO RFP NO. 49**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it requests information protected by attorney client privilege or the attorney work product doctrine. BMW further objects to this Request to the extent that it seeks documents not within the possession, custody, or control of BMW. BMW also objects to this Request as premature to the extent that it seeks information before it is due under the Court's Scheduling Order (D.I. 119 ). BMW further objects to this Request to the extent that it prematurely seeks expert discovery before the time set forth for expert discovery under the Scheduling Order entered by the Court (D.I. 119 ).

Subject to the foregoing general and specific objections, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 50**

All reports given to any of your directors, officers and/or other executives concerning ACC.

**RESPONSE TO RFP NO. 50**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, unduly burdensome, and not likely to lead to the discovery admissible evidence as requesting "all reports given to any of your directors" without being limited to a relevant time

[redacted]



period. BMW further objects to this Request to the extent that it requests information protected by attorney client privilege or the attorney work product doctrine. BMW also objects to this Request to the extent that it seeks documents not within the possession, custody, or control of BMW.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has not been able to locate any non-privileged documents responsive to this Request.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 51**

All documents you have, may, or will rely on for purposes of non-infringement in this case.

**RESPONSE TO RFP NO. 51**

In addition to the General Objections stated above, BMW objects to this Request to the extent that it requests information protected by attorney client privilege or the attorney work product doctrine. BMW further objects to this Request as premature to the extent that it seeks information before it is due under the Court's Scheduling Order (D.I. 119 ). BMW also objects to this Request to the extent that it prematurely seeks expert discovery before the time set forth for expert discovery under the Scheduling Order entered by the Court (D.I. 119 ).

Subject to the foregoing general and specific objections, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control at the appropriate time in accordance with this Court's Scheduling Order.

[redacted]

**SUBJECT TO PROTECTIVE ORDER**

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

*/s/ Christine D. Haynes*
Frederick L. Cottrell, III (#2555)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, PA
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
haynes@rlf.com

*Attorneys for Defendants*

OF COUNSEL:

Lionel M. Lavenue
Deanna C. Smiley
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
1875 Explorer Street, Suite 800
Reston, VA 20190

Forrest A. Jones
Joseph M. Myles
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue NW
Washington, DC 20001-4413

DATED: May 10, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 10, 2023, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY E-MAIL**

Brian E. Farnan
Michael J. Farnan
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801

**BY E-MAIL**

John M. Hughes
Andrew C. Baak
Daniel R. Brody
Jason Murray
Rebecca T. Horwitz
Meg Fasulo
Taylor Kelson
BARTLIT BECK LLP
1801 Wewatta Street, Ste. 1200
Denver, CO 80202

Mark L. Levine
BARTLIT BECK LLP
Courthouse Place
54 West Hubbard Street
Chicago, IL 60654

Andrew R. Graben
HILGERS GRABEN PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, TX 75230

Trenton D. Tanner
HILGERS GRABEN PLLC
1320 Lincoln Mall, Suite 200
Lincoln, NE 68508

John Vivian
HILGERS GRABEN PLLC
601 Pennsylvania Avenue, NW
South Building, Suite 900
Washington, DC 20004

*_/s/ Christine D. Haynes_*
Christine D. Haynes (#4697)
haynes@rlf.com

# EXHIBIT B

**Subject:** RE: Carrum v BMW discovery meet and confer summary
**Date:** Tuesday, July 25, 2023 at 14:18:14 Mountain Daylight Time
**From:** Trent Tanner
**To:** Smiley, Deanna, Jason Murray, Fulton, Amy
**CC:** Lavenue, Lionel, Myles, Joseph, EXT- Cottrell, Fred, Jones, Forrest, Cassady, R. Benjamin, Haynes, Christine D., Metzler, Sara M., Mailing List - Smartcar, Michael J. Farnan, Brian Farnan
**Attachments:** image002.png, image001.jpg

**Caution: External Message**

Deanna –

See our responses below in red. We are available to meet and confer most of the day tomorrow and Thursday. Please provide us a couple of times that work on your end and we can send an invite.

Trent Tanner
HILGERS GRABEN PLLC
www.hilgersgraben.com
(402) 260-1391 (direct) | (480) 334-7296 (cell)
Bio | LinkedIn

---

**From:** Smiley, Deanna <Deanna.Smiley@finnegan.com>
**Sent:** Friday, July 21, 2023 10:32 AM
**To:** Trent Tanner <ttanner@hilgersgraben.com>; Jason Murray <jason.murray@bartlitbeck.com>; Fulton, Amy <Amy.Fulton@finnegan.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; EXT-Cottrell, Fred <cottrell@rlf.com>; Jones, Forrest <Forrest.Jones@finnegan.com>; Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>; Haynes, Christine D. <haynes@rlf.com>; Metzler, Sara M. <Metzler@rlf.com>; Mailing List - Smartcar <smartcar@bartlit-beck.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** RE: Carrum v BMW discovery meet and confer summary

**External Email - Do not open suspicious attachments or links from known or unknown senders.**

Trent,

Please see our responses to your comments below:

1. Section 3.6(o) of the protective order does not bind BMW AG to make source code available in the United States and section 3.6(e) states that source code located outside of the United States shall be made available for inspection "at a mutually agreed upon location." As the source code is located in Germany, there are several GDPR concerns with making the source code available for inspection in the United States. Therefore, BMW will make its source code available for review at Finnegan's office in Munich, Germany. BMW will provide source code for its current BMW models. This source code will be ready for review in about two weeks. BMW will also provide source code for previous BMW models. This source code will be ready for review in about 2 months.

   First, we think it is very likely that BMW's US-based engineers must have some way to

access or view the relevant code without having to travel to Germany. Please confirm whether and how BMW's U.S.-based engineers are able to view the code for the accused vehicles. Additionally, public records show that BMW manufactures many of the accused vehicles at its Spartanburg facility in South Carolina. In order to do so, BMW certainly has to have the source code available at the SC plant in order to flash it onto the accused vehicles.

In any case, it is unnecessary and inappropriate to require Carrum to travel to Germany to view the relevant source code. Like the other BMW defendants here, BMW AG has chosen to do business in the US (and to sell vehicles in the US that arguably infringe Carrum's patents). BMW is therefore subject to discovery like any other litigant in US courts. Thus, BMW should make the relevant source code available for inspection at a mutually agreeable location in the US. **Please let us know by the end of this week if BMW continues to refuse to do so, so that we may bring a motion to compel for the court's consideration.**

In addition, you have not addressed our request under section 3.6(p) of the protective order for a source code manifest. Please confirm you will provide one and let us know when we can expect to receive it.

2. BMW will substantially complete its production by December 1, 2023, as required by the updated scheduling order. D.I. 119 at 3.

   We asked not only for BMW's substantial completion timing but also for a date when we can expect to receive more documents from BMW. Besides BMW's relatively small production of core technical documents, we have received few, if any, additional documents. It is improper for BMW to simply wait until December 1, 2023, or any date shortly before then, to make the bulk of its documents productions. (It is also improper for BMW to criticize Carrum's preliminary infringement contentions given that BMW still has not provided many of the documents we have asked for, including especially its source code.) So, again, please tell us when we can expect to receive BMW's next meaningful production of documents. Additionally, please confirm that BMW will make rolling productions between now and the substantial completion deadline.

3. We have received additional materials that we are using to supplement our response to Interrogatory No. 11. We will provide this updated response next week.

4. BMW is willing to provide additional cost data, but we would like to have a meet and confer to determine what type of information Carrum is looking for. Please let us know of your availability.

5. BMW will provide the names of additional individuals to be whitelisted. We will provide these names shortly.

Additionally, we have identified the following deficiencies in discovery received from Carrum:

1. On June 23, 2023 Carrum provided supplemental responses to Interrogatory Nos. 2, 3, 6, 7, and 8. BMW appreciates that Carrum provided some of the information requested during our previous meet and confer. BMW is still considering Carrum's responses to Interrogatory Nos. 2, 3, and 7. However, Carrum's interrogatory responses related to marking remain deficient to the extent Carrum intends to pursue pre-suit damages.

   **Interrogatory No. 6** generally requests information relating to Plaintiff's efforts and enforcement relating to the marking of Plaintiff and/or licensee products practicing the Asserted Patents in compliance with 35 U.S.C. § 287. In response, Carrum does not provide a response sufficient to meet its burden of proving it has complied with the marking statute.

"The burden of proving compliance with marking is and at all times remains on the patentee." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1367 (Fed. Cir. 2017). Although Carrum does not make any products, "[s]ection 287 applies to all 'persons' who make or sell 'for or under' the authority of the patentee and thus applies to authorizations by patentee of other persons to make and sell patented articles regardless of the particular form these authorizations may take and regardless of whether the authorizations are 'settlement agreements,' 'covenants not to sue' or 'licenses.'" *In re Yarn Processing Patent Validity Litig. (No. II)*, 602 F. Supp. 159, 169 (W.D. N.C. 1984). "Even if a plaintiff patentee doesn't make or sell anything, it cannot recover pre-suit damages (absent providing notice) if a prior owner of the patent failed to mark its products covered by the patent." *Innovative Memory Sys., Inc. v. Micron Tech., Inc.*, No. CV 14-1480-RGA, 2022 WL 4548644, at *14 (D. Del. Sept. 29, 2022). Where third parties are involved, the burden is upon the patentee to prove that it made reasonable efforts to ensure compliance with the marking requirements. *Artic Cat*, 876 F.3d at 1366.

"Because the marking requirement of § 287 is a condition of damages, not an affirmative defense, the patentee bears the burden of proving compliance, either by showing that the relevant products were marked or by showing that they did not practice the patent." *Innovative Memory Sys.* at *14 (citing *Arctic Cat* at 1367). "However, to give reasonable boundaries to the patentee's burden of proof, the Federal Circuit has imposed a limited initial burden on accused infringers: they must identify the articles sold that allegedly embody the patents." *Id.* (citing *Artic Cat* at 1368). "The accused infringer's burden is not a burden of proof or persuasion; it is merely a procedural burden to provide notice of the identity of products that it believes required marking. *Id.* ('To be clear, this is a low bar.')." *Id.*

Because Plaintiff has the burden of proof on this issue, in order to avoid summary judgment, it must point to evidence in the record from which a jury might find that the products identified by BMW do not embody the Asserted Patents. *Id.* at *15 (citing *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) ("[W]here a non-moving party fails sufficiently to establish the existence of an essential element of its case on which it bears the burden of proof at trial, there is not a genuine dispute with respect to a material fact and thus the moving party is entitled to judgment as a matter of law.")). As found in *Innovative Memory Sys.*, Carrum cannot relieve its burden by merely claiming there is no evidence that that the products meet the requirements of the asserted patents.

In its supplemental response to Interrogatory No. 6, Carrum now argues:

1. "Carrum is currently unaware of any licensed vehicles – including any of those identified above by BMW – that practice the Asserted Patents and that are not marked with the Asserted Patents."
2. "None of the GM vehicles identified above [in the list of vehicles identified by BMW] are licensed."
3. "The Aptiv/Delphi license referenced in BMW's response to Carrum's Common Interrogatory No. 10 extends to Aptiv's OEM customers only if the product is a 'Covered Product.' Fact discovery is ongoing. However, Carrum believes that Aptiv does not supply lateral acceleration sensors to GM."
4. "Additionally, Aptiv's adaptive cruise control products cannot reduce vehicle speed until they are integrated with other vehicle systems such as the braking module. For that reason, Aptiv does not supply 'Covered Products' to GM in connection with Carrum's patents."
5. [redacted]

Regarding bullet points A and B, as the patent holder and prior patent broker of the Asserted Patents, Carrum is the party in possession of the documentary evidence relating to which parties hold licenses to the Asserted Patents. Carrum cannot shift the burden of evidence onto BMW by merely providing vague statements regarding its "current awareness" or which vehicles are not licensed without any evidentiary support. As noted in BMW's response to Carrum Interrogatory No. 10, based on the limited documents Carrum has not decided to withhold as privilege, it appears that Carrum has information regarding licenses that encumbered the Asserted Patents prior to Carrum's ownership of the patents:

[redacted]

[redacted]

[redacted]

Carrum's withheld knowledge of licensors to the Asserted Patents, including the terms of those agreements, is further supported by many entries in Carrum's privilege log. *See e.g.* Entry Nos. 2 and 3, email subject "encumbrance list for Pratima"; Entry No. 60, email subject "[ID] Automotive & CIS Portfolio Encumbrances." To the extent Carrum has documents or information regarding parties holding an interest in the Asserted Patents that Carrum has not disclosed, BMW is entitled to this information, including in response to this interrogatory (as well as others). For instance, Carrum has provided no evidentiary support for the statement "[n]one of the vehicles identified above are licensed." To the extent Carrum hopes to survive summary judgment relating to marking, Carrum is required to provide this support.

With respect to the statements in bullet points C and D, Carrum has also failed to provide any evidentiary support for its statements. First, Carrum attempts to interpret the Aptiv/Delphi license with no specific support despite having this license in its possession. Carrum is required to supplement its response to explain its position with respect to the Aptiv license. Carrum then provides blanket statements regarding how Aptiv products work without any support. Carrum is also

required to supplement its response to include this support, including citations to documentary evidence.

With respect to the statement in bullet point E, as noted in the caselaw above, Carrum cannot survive summary judgment relating to § 287 without meeting its evidentiary burden of proof that Hyundai and Kia vehicles do not practice the Asserted Patents. Carrum must point to evidence in the record from which a jury might find that the Hyundai and Kia vehicles do not embody the Asserted Patents. *Innovative Memory Sys.* at *15. Please confirm when Carrum will supplement its response to meet Carrum's evidentiary burden or confirm that Carrum is not seeking pre-suit damages against BMW. We have provided all documents and information currently in Carrum's possession, custody, or control, that are responsive to these requests. If Carrum later obtains additional responsive information, we will provide it.

**Interrogatory No. 8** relates to commercial embodiments of the Asserted Patents and the facts surrounding whether these products are or have been marked with the Asserted Patents.

Carrum's supplemental response to Interrogatory No. 8 in relevant part states, "Carrum is currently unaware of any commercial embodiments of the Asserted Patents made, offered for sale, or sold within the United States by any assignee, owner, or licensee of the Asserted Patents."

Although Carrum's supplemental response is technically responsive to Interrogatory No. 8, it again fails to meet Carrum's burden of pleading and proving compliance with § 287 for the reasons described above. To the extent Carrum maintains the position that it is entitled to any pre-suit damages, please confirm when BMW can expect a supplemental response to Interrogatory Nos. 6 and 8.

1. Carrum's supplemental response to Interrogatory No. 3 states in part:

[redacted]

Please confirm that Carrum is not withholding documents in the possession of Pratima, Nuribit, or Mr. Yoon on the grounds that they are not in the possession, custody and control of Carrum. We are not withholding any documents or information on these grounds.

1. Request for Production

**RFP No. 4**: requests all Documents and Communications referring to or referencing any of the Asserted Patents.

In our previous correspondence, Carrum stated:

We stand on our objection here. This request is substantially overbroad. Information broadly related to the two asserted patents can include a host of information that is not in any way relevant to issues in the case, including communications that are purely about obtaining funding for litigating the patents (and that do not include other relevant information), communications with counsel regarding the patents, documents that relate to potential infringement by other defendants, and more. In addition, it is not clear to us what relevant material BMW believes would be covered by this RFP that is not already covered by BMW's many other more narrow RFPs related to the asserted patents. Finally, it is not Carrum's burden to log documents it plans to withhold in response to an improper and overbroad RFP. It is BMW's burden to draft appropriate RFPs in the first place. As our discovery

responses indicate, we are producing responsive and non-privileged documents in response to a host of BMW's specific RFPs concerning the asserted patents, and we believe those RFPs more than cover the universe of relevant material here. If BMW can propose a narrower formulation of this RFP that is targeted to relevant material, we will consider it.

BMW is willing to limit this RFP to exclude:

1. information purely about litigation funding (e.g. that does not substantively address the asserted patents, whether in the context of a valuation or otherwise)
2. documents relating to the potential infringement by other defendants

BMW is unable to agree with the position that "communications with counsel regarding the patents" are not relevant as a blanket rule given that this is too broad in scope and likely contains information that is, in fact, relevant to litigation including but not limited to information that may not be privileged.

Please confirm whether Carrum has produced or logged all relevant documents outside categories (a) and (b) or whether Carrum commits to do so prior to the completion of document discovery. It is not clear what you are referring to by "categories (a) and (b)." In any case, we are happy to meet and confer further about this request, but our position, as of now, still stands: this RFP is overbroad.

**RFP No. 37** requests Documents relating to the alleged knowledge of Defendant of any of the Asserted Patents prior to the filing of the Complaint in this action.

Carrum confirmed during our previous meet and confer that it would revisit this request and look for responsive documents. Please confirm that Carrum has done so or will do so prior to the close of document discovery. We will do so before the close of document discovery.

**RFP No. 57** requests All Documents and Communications concerning the marking of products in accordance with 35 U.S.C. §287 with the Asserted Patents including by Samsung Electronics, LG Electronics, Hyundai Motors, Kia Motors, and/or GM.

In response, Carrum objects to this RFP "because Defendants have the initial burden to 'articulate the products it believes are unmarked 'patented articles' subject to §287.'" Carrum further objects because "Defendants have not identified any other products [beyond those listed in BMW's response to Carrum's Interrogatory No. 10] they contend are unmarked patented articles, including any products from LG Electronics or Samsun [sic] Electronics."

Without delving into all of the reasons Carrum has misinterpreted *Artic Cat* and the requirements of §287 in its response to RFP No. 57, BMW notes most importantly that nowhere within *Artic Cat* is discovery regarding the marking of products barred without BMW first identifying products that require marking. *Artic Cat* is a case about the burdens of each party related to proving whether §287 has been complied with, not any barriers to seeking discovery.

Nonetheless, BMW understands the following statement to mean that Carrum will produce the requested documents to the extent they are in Carrum's possession, custody or control:

> Carrum states that it has no nonprivileged documents responsive to this request. Nevertheless, fact discovery is ongoing. If Carrum later obtains or identifies non-privileged documents in its possession, custody, or control, that are responsive to this request, Carrum will produce them.

If BMW is incorrect in this understanding, please let us know.

1. Carrum has not produced any deposition transcripts or expert reports from the related Ford and FCA litigations. Given that the claims, defenses and asserted patents in those matters largely mirror the issues here, these reports are highly relevant to this litigation and responsive to BMW's RFPs. *See e.g.* RFPs 3-19. Please confirm that Carrum will provide the deposition transcripts of Carrum's experts, any Carrum 30(b)(6) or 30(b)(1) witness, and any third-party that was deposed.

   The deposition transcripts for Carrum's experts and for any third-party depositions have been designated as confidential (or highly confidential) under the protective order because they contain (or arguably contain) confidential information belonging to Ford, FCA, or other third parties. Unless you obtain the other parties' consent or a court order, we cannot produce such materials to you. However, we will agree to produce transcripts from the deposition of any Carrum 30(b)(6) or 30(b)(1) witness, after we confirm such transcripts do not contain any information designated as confidential belonging to any third party.

Thanks,
Deanna

**Deanna Smiley**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
1875 Explorer Street, Suite 800, Reston, VA 20190-6023
+1 571 203 2717 | fax +1 202 408 4400 | deanna.smiley@finnegan.com | www.finnegan.com

FINNEGAN

**From:** Smiley, Deanna
**Sent:** Friday, July 14, 2023 4:24 PM
**To:** Trent Tanner <ttanner@hilgersgraben.com>; Jason Murray <jason.murray@bartlitbeck.com>; Fulton, Amy <Amy.Fulton@finnegan.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; EXT-Cottrell, Fred <cottrell@rlf.com>; Jones, Forrest <Forrest.Jones@finnegan.com>; Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>; Haynes, Christine D. <haynes@rlf.com>; Metzler, Sara M. <Metzler@rlf.com>; Mailing List - Smartcar <smartcar@bartlit-beck.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** RE: Carrum v BMW discovery meet and confer summary

Trent,

We have received your email, which we are reviewing, and we will respond shortly.

Thanks,
Deanna

**Deanna Smiley**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
1875 Explorer Street, Suite 800, Reston, VA 20190-6023
+1 571 203 2717 | fax +1 202 408 4400 | deanna.smiley@finnegan.com | www.finnegan.com

FINNEGAN

**From:** Trent Tanner <ttanner@hilgersgraben.com>
**Sent:** Thursday, July 13, 2023 6:41 PM
**To:** Smiley, Deanna <Deanna.Smiley@finnegan.com>; Jason Murray <jason.murray@bartlitbeck.com>; Fulton, Amy <Amy.Fulton@finnegan.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; EXT-Cottrell, Fred <cottrell@rlf.com>; Jones, Forrest <Forrest.Jones@finnegan.com>; Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>; Haynes, Christine D. <haynes@rlf.com>; Metzler, Sara M. <Metzler@rlf.com>; Mailing List - Smartcar <smartcar@bartlit-beck.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** RE: Carrum v BMW discovery meet and confer summary

***EXTERNAL*** **Email:**

Deanna –

We have a number of issues to follow up on. At least so we can discuss the parameters of the source code review, it would be helpful to have a call to meet and confer. Please let us know your availability over the next few business days.

1. We would like to arrange for the inspection of BMW's relevant source code. Per section 3.6(o) of the protective order, can you please let us know where in the United States you would propose to have the inspection take place, and how soon can you make the code available for inspection?
    1. In addition, pursuant to section 3.6(p) of the protective order, please provide us a description or manifest of the contents of the source code that you intend to make available for inspection so that we can assess the reasonableness of what BMW intends to make available.
2. Other than BMW's core technical documents, we have received few, if any, additional document productions from you. Can you please provide a firm date by which we can expect to receive additional documents, as well as the date by which BMW expects to substantially complete its productions?

3. Please let us know when we should expect to receive a supplemental response to ROG 11 showing sales figures for BMW's various make/model/trim combinations for the relevant time period. It has been well over a month since our telephone meet-and-confer in which you committed to providing this information.

4. Please provide an update regarding our request for cost data, raised in Jason's email dated June 22. [redacted] This information is responsive at least to Carrum's RFP Nos. 20, 21, and 22.

5. In your email dated June 21, you indicated your agreement with our proposal for identifying additional relevant custodians to be "whitelisted" for purposes of GDPR redactions. We still have not received the names of these additional custodians from you. Please let us know where this effort stands as soon as possible.

We look forward to hearing from you soon.

Trent Tanner
HILGERS GRABEN PLLC
www.hilgersgraben.com
(402) 260-1391 (direct) | (480) 334-7296 (cell)
Bio | LinkedIn

---

**From:** Smiley, Deanna <Deanna.Smiley@finnegan.com>
**Sent:** Friday, June 23, 2023 3:57 PM
**To:** Jason Murray <jason.murray@bartlitbeck.com>; Fulton, Amy <Amy.Fulton@finnegan.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; EXT-Cottrell, Fred <cottrell@rlf.com>; Jones, Forrest <Forrest.Jones@finnegan.com>; Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>; Haynes, Christine D. <haynes@rlf.com>; Metzler, Sara M. <Metzler@rlf.com>; Mailing List - Smartcar <smartcar@bartlit-beck.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** RE: Carrum v BMW discovery meet and confer summary

**External Email - Do not open suspicious attachments or links from known or unknown senders.**

Jason,

First, regarding source code, we confirm that BMW has access to source code that it has developed, and this source code is located in Germany.

Second, in response to your requests regarding Interrogatory No. 8, we are considering your request and will discuss with our client. We will follow up once we've determined what is feasible and proportional to the needs of the case. But, we note that no discovery request asks for "the cost BMW incurred in acquiring these parts at scale during manufacturing of the fleet." If Carrum disagrees, please indicate where this was requested.

Further, during our meet and confer, we said we would supplement our response to Interrogatory No. 11, not that we would be providing a supplemental production. In any case, we are working to update this response as soon as possible but the requests ask for sales information covering more than 10 years and over a hundred vehicle model types, so it is taking some time to compile the information, but we will provide a supplemental response shortly.

Please confirm when Carrum will be serving its privilege log.

Best,
Deanna

**Deanna Smiley**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
1875 Explorer Street, Suite 800, Reston, VA 20190-6023
+1 571 203 2717 | fax +1 202 408 4400 | deanna.smiley@finnegan.com | www.finnegan.com

FINNEGAN

**From:** Jason Murray <jason.murray@bartlitbeck.com>
**Sent:** Thursday, June 22, 2023 12:50 PM
**To:** Smiley, Deanna <Deanna.Smiley@finnegan.com>; Fulton, Amy <Amy.Fulton@finnegan.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; EXT-Cottrell, Fred <cottrell@rlf.com>; Jones, Forrest <Forrest.Jones@finnegan.com>; Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>; Haynes, Christine D. <haynes@rlf.com>; Metzler, Sara M. <Metzler@rlf.com>; Mailing List - Smartcar <smartcar@bartlit-beck.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** RE: Carrum v BMW discovery meet and confer summary

***EXTERNAL*** **Email:**

Counsel,

Thank you for the response below. I am also writing to follow up on BMW's rog responses and productions concerning component cost and sales data.

[redacted] At our last meet-and-confer, you acknowledged that certain component cost and pricing data could be produced in an alternative format if necessary. Having reviewed the ETK system and the part and component

data therein, we believe that will be necessary. The ETK system includes a vast array of parts and components not related to this case, and where the parts and components are relevant, the system does not identify the supplier and/or the cost & pricing data. Manually reviewing each possible vehicle configuration to discern overlapping parts is a burden that could be easily obviated by a summary report that should be easily obtainable by BMW. For clarity, although the pricing data appeared blank in the ETK system, it was clear that even if it were populated, the price would relate to the cost to the individual dealer/mechanic for a replacement part, as opposed to the cost BMW incurred in acquiring these parts at scale during manufacturing of the fleet.

We believe that, to the extent that summary supplier and cost data is not kept in a unified format during the ordinary course, an administrator of the ETK system should be able to generate a summary report on the relevant parts and components. Carrum reserves all rights, but to the extent it aids in narrowing these requests and streamlining discovery, we propose starting with a summary report of the following components, the supplier of the components and/or subparts therein, and the cost to BMW for these components and/or subparts:

- The Adaptive Cruise Control system
- The Mid-Range Radar
- The Full-Range Radar
- The KaFas (Optical Sensor/Cameras)

Related to this, we discussed at our last meet-and-confer how BMW's interrogatory responses were deficient in providing aggregate sales data for each accused model, their various trim levels, package/option availability, and pricing for each. You mentioned in our last meet-and-confer that a supplemental production would provide MSRP data that may moot this concern. *First*, please provide an update on when we may expect that production. *Second*, we want to reiterate that this information (like the cost aspects mentioned in relation to ETK) is necessary for damages calculations, and as such, we are requesting more than the MSRP list prices of vehicles, but rather the actual volume of vehicles sold and the aggregate sales data for each accused model and its corresponding trim levels.

Thank you,
Jason

BartlitBeck LLP

JASON MURRAY | p: 303.592.3118 | c: 817.793.3568 | Jason.Murray@BartlitBeck.com | 1801 Wewatta Street, Ste. 1200, Denver, CO, 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Smiley, Deanna <Deanna.Smiley@finnegan.com>
**Sent:** Wednesday, June 21, 2023 5:21 PM
**To:** Jason Murray <jason.murray@bartlitbeck.com>; Fulton, Amy <Amy.Fulton@finnegan.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; EXT-Cottrell, Fred <cottrell@rlf.com>; Jones, Forrest <Forrest.Jones@finnegan.com>; Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>; Haynes, Christine D. <haynes@rlf.com>; Metzler, Sara M. <Metzler@rlf.com>; Mailing List - Smartcar <smartcar@bartlit-beck.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** RE: Carrum v BMW discovery meet and confer summary

**Caution: External Message**
Jason,

Thank you for confirming that Carrum will produce an updated log and supplemental interrogatory responses.

Further, we respond to each of your points below.

1. BMW will provide information regarding the location of relevant source code by the end of this week.
2. We generally agree with Carrum's proposal regarding GDPR redactions. We are working to identify additional individuals whose names appear on documents related to ACC systems and can be whitelisted. We are also in the process of obtaining additional names.
3. We are still collecting price information from BMW and will provide supplemental interrogatory responses shortly.

We look forward to receiving Carrum's updated log and supplemental responses.

Best,
Deanna

**Deanna Smiley**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
1875 Explorer Street, Suite 800, Reston, VA 20190-6023
+1 571 203 2717 | fax +1 202 408 4400 | deanna.smiley@finnegan.com | www.finnegan.com

FINNEGAN

---

**From:** Jason Murray <jason.murray@bartlitbeck.com>
**Sent:** Wednesday, June 21, 2023 12:26 PM
**To:** Fulton, Amy <Amy.Fulton@finnegan.com>

**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; EXT-Cottrell, Fred <cottrell@rlf.com>; Jones, Forrest <Forrest.Jones@finnegan.com>; Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>; Haynes, Christine D. <haynes@rlf.com>; Metzler, Sara M. <Metzler@rlf.com>; Smiley, Deanna <Deanna.Smiley@finnegan.com>; Mailing List - Smartcar <smartcar@bartlit-beck.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** RE: Carrum v BMW discovery meet and confer summary

***EXTERNAL*** **Email:**

Hi Amy,

We are following up on the deficiencies identified by Carrum below.

First, it has been several weeks and we still have not heard anything about the location of relevant source code, or which party possesses it. As we mentioned, we need this information promptly. Identifying this information should take a matter of hours for BMW, not weeks or months. And Carrum needs to know these answers promptly so it can evaluate the scope of any needed third-party discovery in this matter. Please provide this information by the end of this week, or explain why BMW cannot do so. If BMW cannot provide it by the end of the week, then provide times for a meet and confer early next week so we can go to the Court for relief.

Second, please let us know BMW's position on our proposal regarding the GDPR issues.

Finally, when can we expect to receive BMW's supplemental interrogatory responses?

On BMW's requests, without waiving Carrum's objection to relevance, Carrum will produce an updated privilege log which contains a log of responsive but privileged documents from prior to the filing of the complaint related to communications with litigation funders. Carrum is also finalizing some supplemental interrogatory responses consistent with our M&C and will produce those shortly.

Best,
Jason

BartlitBeck LLP
JASON MURRAY | p: 303.592.3118 | c: 817.793.3568 | Jason.Murray@BartlitBeck.com | 1801 Wewatta Street, Ste. 1200, Denver, CO, 80202
This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Jason Murray
**Sent:** Monday, June 5, 2023 4:55 PM
**To:** Fulton, Amy <Amy.Fulton@finnegan.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; EXT-Cottrell, Fred <cottrell@rlf.com>; Jones, Forrest <Forrest.Jones@finnegan.com>; Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>; Haynes, Christine D. <haynes@rlf.com>; Metzler, Sara M. <Metzler@rlf.com>; Smiley, Deanna <Deanna.Smiley@finnegan.com>; Mailing List - Smartcar <smartcar@bartlit-beck.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** RE: Carrum v BMW discovery meet and confer summary

Hi Amy,

Thanks for taking the time on the meet and confer last week. Please see some additional thoughts from me below in blue on a few of the items in your notes.

Best,
Jason

**GDPR**
We suggested applying a code number to individuals whose names and email addresses are redacted in documents. Then, Carrum can request that certain individuals be whitelisted based on the occurrence of certain code numbers. Carrum suggested a hybrid approach where BMW first identifies 5 individuals that are most likely to be on key documents or have knowledge of ACC systems. You stated that you will discuss this proposal with your team and provide your plan for obtaining names of redacted individuals.

We believe the approach we floated in our meet and confer is appropriate—BMW should identify the 5 individuals at BMW AG most likely to have information or documents related to the infringing ACC systems, and then as to the remainder of individuals who show up on documents, BMW may provide a code number and Carrum can request de-designation as appropriate. Additionally, any individual who BMW subsequently identifies either on its disclosures or as a 30b6 witness should be identified as well.

**Carrum's RFPs**:
RFP No. 15: You stated Carrum will further define the scope of this request.

Carrum will withdraw this RFP.

RFP No. 18: We stated that we are working with BMW to determine whether BMW and/or BMW's suppliers have source code and where this source code is located. We cannot give a date certain that we will have this information, but you indicated you would follow up next week regarding this request.

Thank you for looking into Carrum's request. As we mentioned on the call, getting information about the custody and location of the relevant source code is of urgent and critical importance, because it can often take a substantial amount of time to schedule a review of that material—particularly if the information is only in Germany, or is in the sole custody of a third party.

We believe it should not be overly difficult for BMW to identify where the relevant code is located, and that BMW should be able to give us an answer by the end of this week. If BMW cannot do so, then please let us know what the difficulty is, and when BMW expects to be able to provide an answer.

**Litigation Funding**: You stated that Carrum is withholding all communications with litigation funders on the basis of privilege and Carrum has not provided a log identifying these documents. Carrum stated that a log is not necessary because these documents fall under a "categorical objection."

BMW is unaware of any "categorical objection" exception to Rule 26(b)(5) which requires a party "withholding information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material" to (i) expressly make the claim and (ii) "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Please provide Carrum's support for its position that a log is not required or alternatively, please confirm that Carrum will provide a privilege log for this withheld information.

We are looking into this matter and will get back to you.

**Interrogatories**:
In additional to your previous confirmation that Carrum will supplement Rog Nos. 6 and 8, you stated that Carrum will supplement its responses to Rog Nos. 2, 3, and 7 to include a narrative response as well as any relevant Bates citations.

We agreed to supplement, although to reiterate the point made in our meet and confer, we believe these Rogs are vastly overbroad and include many discrete subparts, and that if Carrum is going to answer each sub-part individually and with specificity then that is going to need to count as a number of separate rogs. We will provide what we believe are appropriate narrative responses, but to the extent BMW takes the position that our responses are deficient because we have not fully addressed certain discrete subparts, then Carrum's position is likely to be that we do not need to not address each subpart individually unless they are counted as separate rogs.

**Requests for Production**:
RFP No. 4: You stated that this request is overbroad and redundant of other RFPs. BMW maintains the position that this request is not overbroad as there are only two asserted patents and information related to these patents is highly relevant. To the extent Carrum is in possession of categories of documents that facially respond to this request but Carrum believes are not relevant, please describe the categories of documents

Carrum plans to withhold.

We stand on our objection here. This request is substantially overbroad. Information broadly related to the two asserted patents can include a host of information that is not in any way relevant to issues in the case, including communications that are purely about obtaining funding for litigating the patents (and that do not include other relevant information), communications with counsel regarding the patents, documents that relate to potential infringement by other defendants, and more. In addition, it is not clear to us what relevant material BMW believes would be covered by this RFP that is not already covered by BMW's many other more narrow RFPs related to the asserted patents. Finally, it is not Carrum's burden to log documents it plans to withhold in response to an improper and overbroad RFP. It is BMW's burden to draft appropriate RFPs in the first place. As our discovery responses indicate, we are producing responsive and non-privileged documents in response to a host of BMW's specific RFPs concerning the asserted patents, and we believe those RFPs more than cover the universe of relevant material here. If BMW can propose a narrower formulation of this RFP that is targeted to relevant material, we will consider it.

Best,
Jason

BartlitBeck LLP

JASON MURRAY | p: 303.592.3118 | c: 817.793.3568 | Jason.Murray@BartlitBeck.com | 1801 Wewatta Street, Ste. 1200, Denver, CO, 80202

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Fulton, Amy <Amy.Fulton@finnegan.com>
**Sent:** Saturday, June 3, 2023 9:14 AM
**To:** Jason Murray <jason.murray@bartlitbeck.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; EXT-Cottrell, Fred <cottrell@rlf.com>; Jones, Forrest <Forrest.Jones@finnegan.com>; Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>; Haynes, Christine D. <haynes@rlf.com>; Metzler, Sara M. <Metzler@rlf.com>; Smiley, Deanna <Deanna.Smiley@finnegan.com>; Mailing List - Smartcar <smartcar@bartlit-beck.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Brian Farnan <bfarnan@farnanlaw.com>
**Subject:** Carrum v BMW discovery meet and confer summary

**Caution: External Message**
Jason,

Thank you for the meet and confer yesterday. Below is a summary of what was discussed.

**GDPR**
We suggested applying a code number to individuals whose names and email addresses are redacted in documents. Then, Carrum can request that certain individuals be whitelisted based on the occurrence of certain code numbers. Carrum suggested a hybrid approach where BMW first identifies 5 individuals that are most likely to be on key documents or have knowledge of ACC systems. You stated that you will discuss this proposal with your team and provide your plan for obtaining names of redacted individuals.

**Carrum's Issues**:

**Requests for Production**:
RFP No. 15: You stated Carrum will further define the scope of this request.

RFP NO. 39: We stated that BMW can provide annual reports that include information regarding corporate structure, but that BMW AG does not maintain personnel directories or documents related to organizational structure. We are still searching for organizational charts within BMW NA and will produce to the extent we find any.

RFP No. 46: We stated that we are looking for licensing policies and will produce to the extent we find any that are relevant and not privileged.

RFP No. 18: We stated that we are working with BMW to determine whether BMW and/or BMW's suppliers have source code and where this source code is located. We cannot give a date certain that we will have this information, but you indicated you would follow up next week regarding this request.

RFP Nos. 10, 30, 41, 44-45, and 50: You stated that you believe BMW has documents responsive to these requests. We stated that we have not yet identified any such non-privileged documents but will confer again with BMW regarding these requests and will produce any responsive non-privileged documents, to the extent they exist.

**Interrogatories**:
Rog Nos. 4 and 8: We are investigating the issue with our IT department and will provide an update shortly.

Rog Nos. 11, 12, 14, 15, and 17: We stated we are working on supplementing our response to Rog No. 11. You agreed to review our supplemental response and let us know if this supplemental response includes the requested information.

Rog No. 16: You clarified this interrogatory to say that Carrum is not looking for every individual that worked on ACC, but instead for names of individuals most directly involved in the development of ACC over the last 10 to 15 years. We agreed to confer with our team regarding this request and will provide an update shortly.

**BMW's Issues**:

**Information Provided in Related Litigations**: You stated that other than expert reports, all documents produced in the Ford and FCA case have been produced in this case. You also stated that Carrum has provided all supplemental discovery responses from those cases except for responses related to marking, as Ford and FCA identified specific unmarked vehicles. You confirmed that Carrum would be supplying an updated response to Rog No. 6 in response to BMW's supplemental interrogatory that identified specific unmarked vehicles.

**Litigation Funding**: You stated that Carrum is withholding all communications with litigation funders on the basis of privilege and Carrum has not provided a log identifying these documents. Carrum stated that a log is not necessary because these documents fall under a "categorical objection."

BMW is unaware of any "categorical objection" exception to Rule 26(b)(5) which requires a party "withholding information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material" to (i) expressly make the claim and (ii) "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Please provide Carrum's support for its position that a log is not required or alternatively, please confirm that Carrum will provide a privilege log for this withheld information.

**Interrogatories**:
In additional to your previous confirmation that Carrum will supplement Rog Nos. 6 and 8, you stated that Carrum will supplement its responses to Rog Nos. 2, 3, and 7 to include a narrative response as well as any relevant Bates citations.

**Requests for Production**:
RFP No. 4: You stated that this request is overbroad and redundant of other RFPs. BMW maintains the position that this request is not overbroad as there are only two asserted patents and information related to these patents is highly relevant. To the extent Carrum is in possession of categories of documents that facially respond to this request but Carrum believes are not relevant, please describe the categories of documents Carrum plans to withhold.

RFP No. 37: You stated that Carrum would revisit this request and look for responsive documents.

We look forward to receiving Carrum's supplemental responses.

Best,
Amy

**Amy L. Fulton**
Attorney at Law
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
202.408.4438 | fax: 202.408.4000 | amy.fulton@finnegan.com | www.finnegan.com

FINNEGAN

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

# EXHIBIT C

**Subject:** RE: Carrum v BMW et al., 1:18-cv-1645 Dist. DE - Service of Correspondence
**Date:** Monday, October 2, 2023 at 14:01:25 Mountain Daylight Time
**From:** Myles, Joseph
**To:** Taylor Kelson, Smiley, Deanna, Lavenue, Lionel, Cassady, R. Benjamin, Jones, Forrest, 'haynes@rlf.com', EXT- Cottrell, Fred
**CC:** 'Michael J. Farnan', 'Brian Farnan', Mailing List - Smartcar, Fulton, Amy
**Attachments:** image004.jpg, image003.jpg

**Caution: External Message**

Hi Taylor,

Which interrogatory are Carrum's questions responsive to? If Carrum is aware of information missing from BMW's response to its interrogatories, we are willing to supplement our response with information available after a reasonable search.

Regards,

Joey

---

**From:** Taylor Kelson <taylor.kelson@bartlitbeck.com>
**Sent:** Monday, September 25, 2023 4:13 PM
**To:** Myles, Joseph <Joseph.Myles@finnegan.com>; Smiley, Deanna <Deanna.Smiley@finnegan.com>; Lavenue, Lionel <lionel.lavenue@finnegan.com>; Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>; Jones, Forrest <Forrest.Jones@finnegan.com>; 'haynes@rlf.com' <haynes@rlf.com>; EXT- Cottrell, Fred <cottrell@rlf.com>
**Cc:** 'Michael J. Farnan' <mfarnan@farnanlaw.com>; 'Brian Farnan' <bfarnan@farnanlaw.com>; Mailing List - Smartcar <smartcar@bartlit-beck.com>; Fulton, Amy <Amy.Fulton@finnegan.com>
**Subject:** Re: Carrum v BMW et al., 1:18-cv-1645 Dist. DE - Service of Correspondence

***EXTERNAL* Email:**

Joey–

[redacted]

[redacted].

[redacted]

More generally, has anyone (whether or not an expert or consultant retained by BMW) ever accessed this source code (or any portion of it, whether or not in the particular files BMW has identified) in any manner at any time, other than while physically present in Munich, Germany and accessing files stored locally on a computer there?

Best,
Taylor

BartlitBeck LLP
Taylor Kelson
p: (303) 592-3153 | c: (303) 718-7690 | Taylor.Kelson@BartlitBeck.com
1801 Wewatta Street, Suite 1200, Denver, CO 80202
This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Myles, Joseph <Joseph.Myles@finnegan.com>
**Date:** Friday, September 22, 2023 at 07:25
**To:** Taylor Kelson <taylor.kelson@bartlitbeck.com>, Smiley, Deanna <Deanna.Smiley@finnegan.com>, Lavenue, Lionel <lionel.lavenue@finnegan.com>, Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>, Jones, Forrest <Forrest.Jones@finnegan.com>, 'haynes@rlf.com' <haynes@rlf.com>, EXT- Cottrell, Fred <cottrell@rlf.com>
**Cc:** 'Michael J. Farnan' <mfarnan@farnanlaw.com>, 'Brian Farnan' <bfarnan@farnanlaw.com>, Mailing List - Smartcar <smartcar@bartlit-beck.com>, Fulton, Amy <Amy.Fulton@finnegan.com>
**Subject:** RE: Carrum v BMW et al., 1:18-cv-1645 Dist. DE - Service of Correspondence

**Caution: External Message**
Hi Taylor,

My summary of the parties' correspondence regarding BMW's technical production is accurate. We look forward to Carrum's further correspondence.

Regarding your questions as to your item 2:

- [redacted]

You also asked whether any experts or consultants retained by BMW have accessed these files. No expert or consultant retained by BMW have accessed these files.

BMW does not agree that Carrum can supplement its contentions after the close of fact discovery. If you think a call would be helpful to discuss this timing, we are generally available on Monday, September 25.

Regards,

Joey

---

**From:** Taylor Kelson <taylor.kelson@bartlitbeck.com>
**Sent:** Tuesday, September 19, 2023 7:13 PM
**To:** Myles, Joseph <Joseph.Myles@finnegan.com>; Smiley, Deanna <Deanna.Smiley@finnegan.com>; Lavenue, Lionel <lionel.lavenue@finnegan.com>; Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>; Jones, Forrest <Forrest.Jones@finnegan.com>; 'haynes@rlf.com' <haynes@rlf.com>; EXT- Cottrell, Fred <cottrell@rlf.com>
**Cc:** 'Michael J. Farnan' <mfarnan@farnanlaw.com>; 'Brian Farnan' <bfarnan@farnanlaw.com>; Mailing List - Smartcar <smartcar@bartlit-beck.com>; Fulton, Amy <Amy.Fulton@finnegan.com>
**Subject:** Re: Carrum v BMW et al., 1:18-cv-1645 Dist. DE - Service of Correspondence

***EXTERNAL* Email:**

Joey–

Thank you for confirming the status of your response to Carrum's Interrogatories 12, 14, and 15. We will expect a supplemental response to Interrogatories 14 and 15 this week. Please provide an update regarding the status of Interrogatory 12 this week as well.

Your characterization of BMW's document production (and Carrum's identification of deficiencies in BMW's production) is not accurate. Carrum will address BMW's document production in separate correspondence this week.

Regarding BMW's source code, thank you for confirming items #1 and #3.

Regarding item #2:

- [redacted]
- [redacted]
- [redacted].

Finally, regarding access to the source code files listed in "All lists of files.zip" that BMW has indicated it will produce for inspection: Have any experts or consultants retained by BMW accessed this source code (or any portion of it)? Please confirm that BMW has provided such access only on a source code computer located in Munich, Germany. Separately, please confirm that BMW has produced all materials to Carrum that it has provided to its experts or consultants.

We don't agree to BMW's proposed deadlines for final contentions. Based on the current schedule, we believe it would be most efficient to simultaneously exchange final contentions shortly after the close of fact discovery. Carrum proposes exchanging final infringement and invalidity contentions on March 8, 2024. Please let me know if BMW agrees, or if it would be productive to discuss this further.

Best,
Taylor

BartlitBeck LLP
Taylor Kelson
p: (303) 592-3153 | c: (303) 718-7690 | Taylor.Kelson@BartlitBeck.com
1801 Wewatta Street, Suite 1200, Denver, CO 80202
This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Myles, Joseph <Joseph.Myles@finnegan.com>
**Date:** Friday, September 15, 2023 at 15:36
**To:** Taylor Kelson <taylor.kelson@bartlitbeck.com>, Smiley, Deanna <Deanna.Smiley@finnegan.com>, Lavenue, Lionel <lionel.lavenue@finnegan.com>, Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>, Jones, Forrest <Forrest.Jones@finnegan.com>, 'haynes@rlf.com' <haynes@rlf.com>, EXT- Cottrell, Fred <cottrell@rlf.com>
**Cc:** 'Michael J. Farnan' <mfarnan@farnanlaw.com>, 'Brian Farnan' <bfarnan@farnanlaw.com>, Mailing List - Smartcar <smartcar@bartlit-beck.com>, Fulton, Amy <Amy.Fulton@finnegan.com>
**Subject:** RE: Carrum v BMW et al., 1:18-cv-1645 Dist. DE - Service of Correspondence

**Caution: External Message**
Hi Taylor,

BMW plans to supplement its responses to Carrum's Interrogatories 14 and 15 by the end of next week. BMW is still collecting supplemental information as to Carrum's Interrogatory 12 but will provide an update shortly.

As to "long-promised supplemental productions of technical documents," my colleague advised on August 2, 2023 that BMW has produced its core technical documents. If Carrum understands that there are any additional technical documents missing from BMW's production, please let us know. BMW has now repeatedly asked Carrum to identify any supposedly missing documents from BMW's production, and Carrum has refused.

BMW responds to Carrum's requests 1–3 as to the source code manifest as follows:

[redacted]

3. BMW's designation of the files in the zip folder served on September 8, 2023 is proper under the Protective Order. Nevertheless, to avoid burdening the Court with an unnecessary dispute, BMW will agree that these documents may be treated as "HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY" under the Protective Order.

Finally, please confirm that Carrum agrees to BMW's September 6, 2023 proposal that Carrum's final infringement contentions be due by January 10, 2024 and BMW's final infringement contentions be due by January 31, 2024.

Regards,

Joey

---

**From:** Taylor Kelson <taylor.kelson@bartlitbeck.com>
**Sent:** Thursday, September 14, 2023 3:42 PM
**To:** Myles, Joseph <Joseph.Myles@finnegan.com>; Smiley, Deanna <Deanna.Smiley@finnegan.com>; Lavenue, Lionel <lionel.lavenue@finnegan.com>; Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>; Jones, Forrest <Forrest.Jones@finnegan.com>; 'haynes@rlf.com' <haynes@rlf.com>; EXT- Cottrell, Fred <cottrell@rlf.com>
**Cc:** 'Michael J. Farnan' <mfarnan@farnanlaw.com>; 'Brian Farnan' <bfarnan@farnanlaw.com>; Mailing List - Smartcar <smartcar@bartlit-beck.com>; Fulton, Amy <Amy.Fulton@finnegan.com>
**Subject:** Re: Carrum v BMW et al., 1:18-cv-1645 Dist. DE - Service of Correspondence

***EXTERNAL* Email:**

Joseph –

It has been two weeks since we met and conferred by phone, and several months since we initially raised a number of concerns about BMW's document productions and discovery responses. We are still waiting for supplemental responses to ROGs 12, 14, and 15, and we have yet to receive any of the long-promised supplemental productions of technical documents. (BMW's most recent production volume 12 contained just a handful of publicly available investor/annual reports and a single org chart.) BMW's continued delays are prejudicing Carrum's ability to proceed with discovery.

Please let us know by the end of the day tomorrow (Friday) a date certain by which we can expect to receive the supplemental interrogatory responses and BMW's next substantial production of technical documents.

Carrum also has several concerns regarding the source code manifest produced by BMW on Friday (Sept. 8). In particular, please confirm or otherwise address the following:

1. Please confirm that the text files provided to Carrum in the volume titled "All lists of files.zip" are a complete "manifest of the contents of each Source Code Computer" pursuant to paragraph 3.6(p) of the Protective Order.

2. Please further confirm that the source code files listed in the text files within "All lists of files.zip" reflect BMW's complete production of source code in this matter, and reflect source code files which are responsive to the full scope of Carrum's RFPs No. 18 corresponding to each and every Accused Vehicle in this litigation.

3. BMW's production email indicates that the documents included in "All lists of files.zip" "have been marked 'HIGHLY CONFIDENTIAL- OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE.'" However, the documents themselves do not appear to bear any

confidentiality designation. Further, the text files in “All lists of files.zip” are not Source Code within the meaning of the Protective Order. Source Code is “computer code (including, without limitation, source code(including human-readable programming language text that defines software), MATLAB or Simulink algorithms, computer-generated simulation models, Hardware Description Language (HDL), Register Transfer Level Code (RTL), microcode, or other similarly sensitive non-text computer generated material) that defines or otherwise describes in detail the algorithms or structure of computer software, firmware or hardware designs.” Protective Order paragraph 1.15. The text files in “All lists of files.zip” contain lists of folders and file names, and do not contain or reflect code of any kind. Please confirm that BMW will immediately redesignate the contents of “All lists of files.zip” as “HIGHLY CONFIDENTIAL- OUTSIDE ATTORNEYS' EYES ONLY.” Otherwise, please provide your availability to meet and confer this Friday, September 15 or Monday, September 18.

Best,
Taylor

BartlitBeck LLP
Taylor Kelson
p: (303) 592-3153 | c: (303) 718-7690 | Taylor.Kelson@BartlitBeck.com
1801 Wewatta Street, Suite 1200, Denver, CO 80202
This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Myles, Joseph <Joseph.Myles@finnegan.com>
**Date:** Wednesday, September 6, 2023 at 21:27
**To:** Taylor Kelson <taylor.kelson@bartlitbeck.com>, Smiley, Deanna <Deanna.Smiley@finnegan.com>, Lavenue, Lionel <lionel.lavenue@finnegan.com>, Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>, Jones, Forrest <Forrest.Jones@finnegan.com>, 'haynes@rlf.com' <haynes@rlf.com>, EXT- Cottrell, Fred <cottrell@rlf.com>
**Cc:** 'Michael J. Farnan' <mfarnan@farnanlaw.com>, 'Brian Farnan' <bfarnan@farnanlaw.com>, Mailing List - Smartcar <smartcar@bartlit-beck.com>, Fulton, Amy <Amy.Fulton@finnegan.com>
**Subject:** RE: Carrum v BMW et al., 1:18-cv-1645 Dist. DE - Service of Correspondence

**Caution: External Message**
Counsel,

Carrum’s claimed inability to supplement its infringement contentions is undermined by its own infringement contentions, which rely primarily on technical training manuals from individual vehicles, not on BMWNA-

CARRUM-00236093. Carrum improperly collects disparate functionality recited in each of these technical training manuals to create a Frankenstein accused product. As Carrum knows, this allegation is not compliant with the Court's rules and must be remedied. Moreover, BMW has produced core technical documents pertaining to accused products not covered by BMWNA-CARRUM-00236093. *See* BMWNA-CARRUM-00236080–247797.

Carrum fails to state any legitimate basis for its refusal to comply with the Court's clear requirement that infringement contentions relate *each* accused product to the asserted claims *each* product allegedly infringes. As such, BMW will move to compel infringement contentions compliant with this requirement.

Regarding source code review, as you know, the Protective Order mandates that source code located in the United States be made available in the United States, but contemplates that source code located outside the United States be made available at a mutually agreed upon location. In other words, the Protective Order expressly contemplates review outside the United States, and Carrum well knows that the Protective Order makes clear that BMW is *not* "obligated to make a source code computer available for inspection in the United States." BMW has offered to make its source code available for review in Munich, and Carrum has refused. Thus, it is Carrum, not BMW, preventing Carrum's review of BMW's source code.

During the parties' August 30, 2023, meet-and-confer, Carrum stated its view that its remote control proposal is contemplated by Paragraph 3.6(a)(ii) of the Protective Order. BMW pointed out that this provision relates to printing, not review, and Carrum had no response. Carrum's email similarly does not respond to BMW's statement, and BMW thus understands that Carrum has no response. Regardless, BMW's position is that Carrum's proposed review procedure would not securely maintain BMW's source code as it crosses country borders over the internet. BMW therefore cannot agree to Carrum's remote review proposal.

Regarding the source code manifest, BMW's August 2, 2023 email advised that the manifest would be ready once the source code computer is ready for inspection. Carrum never responded to this statement. BMW's assumption that Carrum agreed with this timing is thus far from "puzzling," but perfectly in line with Carrum's actions. BMW will provide a manifest in accordance with Paragraph 3.6(p) of the Protective Order later this week. This manifest will include the file names, including file extensions, with file structure, that will be loaded onto the source code computer. No files are loaded onto any source code computer because Carrum has not agreed to the location of this computer, so no computer has been set up.

Finally, regarding exchange of final contentions, BMW proposes that its final invalidity contentions be due three weeks after Carrum's final infringement contentions, so by January 31, 2024. This proposal is in line with standard practice for exchange of contentions and with District of Delaware practice before judges that require final contentions, and it ensures that BMW's final invalidity contentions are responsive to Carrum's final infringement contentions.

Regards,

Joey

---

**From:** Taylor Kelson <taylor.kelson@bartlitbeck.com>
**Sent:** Friday, September 1, 2023 6:47 PM
**To:** Myles, Joseph <Joseph.Myles@finnegan.com>; Smiley, Deanna <Deanna.Smiley@finnegan.com>; Lavenue, Lionel <lionel.lavenue@finnegan.com>; Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>; Jones, Forrest <Forrest.Jones@finnegan.com>; 'haynes@rlf.com' <haynes@rlf.com>; EXT- Cottrell, Fred <cottrell@rlf.com>
**Cc:** 'Michael J. Farnan' <mfarnan@farnanlaw.com>; 'Brian Farnan' <bfarnan@farnanlaw.com>; Mailing List - Smartcar <smartcar@bartlit-beck.com>; Fulton, Amy <Amy.Fulton@finnegan.com>
**Subject:** Re: Carrum v BMW et al., 1:18-cv-1645 Dist. DE - Service of Correspondence

***EXTERNAL* Email:**

Joseph–

As we explained, Carrum does not presently intend to supplement its infringement contentions because Carrum is *unable* to further supplement its infringement contentions, due to BMW's refusal to make its source code available at a mutually agreeable location (as required by the protective order) and due to BMW's ongoing delay in producing additional technical documents and information responsive to Carrum's discovery requests. [redacted] This clearly illustrates that BMW is demanding Carrum supplement its *preliminary* infringement contentions based on documents that BMW *has not produced*.

We do not agree that our "remotely control" proposal is not contemplated by the Protective Order. Paragraph 3.6(a)(ii) specifically states that BMW may make the source code available on a "Source Code Computer that is networked in a configuration deemed secure by [BMW]." It remains Carrum's position that BMW is obligated to make a source code computer available for inspection in the United States. Carrum proposed the "remotely control" protocol in the interest of compromise. We have notified the Court that we have a dispute with respect to source code, and that if BMW does not agree to our "remotely control" compromise proposal, we intend to brief this issue simultaneously with BMW's infringement contention issue. Please confirm BMW's position on Carrum's compromise proposal no later than Wednesday, Sept. 6th.

Putting aside your puzzling assertion that BMW thought the issue of a source code manifest was resolved because Carrum did not yet again remind BMW of its obligations under the Protective Order, Carrum once again renews its request for a manifest of the Source Code

Computer as required by the Protective Order. To be clear, this is more than a "listing [of] filenames for source code files." Carrum requests a manifest documenting the complete folder structure of materials loaded to the Source Code computer, including all folder names and file names (including file extensions), and including all files on the Source Code Computer (whether or not a given file is designated as source code).

Regarding the exchange of final infringement contentions, we will consider your proposal and let you know our position. To be clear, our proposal is for a date for simultaneous exchange of Carrum's final infringement contentions and BMW's final invalidity contentions. Can you please confirm that BMW is proposing January 10, 2024 for both sets of contentions?

We will look forward to receiving your supplemental responses to each of the interrogatories we discussed in the very near future. You have been aware of these issues for months and we re-raised them as recently as this past Monday.

Best,
Taylor

BartlitBeck LLP
Taylor Kelson
p: (303) 592-3153 | c: (303) 718-7690 | Taylor.Kelson@BartlitBeck.com
1801 Wewatta Street, Suite 1200, Denver, CO 80202
This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Myles, Joseph <Joseph.Myles@finnegan.com>
**Date:** Wednesday, August 30, 2023 at 18:30
**To:** Taylor Kelson <taylor.kelson@bartlitbeck.com>, Smiley, Deanna <Deanna.Smiley@finnegan.com>, Lavenue, Lionel <lionel.lavenue@finnegan.com>, Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>, Jones, Forrest <Forrest.Jones@finnegan.com>, 'haynes@rlf.com' <haynes@rlf.com>, EXT- Cottrell, Fred <cottrell@rlf.com>
**Cc:** 'Michael J. Farnan' <mfarnan@farnanlaw.com>, 'Brian Farnan' <bfarnan@farnanlaw.com>, Mailing List - Smartcar <smartcar@bartlit-beck.com>, Fulton, Amy <Amy.Fulton@finnegan.com>
**Subject:** RE: Carrum v BMW et al., 1:18-cv-1645 Dist. DE - Service of Correspondence

**Caution: External Message**
Counsel,

Thank you for discussing Carrum's infringement contentions and proposal for review of BMW's source code during the parties' meet-and-confer today.

Regarding Carrum's infringement contentions, during the meet-and-confer, Carrum stated its unwillingness to supplement its infringement contentions until after source code review. As Carrum's infringement contentions do not comply with the Court's rules, BMW will move the Court to order Carrum to supplement its infringement contentions to comply with the Court's requirements.

Carrum also mentioned its willingness to discuss a due date for its final infringement contentions several weeks before the close of fact discovery, February 21, 2024. BMW proposes that Carrum's final infringement contentions be due January 10, 2024, 6 weeks before the close of fact discovery.

Regarding Carrum's proposal—that source code review occur on a computer in the United States able to remotely control a computer in Germany that hosts BMW's source code—Carrum agreed that this proposal is not contemplated by paragraph 3.6(a)(i) of the Protective Order, which states that the source code review computer not be connected to "any network." And, Carrum stated that it was unaware of any case in which the Court ordered such a review procedure. Nevertheless, Carrum suggested this remote review procedure as a compromise between source code review in Germany and source code review in the United States. BMW is reviewing Carrum's proposal and expects to respond next week.

Regarding Carrum's request for a source code manifest pursuant to paragraph 3.6(p) of the Protective Order, as a reminder, on August 2, 2023, BMW advised that "BMW will provide a manifest once the source code computer is ready for inspection." Because Carrum did not respond to BMW's statement and did not raise the issue again, BMW understood that Carrum's request for a manifest was resolved at least until the parties resolved their dispute as to the location of source code review. But, thank you for advising, during our meet-and-confer, that Carrum now requests a manifest listing filenames for source code files to be loaded onto the source code review computer. Now that Carrum has raised its request, BMW is investigating the status of this manifest and will provide an update shortly. As we mentioned during the meet-and-confer, because Carrum did not raise its request for a manifest in advance of the meet-and-confer, BMW is unable to provide an estimate of when it can send the requested manifest to Carrum, at this time.

Regarding Carrum's discovery requests, as we mentioned during the meet-and-confer, BMW is preparing a follow-up document production that should be ready early next week. Regarding ROG No. 11, BMW confirmed that its response encompasses sales of vehicles for which ACC was included as a standard and optional feature. Regarding ROG Nos. 12, 14, and 15, BMW advised that it is preparing supplemental responses, but could not provide additional detail because Carrum had not advised of its intention to discuss these interrogatories during the meet-and-confer.

Regards,

Joey

---

**From:** Taylor Kelson <taylor.kelson@bartlitbeck.com>
**Sent:** Monday, August 28, 2023 10:27 PM
**To:** Smiley, Deanna <Deanna.Smiley@finnegan.com>; Lavenue, Lionel <lionel.lavenue@finnegan.com>; Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; Jones, Forrest <Forrest.Jones@finnegan.com>; 'haynes@rlf.com' <haynes@rlf.com>; EXT- Cottrell, Fred <cottrell@rlf.com>
**Cc:** 'Michael J. Farnan' <mfarnan@farnanlaw.com>; 'Brian Farnan' <bfarnan@farnanlaw.com>; Mailing List - Smartcar <smartcar@bartlit-beck.com>; Fulton, Amy <Amy.Fulton@finnegan.com>
**Subject:** Re: Carrum v BMW et al., 1:18-cv-1645 Dist. DE - Service of Correspondence

***EXTERNAL* Email:**

Counsel–

We are available to meet and confer tomorrow (Tuesday) between noon and 2:00 pm CT, or Wednesday 10:00 am – 1:00 pm CT. Please circulate an invitation for a time that works.

We would additionally like to discuss a proposal for Carrum's review of BMW's source code. We understand that BMW is able to load the source code on a dedicated computer in Germany. We would propose that BMW set up an additional computer at its counsel's office in the United States, which is configured to remotely control the source code computer, such that Carrum's counsel and experts could review the code remotely from the United States without the code ever leaving Germany. In this manner, the parties can observe all source code protections contemplated by the protective order without necessitating travel to Germany.

Please be prepared to discuss this proposal on our meet and confer.

Thanks,
Taylor

BartlitBeck LLP
Taylor Kelson
p: (303) 592-3153 | c: (303) 718-7690 | Taylor.Kelson@BartlitBeck.com
1801 Wewatta Street, Suite 1200, Denver, CO 80202
This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Smiley, Deanna <Deanna.Smiley@finnegan.com>
**Date:** Thursday, August 24, 2023 at 18:25
**To:** Taylor Kelson <taylor.kelson@bartlitbeck.com>, Lavenue, Lionel <lionel.lavenue@finnegan.com>, Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>, Myles, Joseph <Joseph.Myles@finnegan.com>, Jones, Forrest <Forrest.Jones@finnegan.com>, 'haynes@rlf.com' <haynes@rlf.com>, EXT- Cottrell, Fred <cottrell@rlf.com>
**Cc:** 'Michael J. Farnan' <mfarnan@farnanlaw.com>, 'Brian Farnan' <bfarnan@farnanlaw.com>, Mailing List - Smartcar <smartcar@bartlit-beck.com>, Fulton, Amy <Amy.Fulton@finnegan.com>
**Subject:** RE: Carrum v BMW et al., 1:18-cv-1645 Dist. DE - Service of Correspondence

**Caution: External Message**
Taylor,

Thank you for August 16, 2023 letter.

Unfortunately, your letter fails to adequately address the deficiencies described in our July 21 letter, and Carrum's allegation that it is unable to show infringement by model or representativeness is unfounded.

Please let us know of your availability Monday or Tuesday for a meet and confer to discuss these issues. We plan to inform the Court that the parties have a discovery dispute if we cannot reach an agreement.

Thanks,
Deanna

**Deanna Smiley**
Associate
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
1875 Explorer Street, Suite 800, Reston, VA 20190-6023
+1 571 203 2717 | fax +1 202 408 4400 | deanna.smiley@finnegan.com | www.finnegan.com

FINNEGAN

**From:** Taylor Kelson <taylor.kelson@bartlitbeck.com>
**Sent:** Wednesday, August 16, 2023 11:37 AM
**To:** Doku, Daniel <Daniel.Doku@finnegan.com>; Lavenue, Lionel <lionel.lavenue@finnegan.com>; Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; Jones, Forrest <Forrest.Jones@finnegan.com>; Smiley, Deanna <Deanna.Smiley@finnegan.com>; 'haynes@rlf.com' <haynes@rlf.com>; EXT- Cottrell, Fred <cottrell@rlf.com>
**Cc:** 'Michael J. Farnan' <mfarnan@farnanlaw.com>; 'Brian Farnan' <bfarnan@farnanlaw.com>; Mailing List - Smartcar <smartcar@bartlit-beck.com>
**Subject:** Re: Carrum v BMW et al., 1:18-cv-1645 Dist. DE - Service of Correspondence

***EXTERNAL* Email:**

Counsel,

Please see the attached correspondence.

Best,
Taylor

BartlitBeck LLP

Taylor Kelson
p: (303) 592-3153 | c: (303) 718-7690 | Taylor.Kelson@BartlitBeck.com
1801 Wewatta Street, Suite 1200, Denver, CO 80202
This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Doku, Daniel <Daniel.Doku@finnegan.com>
**Date:** Friday, July 21, 2023 at 14:46
**To:** Andrew Baak <andrew.baak@bartlitbeck.com>, Dan Brody <dan.brody@bartlitbeck.com>, Jason Murray <jason.murray@bartlitbeck.com>, John Hughes <john.hughes@bartlitbeck.com>, Rebecca Horwitz <rebecca.horwitz@bartlitbeck.com>, Meg Fasulo <meg.fasulo@bartlitbeck.com>, 'Michael J. Farnan' <mfarnan@farnanlaw.com>, 'Brian Farnan' <bfarnan@farnanlaw.com>, Xternal User - Andrew Graben <agraben@hilgersgraben.com>, Xternal User - John Vivian <jvivian@hilgersgraben.com>, Mark Levine <mark.levine@bartlitbeck.com>, Taylor Kelson <taylor.kelson@bartlitbeck.com>, Xternal User - Trent Tanner <ttanner@hilgersgraben.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>, Cassady, R. Benjamin <R.Benjamin.Cassady@finnegan.com>, Myles, Joseph <Joseph.Myles@finnegan.com>, Jones, Forrest <Forrest.Jones@finnegan.com>, Smiley, Deanna <Deanna.Smiley@finnegan.com>, 'haynes@rlf.com' <haynes@rlf.com>, EXT- Cottrell, Fred <cottrell@rlf.com>
**Subject:** Carrum v BMW et al., 1:18-cv-1645 Dist. DE - Service of Correspondence

**Caution: External Message**
Counsel,

Please see attached correspondence from Lionel Lavenue in the above referenced case.

Regards,

Daniel

Daniel Doku
Litigation Legal Assistant
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
1875 Explorer Street, Suite 800, Reston, VA 20190-6023
571.203.2424 | cell 202.807.8152 | daniel.doku@finnegan.com | www.finnegan.com

FINNEGAN

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or o herwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or o herwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Carrum Technologies, LLC<br><br>Plaintiff,<br><br>v.<br><br>BMW of North America, LLC, BMW Manufacturing Co., LLC, and Bayerische Motoren Werke AG,<br><br>Defendants. | C. A. No. 18-1645-RGA<br><br>JURY TRIAL DEMANDED |

**DECLARATION OF GREGORY SHAVER, Ph.D. IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

# TABLE OF CONTENTS


I. PERSONAL BACKGROUND ........................................ 1

II. REMOTE SOURCE CODE REVIEW ........................................ 3

A. My Experience Conducting Remote Source Code Review in Analogous Litigation ........................................ 3

B. Reviewing Source Code in Munich, Germany Would be an Undue and Unnecessary Burden ........................................ 4

III. RESERVATION OF RIGHTS ........................................ 6

# TABLE OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---|---|
| 1 | *Curriculum Vitae* of Gregory Shaver, Ph.D. |

# DECLARATION OF GREGORY SHAVER, PH.D.

## I. PERSONAL BACKGROUND

1. I am a tenured Professor of Mechanical Engineering at Purdue University in the School of Mechanical Engineering, located at 585 Purdue Mall, W. Lafayette, Indiana 47907. I have taught and conducted research in vehicle and powertrain control systems at Purdue University since 2006. I am the Director of the Ray W. Herrick Labs, which supports world-class research in a number of areas, including commercial vehicles and transportation; acoustics, noise control, and vibration; and perception-based engineering. More than 160 graduate students, 34 faculty and 15 staff conduct more than $16M of sponsored research every year at the Herrick Labs.

2. I graduated with a B.S.M.E. in mechanical engineering from Purdue University in 2000, with highest distinction. I also hold a Ph.D. in mechanical engineering from Stanford University. I am currently managing a research group of 18 graduate students with an annual expenditure in excess of $1.2M per year.

3. I recently led a multi-disciplinary, Department of Energy ARPA-E funded project focused on partial vehicle control automation of class 8 trucks. Partners included Cummins Inc. and Peloton Technology (which is no longer in business). This project focused on commercial on-highway vehicles and includes incorporation of advanced cruise control systems. I am also leading a multi-disciplinary, Deere-funded project focused on partial vehicle control automation of combines and tractors used in grain harvesting operations. This project is focused on commercial off-highway vehicles and includes vehicle motion control algorithm development.

4. I am a technical expert in the subject matter areas relevant to this matter, namely, vehicle control systems. I have authored over 100 peer-reviewed papers focused on advanced vehicle technologies. I have over 20 years of experience developing and reading C code and

MATLAB/Simulink code. I have been recognized in my field as an expert and have been awarded multiple honors including:

- 2022 Purdue University School of Mechanical Engineering Discovery in Mechanical Engineering Award;
- 2022 Purdue University College of Engineering Impact on Industry Award;
- Elected Fellow of the Society of Automotive Engineering (SAE) in 2021;
- Elected Fellow of ASME in 2020;
- 2019 SAE John Johnson Best Paper Award for Outstanding Research in Diesel Engines;
- 2016 Spira Award for Fostering Excellence in Commercial or Defense Product Realization
- 2014 Early Career Excellence in Research Award, Purdue University College of Engineering (awarded to the top young faculty member in the College of Engineering);
- 2014 Purdue University Faculty Scholar (recognizes, and supports, outstanding mid-career faculty who are on an accelerated path for academic distinction);
- 2011 Max Bentele Award for Engine Technology Innovation (annually recognizes an SAE member whose work has furthered innovation in the manufacture, design and improvement of engine technology);
- 2013 Ralph Teetor Educational Award;
- 2003, 2004, & 2005 American Control Conference – best presentation in session award;
- Best paper in the Journal of Dynamic Systems Measurement and Control in 2005; and
- Best paper in the Journal of Automobile Engineering in 2012.

5. A complete version of my CV is attached as Exhibit 1.

6. I make this declaration based on my personal knowledge, consideration of the materials I discuss herein, and my expert opinion.

7. I have been retained as an expert by Carrum Technologies in the above-captioned litigation. I am being compensated at my standard rate of $600/hour. My compensation does not

depend on the outcome of this proceeding and I have no financial interest in the outcome of this matter.

## II. REMOTE SOURCE CODE REVIEW

8. I have been asked to attest to my experience reviewing companies' sensitive source code, including as an expert witness in other litigation in which I was asked to review sensitive source code. I have also been asked to describe the burdens imposed by a requirement to travel internationally to review such source code.

### A. My Experience Conducting Remote Source Code Review in Analogous Litigation

9. During the course of my work as an expert in other cases, I have remotely reviewed automotive-industry source code. Specifically, in a dispute between two auto manufacturers, I reviewed source code that was (like the source code at issue here) both critical to an automotive manufacturer's products and important to keep confidential, including from industry competitors and bad actors. In order to conduct my source code review, I was provided with remote access to the source code which was secured with a software tool known as Session Guardian.[1] Using that tool, I conducted source code review from my home office securely and without issue.

10. Session Guardian—like other similar industry tools—is a custom security solution that streamlines remote review of secure and confidential materials by allowing for the review of sensitive information while ensuring diligent compliance with secure data governance protocols. The Session Guardian tool provides "second-by-second identity verification" and creates a "safe zone" around the user in order to restrict access and eliminate risk factors associated with the virtual review of source code.[2]

---

[1] *See generally* Session Guardian, Secure Document Review Platform, https://www.sessionguardian.com/secure-document-review (last accessed Sept. 28, 2023).

[2] *See generally* Session Guardian, Source Code Review, https://www.sessionguardian.com/source-

11. Other software solutions offer similar protections to ensure the security of virtual document and source code review by leveraging computer pre-screening, monitoring software, and audio/video recordings. And, in my experience, it is a standard practice in industry for major companies—including automotive manufacturers—to facilitate secure remote access to their source code using tools such as Session Guardian.

12. I have also reviewed the confidential source code of companies in the automotive field as a consultant, or in the context of a research collaboration with a company. In these instances, after executing a non-disclosure agreement, the company has provided me with remote access to their source code, provided their code to me on physical media, or provided me with a laptop and login credential issued by the company. For example, in the context of an ongoing research collaboration, both I and several of my students have laptops and login credentials issued by a company, which are configured to allow us to securely access that company's confidential source code and models as required for our research. In my experience, arrangements like this are also standard practice in industry for major companies—including automotive manufacturers—to facilitate secure access to their source code.

### B. Reviewing Source Code in Munich, Germany Would be an Undue and Unnecessary Burden

13. As previously mentioned, I am a tenured Professor of Mechanical Engineering at Purdue University and the Director of the Ray W. Herrick Labs, both of which are located in West Lafayette, Indiana. I have a variety of responsibilities that require my presence on campus. These include teaching classes for university students, conducting research and managing graduate students doing the same, and other administrative obligations in support of the students, faculty, and staff at the Herrick Labs, the Mechanical Engineering Department, and Purdue University itself.

---

code-review (last accessed Sept. 28, 2023).

14. If I were required to travel to Munich, Germany to review BMW's source code, it would present an undue burden and impede my ability to fulfill my responsibilities as a university professor because it would require multiple, lengthy international trips during one of the busiest seasons of the academic calendar. In order to conduct in-person review of BMW's source code in Munich, Germany, I would likely need to travel from West Lafayette, Indiana to Munich, Germany on multiple occasions. Each leg of this trip would require me to drive approximately 3 hours to Chicago, board an approximately 8.5-hour international flight to Munich, and adjust to a 6-hour time difference, before performing any code review.

15. I would also likely need to complete this trip more than once. It is my experience that reviewing unfamiliar source code in a sufficient level of detail to form an opinion regarding patent infringement requires multiple review sessions. Review sessions often cannot be completed in a single day, and may require multiple days per session, depending on the size and complexity of the code repository and the code blocks themselves. These review sessions generally need to be separated from each other by several weeks, so that I have an opportunity to review related technical documents and integrate the information learned from each into my source code review and into my broader understanding of how the accused systems and/or methods function.

16. These general requirements are consistent with my experience in Carrum's related litigation asserting the same patents against automakers Ford Motor Company ("Ford") and FCA US LLC ("FCA"), in which I have also been retained as an expert witness. *See generally Carrum Technologies, LLC v. Ford Motor Company*, C.A. No. 18-1647-RGA (D. Del.); *Carrum Technologies, LLC v. FCA*, C.A. No. 18-1646-RGA (D. Del.). In each of these cases, I have performed multiple reviews of the defendants' source code, with review sessions separated by at least several weeks. Based on my experience, I expect the same will be necessary in the instant matter.

## III. RESERVATION OF RIGHTS

17. I reserve the right to respond to any arguments raised in any expert declaration or other filing made by BMW. I further reserve the right to respond to any questions raised by the Court in the event there is a hearing. At the hearing, I may use exhibits or demonstratives to aid my testimony. I have not prepared those exhibits or demonstrative aids at this time. I reserve the right to prepare and present those exhibits or demonstratives.

18. I hereby declare that all statements made herein of my knowledge are true and that all statements made on information and belief are believed to be true, and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code.

October 3, 2023

Gregory Shaver, Ph.D.

# EXHIBIT 1

# CV for Greg Shaver

Phone: (765) 491-6052, gshaver@purdue.edu, http://www.gregmshaver.com
School of Mechanical Engineering, Purdue University, 585 Purdue Mall, W. Lafayette, IN 47907

**Summary, Impact & Vision.**

Greg Shaver is a Full Professor, University Faculty Scholar, College of Engineering Early Career Research Award recipient, and ASME Fellow. He joined the Purdue Faculty in 2006. He is focused on creating challenging, interesting, relevant, career-launching research and learning opportunities for Purdue students. His research program is dedicated to clean, safe, and efficient commercial vehicles – via advanced diesel & natural gas engine systems/controls/electrification, powertrain electrification, and vehicle automation/connectivity. His efforts are well known in the industry and regulatory agencies. As an example, his research has enabled greater compression ignition (CI) engine efficiency and emissions control through variable valve actuation (VVA). Prof. Shaver's research on VVA was heavily cited, and promoted, in June 2020 by the California Air Resources Board (CARB) as well as in Jan. 2020 by the EPA with respect to new emission standards for heavy-duty engines. These rule changes will carry significant long-term impacts for the environment, as industry leaders such as Cummins, Eaton, and many others, adopt these standards in their engine technologies and export them globally. Greg's students have published more than 130 peer-reviewed journal and conference papers. Greg has directed the research efforts of more than 140 current/former Purdue students (64 graduate, 81 undergraduate). Of his 50 former graduate students (20 PhD, 30 MSME) one-fourth are women, more than half are now working at industry partner companies, and two are tenure-track faculty (1 assistant, 1 associate). As a member of the Purdue faculty, Greg has acquired \$20.5M in research funding for projects that he has also led. \$16.2M (of the \$20.5M) has been for direct use within his own research team, and \$11.5M (of the \$20.5M) has been funding directly from industry partner companies (including Cummins, Caterpillar, John Deere, Eaton, and Allison Transmission). Federal funding sources include DOE (EERE & ARPA-E), DOT, NSF, ONR, and EPA. Greg earned graduate (PhD 2005, MSME 2004) and undergraduate (BSME 2000 w/ highest distinction) degrees from Stanford and Purdue, respectively. His research is currently funded by DOE, Cummins, Eaton, Deere, and Allison.

**Research and Professional Experience.**

- Director, Ray W. Herrick Laboratories,
- Purdue University School Mechanical Engineering Full Professor (July 1, 2016 – present), Associate Professor (July, 1, 2011 – June 30, 2016), and Assistant Professor (August 2006-June 2011)
- Stanford University Graduate Research Assistant, 2000-05
- Purdue University Co-Op Student for AlliedSignal Inc. (now Honeywell) Aerospace 1996-1999

**Education and Training**

Ph.D./Masters Mechanical Engineering, Stanford University, June 2005
B.S.M.E. Mechanical Engineering, Purdue University, 2000, with highest distinction

**Honors and awards.**

- 2022 School of Mechanical Engineering Discovery in Mechanical Engineering Award
- 2022 Purdue University College of Engineering Impact on Industry Award
- Elected SAE Fellow in 2021
- Elected ASME Fellow in 2020
- 2019 SAE John Johnson Best Paper Award for Outstanding Research in Diesel Engines
- 2016 Spira Award for Fostering Excellence in Commercial or Defense Product Realization
- 2014 Early Career Excellence in Research Award, Purdue University College of Engineering
- Elected to Purdue University Innovator Hall of Fame 2014
- 2014 Purdue University Faculty Scholar
- 2013 Ralph Teetor Educational Award
- Best paper in Journal of Automobile Engineering for year 2012
- 2011 SAE Max Bentele Award for Engine Technology Innovation

- 2003, 2004, & 2005 American Control Conference - best presentation in session award
- 2005 Best paper in the ASME Journal of Dynamic Systems Measurement and Control

**University service highlights.**

- Search Committees for Purdue's current Engineering Dean & Mechanical Engineering Head
- Provost's Faculty Advisory Committee on Diversity and Inclusion (ongoing)
- College of Engineering Area Promotion Committee (ongoing)
- Engineering Faculty Affairs Committee (previous)
- Mechanical Engineering Leadership Team (ongoing)
- Purdue's Inaugural Coaching and Resource Network (ongoing)
- Search Committee Chair, Autonomous and Connected Systems, Mechanical Engineering (previous)

## Publications and Presentations

### Refereed journal papers:


1. Gregory M. Shaver*, Matthew J. Roelle, J. Christian Gerdes, Patrick A. Caton and Christopher F. Edwards, Dynamic Modeling of HCCI Engines Utilizing Variable Valve Actuation, *ASME Journal of Dynamic Systems, Measurement and Control*, vol. 127, no. 3, pp. 374-381, September 2005 (Selected as the best paper published in the Journal of Dynamic Systems, Measurement and Control, 2005)
2. Gregory M. Shaver*, Matthew J. Roelle, J. Christian Gerdes, Jean-Pierre Hathout, Jasim Ahmed, Aleksandar Kojic, Patrick A. Caton and Christopher F. Edwards, A Physics-Based Approach to Control of HCCI Engines with Variable Valve Actuation, *International Journal of Engine Research*, vol. 6, no. 4, pp. 361-375(15), July 2005
3. Gregory M. Shaver*, Matthew J. Roelle, J. Christian Gerdes, Modeling Cycle-to-Cycle Dynamics and Mode Transition in HCCI Engines with Variable Valve Actuation, *IFAC Journal on Control Engineering Practice (CEP)*, vol. 14, no. 3, pp. 213-222, March 2006
4. Gregory M. Shaver*, Matthew J. Roelle and J. Christian Gerdes, Physics-based Modeling and Control of Residual-Affected HCCI Engines, *ASME Journal of Dynamic Systems, Measurement and Control*, Volume 131, Issue 2, March 2009
5. David Snyder*, Gayatri Adi*, Mike Bunce, and Gregory M. Shaver, Steady-state Biodiesel Blend Estimation via a Wideband Oxygen Sensor, *The ASME Journal of Dynamic Systems, Measurement and Control*, Vol. 131, no. 4, July 2009
6. Gayatri Adi*, Carrie Hall*, David Snyder*, Mike Bunce, Chris Satkoski, Shankar Kumar, Phanindra Garimella, Donald Stanton and Gregory M. Shaver, Soy-Biodiesel Impact on NOx Emissions and Fuel Economy for Diffusion Dominated Combustion in a Turbo-Diesel Engine Incorporating EGR and Common Rail Fuel Injection, *Energy and Fuels*, 23 (12), pp.5821–5829, October 2009
7. Gregory M. Shaver, Stability Analysis of Residual-Affected HCCI using Convex Optimization, *IFAC Control Engineering Practice Special Issue – Advance in Automotive Control*, Volume 17, Issue 12, pp. 1454-1460, December 2009
8. Aman Yadav*, Gregory M. Shaver*, and Peter Meckl, Lessons learned: Implementing the case teaching method in a mechanical engineering course, *Journal of Engr. Education*, 99(1), pp. 55-69, Jan 2010
9. Anup Kulkarni*, Sriram S. Popuri, Gregory M. Shaver, Tim R. Frazier, and Donald W. Stanton, Computationally Efficient Whole-Engine Model of a Cummins 2007 Turbocharged Diesel Engine*, The ASME Journal of Engineering for Gas Turbines and Power*, Volume 132, Issue 2, February 2010
10. Mike Bunce*, David Snyder*, Gayatri Adi*, Carrie Hall, Jeremy Koehler, Bernie Davila, Shankar Kumar, Phanindra Garimella, Don Stanton, and Greg Shaver, Stock and Optimized Performance and Emissions with 5 and 20% Soy-Biodiesel Blends in a Modern Common Rail Turbo-Diesel Engine, *Energy and Fuels***,** *24* (2), pp. 928–939, February 2010
11. David Snyder*, Gayatri Adi, Mike Bunce, Chris Satkoski, and Gregory M. Shaver, Fuel Blend Fraction Estimation for Fuel-Flexible Combustion Control: Uncertainty Analysis*, IFAC Control Engineering Practice*, Volume 18, Issue 4, pp. 418-432, April 2010

12. Anup Kuklarni*, Karla Stricker, Angeline Blum, and Gregory M. Shaver, PCCI Control Authority of a Modern Diesel Engine Outfitted with Flexible Intake Valve Actuation, *ASME Journal of Dynamic Systems, Measurement and Control*, Volume 132, Issue 5, 15 pages, September 2010
13. Chris Satkoski*, Greg Shaver, Piezoelectric Fuel Injection - Pulse-to-Pulse Coupling and Flow Rate Estimation, *ASME/IEEE Transactions on Mechatronics*, volume 16, issue 4, August 2011
14. Chris Satkoski*, Greg Shaver, Ranjit More, Peter Meckl, Douglas Memering, Shankar Venkataraman, Jalal Syed, and Jesus Carmon-Valdes, Dynamic Modeling of a Piezoelectric Actuated Fuel Injector, *ASME Journal of Dynamic Systems, Measurement, and Control,* vol. 133 (5), 2011.
15. Rajani Modiyani*, Lyle Kocher*, Dan Van Alstine*, Ed Koeberlein, Karla Stricker, Paul Meckl, and Gregory M. Shaver, Effect of Intake Valve Closure Modulation on Effective Compression Ratio and Gas Exchange in Modern, Multi-Cylinder Diesel Engines, *International Journal of Engine Research*, vol. 12 (6), 2011
16. Michael Bunce*, David Snyder*, Gayatri Adi*, Carrie Hall, Jeremy Koehler, Bernabe Davila, Phanindra Garimella, Shankar Kumar, Donald Stanton, and Gregory M. Shaver, Optimization of Soy-Biodiesel Combustion in a Modern Diesel Engine*, Fuel*, vol. 90 (8), pp. 2560-2570, 2011
17. David Snyder*, Gayatri Adi, Carrie Hall, Michael Bunce, and Gregory M. Shaver, Control-Variable-Based Accommodation of biodiesel blends, *International Journal of Engine Research*, vol. 12 (6), pgs 564-579, December 2011
18. Karla Stricker*, Lyle Kocher*, Ed Koeberlein, Dan Van Alstine, and Gregory M. Shaver, Turbocharger Map Reduction for Control-Oriented Modeling, *Journal of Dynamic Systems, Measurement, and Control* Volume 136 (4), April 2014, 13 pages.
19. Lyle Kocher, Ed Koeberlein, Dan Van Alstine, Karla Stricker, and Gregory M. Shaver, Physically-Based Volumetric Efficiency Model for Diesel Engines Utilizing Variable Intake Valve Actuation, *International Journal of Engine Research*, vol. 13, 2, pgs. 169-184, April 2012
20. Gayatri Adi*, Carrie Hall*, David Snyder, Whitney Belt, and Gregory M. Shaver, Fuel Flexible Combustion Control of Biodiesel Blends During Mixing-Controlled Combustion, *ASME Journal of Dynamic Systems, Measurement, and Control*, 135 (6), August 2013
21. Chris A. Satkoski*, Neha S. Ruikar, Scott D. Biggs, and Gregory M. Shaver, Piezo-electric Fuel Injection – Cycle-to-Cycle Control of Tightly Space Injections, Accepted, to appear in, *IFAC Control Engineering Practice*, vol. 20, issue 11, pgs 1175-1182, November 2012
22. Karla Stricker*, Lyle Kocher*, Ed Koeberlein, Dan Van Alstine, and Gregory M. Shaver, Estimation of Effective Compression Ratio for Engines Utilizing Flexible Intake Valve Actuation, *Journal of Automobile Engineering*, Volume 226 Issue 8 August 2012 pp. 1003 - 1017. (Selected as the best paper published in the Journal of Automobile Engineering, 2012)
23. Lyle Kocher*, Ed Koeberlein, Karla Stricker, D.G. Van Alstine, and Gregory M. Shaver, Control-Oriented Gas Exchange Model for Diesel Engines Utilizing Flexible Intake Valve Actuation*, Journal of Dynamic Systems, Measurement, and Control,* tech. brief, 136 (6), August, 2014
24. Carrie Hall*, Gregory M. Shaver, Jonathan Chauvin, and Nicolas Petit, Control-Oriented Modeling of Combustion Phasing for a Fuel-Flexible Spark-Ignited Engine with Variable Valve Timing*, International Journal of Engine Research*, vol. 13, no. 5, pp. 448-463, October 2012
25. Dan Van Alstine*, Lyle Kocher*, Ed Koeberlein, Karla Stricker, and Gregory M. Shaver, Control-Oriented PCCI Combustion Timing Model for a Diesel Engine Utilizing Flexible Intake Valve Modulation, *International Journal of Engine Research*, vol. 14, no. 3, pp. 211-230, June 2013.
26. Karla Stricker*, Lyle Kocher, Dan Van Alstine, and Gregory M. Shaver, Input Observer Convergence and Robustness: Application to Compression Ratio Estimation, *IFAC Control Engineering Practice*, vol 21, pp 565-582, 2013
27. Carrie Hall*, Dan Van Alstine, Lyle Kocher, and Gregory M. Shaver, Closed-Loop Combustion Control of Biodiesel-Diesel Blends in Premixed Operating Conditions Enabled via High EGR Rates, *Journal of Automobile Engineering*, vol. 227 (7), pp. 966-985, July 2013
28. Carrie Hall*, Gayatri Adi*, Gregory M. Shaver, and Bernard Tao, A Robust Fuel Flexible Combustion Control Strategy for Biodiesel with Variable Fatty Acid Composition During Mixing Controlled Combustion, *International Journal of Engine Research*, vol. 15, no. 2, pp 165-179, Feb. 2014

29. Dat Le*, Jin Shen, Neha Ruikar, Gregory M. Shaver, Dynamic Modeling of a Piezoelectric Fuel Injector During Rate Shaping, *International Journal of Engine Research*, vol. 15, issue 4, June 2014, pp. 471-487
30. Jin Shen*, Bradley W. Peitrzak, Neha Ruikar, Dat Le, and Gregory M. Shaver, Model-Based Within-a-Cycle Estimation of Rate Shaping for a Piezoelectric Fuel Injector, *IFAC Control Engineering Practice*, vol. 27, May 2014
31. Lyle Kocher*, Carrie Hall, Karla Stricker, David Fain, Dan Van Alstine, and Gregory M. Shaver, Robust Oxygen Fraction Estimation for Conventional land Premixed Charge Compression Ignition Engines with Variable Valve Actuation, *IFAC Control Engineering Practice for a Special Issue Entitled: "Engine and Powertrain Control, Simulation, and Modeling"*, vol. 29, August, 2014
32. Lyle Kocher*, Carrie Hall, Dan Van Alstine, Mark Magee, and Gregory M. Shaver , Nonlinear Model-Based Control of Combustion Timing in Premixed Charge Compression Ignition, *Journal of Automobile Engineering*, vol. 228, issue 7, June 2014, pp. 703-723.
33. Yadav, A., Arnold, M., Shaver, G. M., & Meckl, P. Case-based Instruction: Improving Student's Conceptual Understanding Through Cases in a Mechanical Engineering Course, *Journal of Research in Science Teaching*, 51(5), pp. 659-677, May 2014
34. Gurneesh Jatana, Sameer Naik, Robert Lucht, and Gregory M. Shaver, High-speed diode laser measurements of temperature and water vapor concentration in the intake manifold of a diesel engine, *International Journal of Engine Research*, October 2014, volume 15, no. 7, 773-788
35. Akash Garg, Mark Magee, Chuan Ding, Leighton Roberts, and Gregory M. Shaver, Fuel-Efficient Exhaust Thermal Management Using Cylinder Throttling via Intake Valve Closing Timing Modulation, *Journal of Automobile Engineering,* March 2016, 230: 470-478
36. Dat Le, Brad Pietrzak, and Gregory M. Shaver, Dynamic Surface Control of a Piezoelectric Fuel Injector During Rate Shaping*, IFAC Control Engineering Practice*, Volume 30, September 2014, pages 12-26
37. Leighton Roberts, Mark Magee, Akash Garg, Gregory M. Shaver, Eric Holloway, Edward Koeberlein, Raymond Shute, David Koeberlein, James McCarthy Jr., and Douglas Nielsen, Modeling the Impact of Early Exhaust Valve Opening on Exhaust Aftertreatment Thermal Management and Efficiency for Compression Ignition Engines*, International Journal of Engine Research,* September 2015, vol 16, 6, pp 773-794
38. Gurneesh S Jatana, Sameer V Naik, Gregory M Shaver, and Robert P Lucht, Simultaneous high-speed gas property measurements in the turbocharger inlet, the EGR cooler exit, and the intake manifold of a multi-cylinder diesel engine using diode-laser-absorption-spectroscopy. *Applied Optics*, 54 (5), pp. 1109-1113, Feb. 2015
39. Chuan Ding, Leighton Roberts, David J. Fain, Aswin K. Ramesh, and Gregory M. Shaver, Fuel Efficient Exhaust Thermal Management for Compression Ignition Engines During Idle via Cylinder Deactivation and Flexible Valve Actuation, International Journal of Engine Research, 2016, Vol.17(6), pp.619-630
40. Richard Simmons, Gregory M. Shaver, Wallace E. Tyner, and Suresh Garimella, A benefit-cost assessment of new vehicle technologies and fuel economy in the U.S. Market, *Applied Energy,* vol. 157, issue C, pp 940-952, 2015
41. Sylvia Lu, Chuan Ding, Sylvia Lu, Greg Shaver, Eric Holloway, Jim McCarthy, Ray Shute, David Koeberlein, Edward Koeberlein, and Douglas Nielsen, Impact of Cylinder Deactivation on Diesel Engine Aftertreatment Thermal Management and Efficiency at Highway Cruise Conditions, *Frontiers in Engine and Automotive Engineering*, Volume 1, Article 9, August, 2015
42. Mayura Halbe, David Fain, Gregory M. Shaver, Lyle Kocher, and David Koeberlein, Control-oriented premixed charge compression ignition CA50 model for diesel engines utilizing variable valve actuation, International Journal of Engine Research, International Journal of Engine Research, vol. 18(8), 847-857
43. Ashish P. Vora, Xing Jin, Vaidehi Hoshing, Tridib Saha, Gregory M. Shaver, Subbarao Varigonda, Oleg Wasynczuk, Wallace E. Tyner, Vivek Sujan, and Gary Parker, Design-space exploration of series plug-in hybrid electric vehicles for medium-duty truck applications in a total cost-of-ownership framework, Applied Energy, Volume 2020, September 2017, pp 662-672
44. Xing Jin, Ashish P. Vora, Vaidehi Hoshing, Tridib Saha, Oleg Wasynczuk, Gregory M. Shaver, and Subbarao Varigonda, Applicability of available Li-Ion battery degradation models for system and control

algorithm design, IFAC Control Engineering Practice, IFAC Control Engineering Practice, vol. 71, Feb. 2018

45. Aswin K. Ramesh, Gregory M. Shaver, Cody M. Allen, Soumya Nayyar, Dheeraj B. Gosala, Dina Caicedo Parra, Edward Koeberlein, James McCarthy, and Doug Nielsen, Utilizing low airflow strategies, including cylinder deactivation, to improve fuel efficiency and aftertreatment thermal management during high speed, low load operating conditions, International Journal of Engine Research, pp. 1005-1016, vol. 18, issue 10, First Published March 14th, 2017
46. Dheeraj B. Gosala, Cody M. Allen, Aswin K. Ramesh, Gregory M. Shaver, James McCarthy, Dale Stretch, Edward Koeberlein, and Lisa Farrell, Cylinder deactivation during dynamic diesel engine operation, International Journal of Engine Research, 991-1004, vol. 18, issue 10, Published Feb. 1st, 2017
47. Mayura Halbe, Bradley Pietrzak, David Fain, Aswin Ramesh, Gregory M. Shaver, James McCarthy Jr., Michael Ruth, and Edward Koeberlein, Oil Accumulation and First Fire Readiness Analysis of Cylinder Deactivation in Diesel Engines, Frontiers in Mechanical Engineering: Engine and Automotive Engineering, published March 6th, 2017, vol. 3, 1-12
48. Xing Jin, Ashish Vora, Vaidehi Hoshing, Tridib Saha, Gregory M. Shaver, Edwin Garcia, Oleg Wasynczuk, and Subba Varigonda, Physically-based reduced-order capacity loss model for graphite anodes in Li-Ion Battery Cells, Journal of Power Sources, Journal of Power Sources, 28 February 2017, Vol.342, pp.750-761
49. Ashish P. Vora, Xing Jin, Vaidehi Hoshing, Gregory M. Shaver, Subbarao Varigonda, and Wallace E. Tyner, Integrating Battery Degradation in a Cost of Ownership Framework for HEV Design Optimization, Journal of Automobile Engineering, online October 21, 2018.
50. J. Tang, A. D. Dysart, D. H. Kim, R. Saraswat, G. M. Shaver, V. G. Pol, "Fabrication of Carbon/Silicon Composite as Lithium-ion Anode with Enhanced Cycling Stability" Electrochimica Acta, 247, 626–633, 2017.
51. Kalen Vos, Gregory M. Shaver, Sylvia Lu, Cody Allen, Jim McCarthey Jr., Lisa Farrell, Improving Diesel Engine Efficiency at High Speeds and Loads Through Improved Breathing via Delayed Intake Valve Closure Timing, International Journal of Engine Research, online, Vol 20(2), 194-202, First Published December 8th, 2017.
52. Dheeraj Gosala, Aswin Ramesh, Cody Allen, Mrunal Joshi, Alexander Taylor, Matthew Van Voorhis, Gregory M. Shaver, Lisa Farrell, Edward Koeberlein, James McCarthy Jr., and Dale Stretch, Diesel Engine Aftertreatment Warmup Through Early Exhaust Valve Opening and Internal EGR During Idle Operation, International Journal of Engine Research 19(7), 758-773, Published September 20th, 2017
53. Mrunal Joshi, Dheeraj Gosala, Cody Allen, Kalen Vos, Matthew VanVoorhis, Alexander Taylor, Gregory M. Shaver, James McCarthy Jr., Lisa Farrell, Dale Stretch, and Edward Koeberlein, Reducing Diesel Engine Drivecycle Fuel Consumption Through use of Cylinder Deactivation for Aftertreatment Component Temperature Maintenance During Idle Operating and Low Load Operating Conditions, Frontiers in Engine and Automotive Engineering, August 2017, vol. 3, 1-15
54. Aswin K. Ramesh, Troy E. Odstrcil, Dheeraj B. Gosala, Gregory M. Shaver, Soumya Nayyar, Edward Koeberlein, and James McCarthy Jr., Reverse Breathing in Diesel Engines for Aftertreatment Thermal Management, online, International Journal of Engine Research, First Published July, 13th, 2018
55. Kalen R. Vos, Gregory M. Shaver, Dheeraj B. Gosala, James McCarthy Jr., and Lisa Farrell, Utilizing Production Viable Valve Strategies at High Speeds and Loads to Improve Volumetric Efficiency via Intake Valve Modulation, Frontiers in Engine and Automotive Engineering, vol. 4, Jan. 27th, 2018
56. Cody M. Allen, Dheeraj B. Gosala, Gregory M. Shaver, and James McCarthy Jr., Comparative Study of Diesel Engine Cylinder Deactivation Transition Strategies, International Journal of Engine Research, online, vol. 20, 5: pp. 570-580, First Published April 13, 2018
57. Dheeraj Gosala, Cody M. Allen, Gregory M. Shaver, Lisa Farrell, Edward Koeberlein, Brian Franke, Dale Strech, and James McCarthy Jr., Dynamic cylinder activation in diesel engines, First Published July 2018, International Journal of Engine Research
58. Xing Jin, Oleg Wasynczuk, and Gregory M. Shaver, Computationally Efficient and Flexible Magnetic-Field-Analysis-Based Electric Machine Scaling Strategy, IEEE Transactions on Energy Conversion 33(3) (2018) 1222-1232

59. Ana Guerrero de la Pena, Navindran Deavendralingam, Ali Raz, Daniel DeLaurentis, Gregory Shaver, Vivek Sujan, and Neera Jain, Projecting Line-Haul Truck Technology Adoption: How Heterogeneity Among Fleets Impacts System-Wide Adoption, Transportation Research Part E 124 (2019) 108-127
60. Aniruddha Jana, Gregory M. Shaver, R. Edwin Garcia, Physcial, on the Fly, Capacity Degradation Prediction of $LiNiMnCoO_2$- graphite cells, Journal of Power Sources 422, 185-195, 2019
61. Ana Guerrero de la Pena, Navindran Davendralingam, Ali K. Raz, Daniel D. DeLaurentis, Gregory Shaver, Vivek Sujan, and Neera Jain, Projecting Adoption of Truck Powertrain Technologies and CO2 emissions in Line-Haul Networks, Transportation Research Part D, accepted April 8th, 2020.
62. Alexander H. Taylor, Miles J. Droege, Gregory M. Shaver, Jairo A. Sandoval, Stephen Erlien and James Kuszmaul, Capturing the Impact of Speed, Grade and Traffic on Class 8 Truck Platooning, IEEE Transactions on Vehicular Technology, online, July 17th, 2020.
63. Alexander H. Taylor, Troy E. Odstrcil, Aswin K. Ramesh, Gregory M. Shaver, Edward Koeberlein, Lisa Farrell, and James McCarthy Jr., Model-Based Compressor Surge Avoidance Algorithm for IC Engines Utilizing Cylinder Deactivation During Motoring Conditions, International Journal of Engine Research, online 9-2019
64. Kalen R. Vos, Gregory M. Shaver, Aswin K. Ramesh, and James McCarthy Jr., Impact of Cylinder Deactivation and Cylinder Cutout via Flexible Valve Actuation on Fuel Efficient Aftertreatment Thermal Management at Curb Idle, Frontiers in Mechanical Engineering – Engine and Automotive Engineering, published 8-2019
65. Dheeraj B. Gosala, Gregory M. Shaver, James McCarthy Jr., and Tim Lutz, Fuel-Efficient Thermal Management in Diesel Engines via Valvetrain-enabled Cylinder Ventilation Strategies, International Journal of Engine Research, Volume 22, Issue 2, 2021
66. Dheeraj B. Gosala, Harikrishnan Raghukumar, Cody M. Allen, Gregory M. Shaver, James McCarthy Jr., Tim Lutz, Model-Based Design of Dynamic Firing Patterns for Supervisory Control of Diesel Engine Vibration, accepted by the IFAC Control Engineering Practice journal, Nov. 12th, 2020
67. Cody M. Allen, Dheeraj B. Gosala, Mrunal C. Joshi, Gregory M. Shaver, Lisa Farrell, and James McCarthy Jr., Experimental Assessment of Diesel Engine Cylinder Deactivation Performance during Low Load Transient Operations, International Journal of Engine Research (First Published June 24th, 2019), Volume 22, Issue 2, 2021
68. Kalen R. Vos, Gregory M. Shaver, Mrunal C. Joshi, and James McCarthy Jr., Implementing Variable Valve Actuation on a Diesel Engine During High-Speed Idle Operation for Improved Aftertreatment Warm-Up, International Journal of Engine Research, First Published October 16th, 2019
69. Mrunal C. Joshi, Dheeraj Gosala, Gregory M. Shaver, James McCarthy Jr. and Lisa Farrell, Exhaust Valve Profile Modulation for Improved Diesel Engine Curb Idle Aftertreatment Thermal Management, accepted 09-22-2020, International Journal of Engine Research, published online 04-10-2021
70. Kalen R. Vos, Gregory M. Shaver, Mrunal C. Joshi, Aswin K. Ramesh, and James McCarthy Jr., Strategies for Using Valvetrain Flexibility Instead of Exhaust Manifold Pressure Modulation for Diesel Engine Gas Exchange and Thermal Management Control, International Journal of Engine Research, First Published October 17th, 2019
71. Vaidehi Hoshing, Ashish Vora, Tridib Saha, Xing Jin, Gregory M. Shaver, Oleg Wasynczuk, R. Edwin Garcia, and Subbarao Varigonda, Comparison of Economic Validity of Series and Parallel PHEVs for Medium-Duty Truck and Transit Bus Applications, Journal of Automobile Engineering, Vol. 234(10-11) 2458–2472, July 2020
72. Vaidehi Hoshing, Ashish Vora, Tridib Saha, Xing Jin, Gregory M. Shaver, Oleg Wasynczuk, R. Edwin Garcia, and Subbarao Varigonda, Evaluating Emissions and Sensitivity of Economic Gains for Series Plug-In Hybrid Electric Vehicle Powertrains for Transit Bus Applications, Dec. 2020, 234(14), Journal of Automobile Engineering
73. Heavy-Duty Truck Platooning on Hilly Terrain Highways: Methods for Assessment and Improvement, Miles Droege, Brady Black, Ifeoluwa Ibitayo, Shubham Ashta, John Foster, and Gregory M. Shaver, published 12-29-2021, Journal of Automobile Engineering

74. Mrunal Joshi, Gregory M. Shaver, Kalen Vos, Jim McCarthy, Lisa Farrell, Internal exhaust gas recirculation via reinduction and negative valve overlap for fuel efficient aftertreatment thermal management at curb idle in a diesel engine, 2022, Vol 23 (3) 369-379
75. John L. Foster, Kalen Vos, Mrunal Joshi, Gregory M. Shaver, James McCarthy Jr., and Lisa Farrell, Diesel Engine 2-Stroke Breathing for Aftertreatment Warm-Up, International Journal of Engine Research, Volume 24, Issue 2, Feb. 2023
76. Xu Zhang, Gregory M. Shaver, Carlos A. Lana, Dheeraj Gosala, and David Langenderfer, Sensor System and Observer Algorithm Co-Design for Modern Internal Combustion Engine Air Management Based on H2 Optimization, April 2021, Frontiers in Mechanical Engineering: Engine and Automotive Engineering
77. Xu Zhang, Gregory M. Shaver, Carlos A. Lana, Dheeraj Gosala, and David Langenderfer, Sensor Selection and Controller Design Method with Application to Turbocharged Stoichiometric SI Engine Controls with Low Pressure EGR, submitted to Control Engineering Practice, accepted Nov. 26th, 2022
78. Ziping Liu, Logan J. Heusinger, Shveta Dhamankar, Chufan Jiang, Gregory M. Shaver, John T. Evans, and Corwin Puryk, A Computationally Efficient Model for Granular Material Piling in a Container, Computers and Electronics in Agriculture, Volume 194, March 2022
79. Sree Harsha Rayasam, Weijin Qiu, Ted Rimstidt, Gregory M. Shaver and Daniel Van Alstine, Control-Oriented Modeling, Validation and Interaction Analysis of Turbocharged Lean-Burn Natural Gas Variable Speed Engine, International Journal of Engine Research, Volume 24, Issue 2, Feb. 2023
80. Sree Harsha Rayasam, Weijin Qiu, Ted Rimstidt, Gregory M. Shaver and Daniel Van Alstine, Robust Model-Based Switching MIMO Air Handling Control of Turbocharged Lean-Burn SI Natural Gas Variable Speed Engines, International Journal of Engine Research, Volume 24, Issue 6
81. Ziping Liu, Shveta Dhamankar, John T. Evans, Cody M. Allen, Chufan Jiang, Gregory M. Shaver, Aaron Etienne, Tony J. Vyn, Corwin M. Puryk, and Brandon M. McDonald, Development and Experimental Validation of a System for Agricultural Grain Unloading-on-the-Go, Computers and Electronics in Agriculture, Volume 198, July 2022
82. Chufan Jiang, Ziping Liu, Logan Heusinger, Gregory M. Shaver, John T. Evans, and Corwyn Puryk, LiDAR-Based Benchmark Approach Development and Validation for Unloading-on-the-Go Systems Incorporating Stereo Camera-Based Perception, Biosystems Engineering, accepted August 16th, 2023
83. Xu Zhang, Gregory M. Shaver, Dheeraj Gosala, Carlos A. Lana, Dat D. Le, and David Langenderfer, Physically-Based Control-Oriented Modeling for Turbocharged Stoichiometric Spark-Ignited Engine with Cooled EGR and Flexible VVT Systems, International Journal of Engine Research, submitted April 11th, 2023
84. Control Design-Oriented Modeling and mu-Synthesis-Based Robust Multivariate Control of a Turbocharged Natural Gas Genset Engine, Weijin Qiu, Sree Harsha Rayasam, Gregory M. Shaver, Ted G. Rimstidt, and Daniel G. Van Alstine, accepted April 25th 2023, International Journal of Engine Research

**Refereed conference or symposium papers (57 have appeared, 5 in review) – based on a review of full paper by multiple peers.**

1. Gregory M. Shaver*, J. Christian Gerdes, Parag Jain and P.A. Caton and C.F. Edwards, Modeling for Control of HCCI Engines. *In the Proc. of the American Control Conference, 2003*, pp. 749-754, Denver
2. Gregory M. Shaver* and J. Christian Gerdes, Cycle-to-cycle control of HCCI Engines, *In the Proceeding of the 2003 ASME International Mechanical Engineering Congress and Exposition*, IMECE2003-41966, Washington D.C.
3. Gregory M. Shaver*, J. Christian Gerdes and Matthew Roelle, Modeling Cycle-to-Cycle Coupling in HCCI Engines Utilizing Variable Valve Actuation, *In the Proceedings of the 1st IFAC Symposium on Advances in Automotive Control, 2004*, pp. 244-249, Salerno, Italy (Selected for special issue of IFAC Journal of Control Engineering Practice)
4. Gregory M. Shaver*, J. Christian Gerdes and Matthew Roelle, Physics-Based Closed-Loop Control of Phasing, Peak Pressure and Work Output in HCCI Engines Utilizing Variable Valve Actuation,

*Proceedings of the American Control Conference*, pp. 150-155, 2004, Boston, Mass. (Best pres. in session award)

5. Gregory M. Shaver*, Aleksandar Kojic*, J. Christian Gerdes, Jean-Pierre Hathout, and Jasim Ahmed, Contraction and Sum of Squares Analysis of HCCI Engines, *In the Proceedings of the 2004 IFAC Symposium on Nonlinear Control Systems*, Stuttgart, Germany
6. Matthew J. Roelle*, Gregory M. Shaver and J. Christian Gerdes, Tackling the Transition: A Multi-Mode Combustion Model of SI and HCCI for Mode Transition Control, *In the Proceedings of the ASME International Mechanical Engineering Congress, 2004*, IMECE2004-62188, Anaheim, California
7. Gregory M. Shaver*, Matthew J. Roelle, J. Christian Gerdes, Decoupled Control of Combustion Timing and Work Output on an HCCI Engine, *Proceedings of the American Control Conference*, pp. 3871-3876 2005, Portland, Oregon (Best presentation in session award)
8. Gregory M. Shaver*, Matthew J. Roelle, J. Christian Gerdes, A 2-Input, 2-Output Model of Residual-Affected HCCI Engines, *In the proceedings of the 2006 American Control Conference*, Minneapolis, Minnesota
9. Gregory M. Shaver, Stability Analysis of Residual-Affected HCCI using Convex Optimization, *IFAC Advances in Automotive Control*, August 2007, Monterey Coast, CA
10. Anup Kulkarni*, Gayatri Adi*, and Gregory M. Shaver, Modeling Cylinder-to-Cylinder Coupling in Multi-Cylinder HCCI Engines Incorporating Reinduction, *2007 ASME IMECE*, IMECE2007-42487, November 2007, Seattle WA
11. David B. Snyder*, Elena G. Washington, Armando P. Indrajuana, and Gregory M. Shaver, Biodiesel Blend Estimation via a Wideband Oxygen Sensor, *Proceedings of the 2008 American Control Conference*, June
12. Meagan Arnold*, Aman Yadav, Gregory M. Shaver, and Eric Nauman, E. A. (2008, June). Measuring student perceptions of case-based instruction in an engineering course. Paper presented at the American Society of Engr. Education Annual Conference and Exposition, Pittsburg, PA.
13. David B. Snyder*, Gayatri H. Adi, Michael P. Bunce, Chris Satkoski, and Gregory M. Shaver, Uncertainty Analysis of Wideband Oxygen Sensor Based Strategy for Steady-State Biodiesel Blend Estimation, *2008 Dynamic Systems and Control Conference*, October 20-22, 2008
14. Gayatri Adi*, Carrie Hall, Chris Satkoski, Mike Bunce, David Snyder, and Gregory M. Shaver, An experimental and simulation study of increases in fuel consumption and NOx emissions in a biofueled diesel engine, *ASME Internal Combustion Engine Division 2009 Spring Technical Conference*, Milwaukee, Wisconsin, May 2009
15. Aman Yadav and Gregory M. Shaver, Comparing the lecture method with case teaching method in a mechanical engineering course, ASEE Annual Conference, Austin, TX June 2009
16. Anup Kulkarni*, Karla Stricker, Angeline Blum, and Gregory M. Shaver, PCCI control authority of a modern diesel engine outfitted with flexible intake valve actuation*, 2009 SAE International Powertrains, Fuels and Lubricants Meeting*, Florence, Italy, June 2009
17. Anup Kulkarni*, Gayatri Adi, Sriram S. Popuri, Gregory M. Shaver, Tim R. Frazier, and Donald W. Stanton, Development and validation of a flexible and computationally efficient whole engine model of a Cummins 2007 turbocharged diesel engine*, 2009 SAE International Powertrains, Fuels and Lubricants Meeting*, Florence, Italy, June 2009
18. Chris Satkoski*, Gregory M. Shaver, Ranjit More, Peter Meckl, and Douglas Memering, Dynamic Modeling of a Piezo-electric Actuated Fuel Injector, *IFAC Workshop on Engine and Powertrain Control Simulation and Modeling*, 11/30-12/2/2009, IFP, Rueil-Malmaison, France
19. Gayatri Adi*, Carrie Hall*, David Snyder*, Michael Bunce, and Gregory M. Shaver, Clean and Efficient Fuel-Flexible Combustion of Alternative Diesel Fuels via Closed-Loop Control, *2nd International Conference and Exhibition on Advances in Energy Research*, 12/2009, IIT Bombay
20. David Snyder*, Gayatri Adi, Michael Bunce, Carrie Hall, and Gregory M. Shaver, Dynamic exhaust oxygen based biodiesel blend estimation with an extended Kalman filter, *2010 American Control Conference*, Baltimore, MD on June 30-July 02, 2010
21. Christopher Satkoski and Gregory M. Shaver, Design of a Dynamic Fuel Flow Estimator For a Piezoelectric Fuel Injector*, 6th IFAC Symposium Advances in Automotive Control*, Munich – Schwabing, Germany, July 12-14, 2010.

22. Mike Bunce*, David Snyder*, Gayatri Adi*, Carrie Hall, Bernie Davila, and Gregory M. Shaver, Optimization of the performance and emissions of soy biodiesel blends in a modern diesel engine, *2010 ASME Internal Combustion Engine Division Fall Technical Conference*, September 12-15, 2010, San Antonio, TX, USA
23. David Snyder*, Gayatri Adi*, Carrie Hall, Mike Bunce, and Gregory M. Shaver, Closed-Loop Control Framework for Fuel-Flexible Combustion of Biodiesel Blends, *2010 ASME Internal Combustion Engine Division Fall Technical Conference*, September 12-15, 2010, San Antonio, TX, USA
24. Chris Satkoski*, Scott D. Biggs, and Gregory M. Shaver, Cycle-to-Cycle Estimation and Control of Multiple Pulse Profiles for a Piezoelectric Fuel Injection, 2011 American Control Conference
25. Lyle Kocher*, Ed Koeberlein*, Karla Stricker, Daniel Van Alstine, and Gregory M. Shaver, Control-Oriented Modeling of Diesel Engine Gas Exchange, *2011 Amer. Control Conf.*
26. Ed Koeberlein*, Lyle Kocher, Daniel Van Alstine, Karla Stricker, and Gregory M. Shaver, Physics-based Control-Oriented Modeling of Exhaust Gas Enthalpy for Engines Utilizing Variable Valve Actuation, *2011 Dyn. Systems and Control Conference*.
27. Karla Stricker*, Lyle Kocher, Ed Koeberlein, Daniel Van Alstine, and Gregory M. Shaver, Turbocharger Map Reduction for Control-Oriented Modeling, *2011 Dynamics Systems and Control Conference*.
28. Lyle Kocher, Ed Koeberlein, Daniel Van Alstine, Karla Stricker, and Gregory M. Shaver, Physically-Based Volumetric Efficiency Model for Diesel Engines Utilizing Variable Intake Valve Actuation, *2011 Dynamics Systems and Control Conference*.
29. Neha Ruikar*, Chris Satkoski*, and Gregory M. Shaver, Control Design Amenable Model of Needle Position for a Direct Acting Piezoelectric Fuel Injector, *2011 Dyn. Systems and Control Conference*.
30. Gayatri Adi*, Carrie Hall*, and Gregory M. Shaver, Closed-Loop Control of Fuel-Flexible CI Engines, *3rd International Conference on Advances in Energy Research*, December, 2011.
31. Dan Van Alstine*, Lyle Kocher, Ed Koeberlein, Karla Stricker, and Gregory M. Shaver, Control-Oriented PCCI Combustion Timing Model for a Diesel Engine Utilizing Flexible Intake Valve Actuation and Higher EGR Levels, *2012 American Control Conference*.
32. Karla Stricker*, Lyle Kocher, Ed Koeberlein, Dan Van Alstine, and Gregory M. Shaver, Effective Compression Ratio Estimation in Engines with Flexible Intake Valve Actuation, *2012 American Control Conference*.
33. Lyle Kocher, Karla Stricker, Dan Van Alstine, Ed Koeberlein, and Gregory M. Shaver, Oxygen Fraction Estimation for Diesel Engines Utilizing Variable Intake Valve Actuation, *2012 American Control Conference*.
34. Carrie M. Hall*, Gregory M. Shaver, Jonathan Chauvin, and Nicolas Petit, Combustion Phasing Model for Control of a Gasoline-Ethanol Fueled SI Engine with Variable Valve Timing, *2012 American Control Conference*.
35. Gayatri Adi*, Carrie Hall*, and Gregory M. Shaver, Diesel Engine Control Strategy for Biodiesel Blend Accommodation Independent of Fuel Fatty Acid Structure, *2012 IFAC Workshop*
36. Lyle Kocher*, Karla Stricker, Dan Van Alstine, and Gregory M. Shaver, Robust Oxygen Fraction Estimation for Diesel Engines Utilizing Variable Intake Valve Actuation, *2012 IFAC Workshop*
37. Karla Stricker*, Lyle Kocher, Dan Van Alstine, and Gregory M. Shaver, Guaranteed Convergence of a High-Gain Input Observer Robust to Measurement Uncertainty: Application to Effective Compression Ratio Estimation, *2012 IFAC Workshop*
38. Carrie M. Hall, Dan Van Alstine, Lyle Kocher, and Greg Shaver, Combustion Timing Modeling & Control Framework for Biodiesel/Diesel Blends During Pre-mixed Combustion, *2012 Dynamic Systems and Control Conference*.
39. Dat Le*, Jin Shen*, Neha S. Ruikar, and Gregory M. Shaver, Dynamic Modeling of Piezo-Electric Injector-Enabled Rate Shaping, *American Control Conference*, 2013.
40. Jin Shen*, Neha Ruikar*, Dat Le and Gregory M. Shaver, Model-based Within-a-Cycle Estimation of Rate Shaping for a Piezoelectric Fuel Injector, *American Control Conference*, 2013.
41. Lyle Kocher*, Mark Magee, Dan Van Alstine, Gregory M. Shaver , A Nonlinear Model-Based Controller for Premixed Charge Compression Ignition Combustion Timing in Diesel Engines, *American Control Conference*, 2013.

42. Dat Le*, Bradley W. Pietrzak, and Gregory M. Shaver, Rate Shaping Estimation and Control of a Piezoelectric Fuel Injector, *2013 Dynamics Systems and Control Conference*, 2-2013
43. Carrie M. Hall*, Dan Van Alstine, and Gregory M. Shaver, Flatness-Based Control of Mode Transitions between Conventional and Premixed Charge Compression Ignition on a Modern Diesel Engine with Variable Valve Actuation, *2013 Dynamics Systems and Control Conference*, 2-2013
44. Bradley Pietrzak*, Dat Le, and Gregory M. Shaver, Model-Based Estimation of Piezoelectric Fuel Injector Parameters, 2014 American Control Conference
45. Adam Fogarty, Kevin Oswald, Gregory M. Shaver, Peter Meckl, and Vahid Motevallii, Design of a Rear Suspension Cradle for usage in a Parallel-Through-the-Road PHEV, 2014-01-1928
46. Ashish Vora, Haotian Wu, Chuang Wang, Yili Qian, Gregory M. Shaver, Peter Meckl, Haiyan Zhang, Development of a SIL, HIL and Vehicle Test-Bench for Model-Based Design and Validation of Hybrid Powertrain Control Strategies, 2014-01-1906, in review
47. Leighton Roberts, Mark Magee, David Fain, Greg Shaver, Eric Holloway, Raymond Shute, James McCarthy, Douglas Nielsen, Edward Koeberlein, Raymond Shute, and David Koeberlein, Impact of Cylinder Deactivation at Idle on Thermal Management and Efficiency, 2014 SAE COMVEC
48. Leighton Roberts, Mark Magee, David Fain, Greg Shaver, Eric Holloway, Raymond Shute, James McCarthy, Douglas Nielsen, Edward Koeberlein, Raymond Shute, and David Koeberlein, Impact of Early Exhaust Valve Opening on Exhaust Thermal Management and Efficiency for Compression Ignition Engines, 2014 SAE COMVEC
49. Dat Le*, Bradley Pietrzak, and Gregory M. Shaver, Stability Analysis of Dynamic Surface Control for Piezoelectric Fuel Injection During Rate Shaping, 2014 Dynamic Systems and Control Conference
50. Ashish P. Vora, Xing Jin, Vaidehi Hoshing, Xiaofan Guo, Gregory M. Shaver, Wallace Tyner, Eric Holloway, Subbarao Varigonda, and Joachim Kupe, Simlation Framework for the Optimization of HEV Design and Control Parameters: Incorporating Battery Degradation in a Lifecycle Economic Analysis, to appear in the 2015 IFAC Workshop on Engine and Powertrain Control, Simulation and Modeling, August, 2015
51. Shubham Agrawal, Xiaohui Liu, Xing Jin, Ashish Vora, Gregory Shaver, Srinivas Peeta, J. Eric Dietz, and Joseph Pekny, Quantifying the Impacts of Electric Vehicle Travel Patterns on Battery Life Span, 96th Annual Meeting of the Transportation Research Board, January 8th – 12th, 2017, Washington D.C.
52. Xing Jin, Ashish P. Vora, Vaidehi Hoshing, Tridib Saha, Gregory M. Shaver, Oleg Wasynczuk, and Subbarao Varigonda, Applicability of Available Li-Ion Battery Degradation Models for System and Control Algorithm Design, 2017 ACC,
53. Xing Jin, Ashish P. Vora, Vaidehi Hoshing, Tridib Saha, Gregory M. Shaver, R. Edwin Garcia, Oleg Wasynczuk, and Subbarao Varigonda, Physically-based Reduced-Order Capacity Loss Model for Graphite Anodes in Li-Ion Battery Cells, 2017 ACC,
54. Ana Guerrero de la Pena, Navin Davendralingam, Ali K. Raz, Vivek Sujan, Daniel DeLaurentis, Gregory M. Shaver, and Neera Jain, Modeling Freight Transportation as a System-of-Systems to Determine Adoption of Emerging Vehicle Technologies, Proceedings of the 2018 International Conference on Transportation and Development, Pittsburgh, PA, July 15-18 2018
55. Joshi, M., Gosala, D., Allen, C., Srinivasan, S., Ramesh, A., VanVoorhis, M., Taylor, A., Vos, K., Shaver, G., McCarthy, J. Jr., Farrell, L. and Koeberlein, E., "Diesel Engine Cylinder Deactivation for Improved System Performance over Transient Real-World Drive Cycles," SAE 2018-01-0880, 4/3/2018.
56. Ramesh, A. K., Gosala, D. B., Allen, C., Joshi, M., McCarthy, J. Jr., Farrell, L., Koeberlein E. and Shaver, G., "Cylinder Deactivation for Increased Engine Efficiency and Aftertreatment Thermal Management in Diesel Engines," SAE 2018-01-0384, 4/3/2018,
57. A. Guerrero de la Peña, N. Davendralingam, A. Raz, G. Shaver, D. DeLaurentis, Vivek A. Sujan, and N. Jain "Modeling the Combined Effect of Powertrain Options and Autonomous Technology on Vehicle Adoption and Utilization by Line-haul Fleets." *Proceedings of the 2019 IEEE Intelligent Transportation Systems Conference*, Auckland, New Zealand, October 27-30, 2019
58. Weijin Qiu*, Sree Harsha Rayasam, Gregory M. Shaver, Ted Rimstidt, Daniel G Van Alstine, Michael Graziano, Modeling and Robust Coordinated Control of Turbocharged Natural Gas

Engine with Genset Application, 2022 IFAC International Symposium on Advances in Automotive Control

59. Chufan Jiang*, Shveta Dhamankar, Ziping Liu, Gautham Vinod, Gregory M. Shaver, John Evans, Corwin Puryk, Eric Anderson, Daniel DeLaurentis, Co-simulation of the Unreal Engine and MATLAB/Simulink for Automated Grain Offloading, 2022 IFAC International Symposium on Advances in Automotive Control
60. Miles Droege, Brady Black, Shubham Ashta, John Foster, Gregory M. Shaver*, Neera Jain, Ryan Thayer, Next Generation Heavy-Duty Truck Platooning – Improvements on Hilly Terrain Highways, 2022 IFAC International Symposium on Advances in Automotive Control
61. Sree Harsha Rayasam*, Weijin Qiu, Gregory M. Shaver, Ted Rimstidt, Daniel G Van Alstine, Robust Model-Based Multiple-Input Multiple-Output Control of Turbocharged Lean-Burn Natural Gas Engines, 2022 IFAC International Symposium on Advances in Automotive Control
62. Ziping Liu*, Shveta Dhamankar, John Evans, Cody Allen, Chufan Jiang, Gregory M. Shaver, Aaron Etienne, Vyn Tony, Corwin Puryk, Brandon McDonald, Automation of Agricultural Grain Unloading-on-the-go, 2022 IFAC International Symposium on Advances in Automotive Control

**Books and chapters in books.**

1. Gregory M. Shaver, *Enabling Simultaneous Reductions in Fuel Consumption, $NO_x$, and $CO_2$ via Modeling and Control of Residual-Affected Low Temperature Combustion*, Chapter in: Emerging Environmental Technologies, Springer 2008 (peer-reviewed)

**Other publications.**

1. Gavin Maxwell*, Cameron Mackay, Ian Jowsey, Seema Bajaria, Katherine Kudrycki, Saroja Ramanujan, Gregory M. Shaver, Christina Friedrich, David Lockley, F. Reynolds, and J. Fentem, In- silico Modelling of Skin Sensitization, 20th Meeting of the European Research Group on Experimental Contact Dermatitis, Lyon, October 20-22, 2006
2. Cameron Mackay*, Seema Bajaria*, Gregory M. Shaver, Katherine Kudrycki, Saroja Ramanujan, Thomas Paterson, Christina Friedrich, G. Maxwell, I. Jowsey, D. Lockley, F. Reynolds, and J. Fentem, In silico modeling of skin sensitization, Proceedings of the Joint Meeting of The British Toxicology Society & The In Vitro Toxicology Society, University of York, York, UK, Toxicology 231 (2007) 100-103
3. David B. Snyder and Gregory M. Shaver, Biodiesel Sensing Technology Development for Fuel Flexible Diesel Engine, Transportation Research Board 87th Annual Meeting, 1/13/2008
4. Gregory M. Shaver, *Enabling Simultaneous Reductions in Fuel Consumption, $NO_x$, and $CO_2$ via Modeling and Control of Residual-Affected Low Temperature Combustion*, Invited talk, 236th American Chemical Society National Meeting, Philadelphia, PA, August 17-21, 2008

**Contributed conference/symposium presentations.**

1. Gavin Maxwell*, C. Mackay, S. Bajaria, K. Kudrycki, G. Shaver, S. Ramanujan, I. Jowsey, D. Lockley, C. Friedrich, *Poster* - An in silico approach to aid is assessing the risk of chemical-induced skin sensitization, Poster, 6th World Congress on Alternatives & Animal Use in the Life Sciences, August 21st-25th, 2007 Tokyo, Japan.
2. Cameron Mackay*, Seema Bajaria, G. Maxwell, K. Kudrycki, G. Shaver, S. Ramanujan, I. Jowsey, D. Lockley, C. Friedrich, *Poster* - An in silico approach to aid is assessing the risk of chemical-induced skin sensitization, Poster, 8th International Conf. on Systems Biology, October 1-6, 2007, Long Beach, CA
3. Gavin Maxwell*, Cameron MacKay, Seema Bajaria, Katherine Kudrycki, Gregory M. Shaver, Saroja Ramanujan, Ian Jowsey, Dave Lockley, and Christina Friedrich, *Poster* - Assuring safety without animal testing: Skin allergy case study – Application of an in silico modeling approach, Poster, EPAA 2007 Annual Conference, November 5, 2007, Brussels
4. Karla Stricker*, Dan Van Alstine, Lyle Kocher, Rajani Modiyani, Ed Koeberlein, and Paul Meckl, Gregory Shaver, *Poster - Reducing Emissions and Fuel Consumption via Advanced Mode Combustion Control in Engines with Flexible Valve Actuation*, Symposium on Control and Modeling of Alternative Energy Systems, Univ. of Illinois at Urbana-Champaign, 4/2/2009

5. David Snyder*, Michael Bunce, Carrie Hall, Gayatri Adi, Jeremy Koehler, Bernie Davila, Gregory Shaver, *Poster - Clean and Efficient Fuel-Flexible Combustion of Alternative Diesel Fuels Via Closed-Loop Control*, Symposium on Control and Modeling of Alternative Energy Systems, Univ. of Illinois at Urbana-Champaign, 4/2/2009

**Invited colloquium, seminar series, and conf. presentations. (40, including: 6 international)**

1. "Modeling for Control of HCCI Engines" –Robert Bosch Corporation Research and Technology Center, Palo Alto, CA August 15th 2003
2. *Contraction and Sum of Squares Analysis of HCCI Engines*, Robert Bosch Corporation, Stuttgart, Germany, 9/2004
3. "Physics-based Modeling and Control of HCCI Engines" – Mechanical Engineering Department, California Polytechnic State University, June 2005
4. "Physics-based Modeling and Control of HCCI Engines" – Entelos, Foster City, CA 6/2005
5. *Physics-based Modeling and Control of HCCI Engines*, Center for Automotive Research, The Ohio State Univ., 8/2005
6. "From Physics-based Modeling & Control of HCCI to Physiology-based Modeling & Control of Human Disease" Stanford University, October 14th, 2005 ME201 Seminar: Introduction to research in mechanical engineering & strategies for getting involved. Audience M.S. students and undergraduates
7. *Modeling, Design, Utilization & Control of Novel Combustion Systems*, Oak Ridge Nat. Lab, 11/29/2006
8. *Modeling, Design, & Control of Novel Combustion Systems*, Purdue ASME Luncheon, 1/10/2008
9. Clean and Efficient Fuel-Flexible Combustion of Alternative Diesel Fuels via Closed-loop Control, IUPUI, 4/22/2008
10. Gregory M. Shaver, *Enabling Simultaneous Reductions in Fuel Consumption, $NO_x$, and $CO_2$ via Modeling and Control of Residual-Affected Low Temperature Combustion*, Invited talk, 236th American Chemical Society National Meeting, Philadelphia, PA, August 17-21, 2008
11. *Purdue IndyGo Biodiesel Study*, Indiana MPO Annual Statewide Conference on Freight, Fiber, and Fuel – Planning for Transportation, Mobility and Resources in a Global Economy, Century Center, South Bend, IN 10/9/2008
12. Demo to middle school students for MINDS (Mastering Ideas Necessary for Developing Students) Program "*Next Generation Engine Modeling and Control Research at Purdue University*", October 18th, 2008, event held at Purdue for middle school students to give them a better understanding of engineering.
13. *Advances in Clean and Efficient Engine Technology*, Purdue ME290 Seminar, 2-12-2009
14. Presentation and lab tour at Herrick Labs, *Fuel Flexible Combustion for the Clean & Efficient Use of Biodiesel*, for Purdue University Women in Engr. Program - Innovation to Reality Program, 2-19-2009
15. *Plenary Presentation – Modeling and Control of Next Generation IC Engines*, 2nd Intl. Conf. and Exhibition on Advances in Energy Research, December 2009, IIT Bombay
16. Advanced Mode & Fuel-Flexible Combustion Control Activities at Purdue University, March 9th, 2010, IFP, Paris, France
17. Model-Based Closed-Loop Control of IC Engine Fuel Injection, Gas Exchange, and Combustion Processes, Lindbergh Lecture, University of Wisconsin – Madison, March 10, 2011
18. Model-Based Closed-Loop Control of IC Engine Fuel Injection, Gas Exchange and Combustion Processes; Flow, Heat Transfer and Combustion Workshop, Shanghai Jiao Tong Univ., June 2-3, 2011
19. Fuel Adaptive Diesel Engine Control, 2011 Adv. Engine Control Symposium, Tianjin University, November 16th, 2011
20. *Plenary Pres.* - Model-Based Closed-Loop Control of IC Engine Fuel Injection, Gas Exchange, and Combustion Processes, 3rd Intl. Conf. and Exhibition on Adv. in Energy Res., Dec. 2011, IIT Bombay
21. Model-Based Closed-Loop Control of Advanced Engine Systems and Combustion Strategies, Ford Research and Innovation Center, Dearborn, MI, January 23, 2012
22. Model-Based Closed-Loop Control of Advanced Engine Systems and Combustion Strategies, The Ohio State University, February 9th, 2012
23. Fuel Adaptive Diesel Engine Control, John Zink Company, February 20th, 2012
24. Model-Based Closed-Loop Control of Advanced Engine Systems and Combustion Strategies, University of Houston, March 29th, 2012

25. Engine Model and Control Research at Purdue, Advanced Engine Control Symposium, University of Michigan, April 23rd, 2012
26. Development of High Efficiency, Environmentally Friendly Vehicles, Science on Tap, August 23rd, 2012
27. Automotive Research at Purdue, VIT (Vellore India), January 20th, 2013
28. Model-Based Engine Algorithm Dev. for Control and Virtual Sensing, Mich. Tech Univ. April 4th, 2013
29. Model-Based Engine Algorithm Development for Control and Virtual Sensing, 2013 University of Wisconsin Engine Research Center Symposium, June 5th, 2013
30. Engine Systems Integration and Control Research at Purdue (Invited Talk), Ford, August 2014
31. Using Cylinder Deactivation to Improve Diesel Engine Fuel Efficiency via Improved Aftertreatment Thermal Management, Chicago, September 2017
32. Improving Heavy-Duty Diesel Engine System Fuel Economy via Cylinder Deactivation for Fuel-Efficient Aftertreatment System Temperature Maintenance, DOE Crosscut Meeting, Detroit, July 2017
33. Opportunities and Benefits of Commercial Truck Platooning, Indiana Department of Transportation Connected and Autonomous Vehicle Summit, Indianapolis, June 2017
34. (Invited Talk & Panelist), Work Truck Show, Indianapolis, March 2018
35. Control Challenges for CI Engines Incorporating Valvetrain Flexibility for Efficiency and Aftertreatment Thermal Management (Keynote), Symposium for Combustion Control, Aachen Germany, May 2018
36. Standards Role in Managing Technology Disruptions (Invited Talk & Panelist), 2018 SAE COMVEC
37. High-Efficiency Control Systems Development for Connected and Automated Class 8 Trucks (Invited Talk), ASME Connected & Automated Vehicle Workshop, Atlanta, September 2018
38. PHEV Viability for MD Trucks & Transit Buses & Expected Engine Operation in Them (Invited Talk & Panelist), ASME Internal Combustion Engine Fall Conference, San Diego, November 2018
39. Fuel-efficient Diesel Engine Thermal Management via Cylinder Deactivation (Invited Talk), Integer Emissions Conference, Indianapolis, December 2018
40. Cummins/Purdue Research Partnership (Invited Talk & Panelist), National Academic of Science and Engineering, Washington D.C., December 2018
41. High-Efficiency Control Systems for Connected Class 8 Trucks, 2019 Work Truck Show, March 6th, 2019
42. Commercial Vehicle Research at Purdue, Alumni Event hosted by GM, Detroit, April 14th, 2019
43. Class 8 Truck Platooning, 2019 MAASTO
44. Class 8 Truck Platooning, 2019 SAE COMVEC, Sept. 10th, 2019
45. Advancing Driver-Centric Automation to Enhance Safety & Efficiency in Freight Trucking, Purdue Engineering Rising to the Challenge Webinar, June 2020
46. Enhancing Platooning Performance in Hilly Terrain, Automated Vehicle Symposium, July 20th, 2020
47. Improving Class 8 Truck Platooning on Hilly Terrain, AUVSI, August 28th, 2020
48. Eaton/Purdue Webinar – Advantages of CDA in Real-World Drive Cycles, October 14, 2020
49. Eaton/Purdue Webinar – Understanding Diesel Cylinder Deactivation, October 21st, 2020
50. Miles Droege, Greg Shaver, Advanced Control Strategies for Platooning Class 8 Trucks on Hilly Terrain, COMVEC 2020
51. Automation, Electrification, and Precision Technologies that are Redefining Construction and Agriculture, Purdue ICON Seminar with John Deere, Feb. 5th, 2021
52. Deere Seminar -- Improving diesel engine system efficiency & aftertreatment thermal management through variable valve actuation, June 2021
53. Ziping Liu, Greg Shaver, & John Evans, Combine Harvester Automatic Offloading, COMVEC 2021, September 14-16, 2021

**Course Instruction**

| SEM | COURSE TITLE | COURSE # | # RESPONSES/ # IN COURSE | COURSE EVAL SCORE | PROF EVAL SCORE | DEPT* AVE. SCORE |
|---|---|---|---|---|---|---|
| F06 | Measurement Systems | 365 | ??/?? | NA | 4.2 | 3.96 |
| S07 | System Modeling and Analysis | 375 | 65/68 | 4.1 | 4.3 | 4.15 |
| F07 | System Modeling and Analysis | 375 | 60/72 | 4.1 | 4.7 | 4.15 |
| S08 | System Modeling and Analysis | 375 | 51/68 | 3.9 | 4.4 | 4.15 |
| F08 | Automatic Control Systems | 475 | 32/35 | 4.1 | 4.9 | 3.95 |
| S09 | Automatic Control Systems | 475 | 28/32 | 4.4 | 4.6 | 3.95 |
| F09 | Theo. and Des. of Control Sys. | 575 | 27/38 | 4.2 | 4.5 | 4.49 |
| S10 | System Modeling and Analysis | 375 | 45/76 | 3.7 | 3.4 | 4.15 |
| F10 | Theo. and Des. of Control Sys. | 575 | 25/33 | 4.6 | 4.6 | |
| S11 | Sys. Modeling and Analysis | 375 | 56/69 | 3.8 | 3.9 | |
| F11 | Theo. and Des. of Control Sys. | 575 | 28/37 | 4.3 | 4.4 | |
| | EcoCAR-Juniors | 497 | 6/8 | 4.5 | 4.5 | |
| | EcoCAR-Seniors | 497 | 4/6 | 3.5 | 4.5 | |
| S12 | Senior Design – EcoCAR | 463 | 4/7 | 4.3 | 4.3 | |
| | EcoCAR-Juniors | 497 | 3/4 | 4.0 | 4.3 | |
| | EcoCAR-Seniors | 497 | 1/2 | 5 | 5 | |
| | Multivariable Control Systems | 675 | 14/20 | 4.4 | 4.4 | |
| F12 | Theo. and Des. of Control Sys. | 575 | 22/37 | 4.1 | 4.3 | |
| | EcoCAR-Juniors | 497 | 2/4 | 5 | 4 | |
| S13 | Adaptive Control | 689 | 11/25 | 4.0 | 3.9 | |
| | Senior Design – EcoCAR | 463 | 3/6 | 4.8 | 5.0 | |
| | EcoCAR – Juniors | 497 | 3/3 | 4.8 | 4.0 | |
| F13 | Theory and Des. of Control Sys. | 575 | 31/39 | 4.3 | 4.5 | |
| | EcoCAR – Juniors | 497 | 2/9 | 5 | 5 | |
| S14 | Multivariable Control Systems | 675 | 9/18 | 3.8 | 3.3 | |
| | EcoCAR | 497 | 2/5 | 4.5 | 4.5 | |
| F14 | Theory and Des. Of Cntl Sys | 575 | 28/34 | 4.5 | 4.5 | |
| | Theory and Des. Of Cntl Sys – EPE | 575 | 24/50 | 4.6 | 4.7 | |
| S15 | Sys. Modeling and Analysis | 375 | 46/96 | 3.9 | 4.2 | |
| F15 | Measure Control Systems I | 365 | 60/80 | 3.6 | 3.4 | |
| S16 | Engineering Design | 463 | 15/19 | 4.6 | 4.7 | |
| F16 | Internal Combustion Engines | 540 | 17/29 | 4.1 | 4.3 | |
| F17 | Theory and Design of Control Systems | 575 | 37/58 | 4.6 | 4.5 | |
| S18 | Multivariable Control Systems | 675 | 17/34 | 4.1 | 4.3 | |
| F18 | Internal Combustion Engines | 540 | 18/25 | 3.9 | 4.2 | |
| F19 | Measurement & Control Systems II | 375 | 50/54 | 4.2 | 4.3 | |
| S20 | Measurement & Control Systems II | 375 | | | | |
| F20 | Measurement & Control Systems II | 375 | | | | |
| S21 | Mechatronics | 588 | 20/42 | 4.1 | 4.2 | 4.35 |
| F21 | Automatic Control Systems | 475 | 32/47 | 4.3 | 4.4 | 4.2 |
| S22 | Measurement & Control Systems II | 375 | 58/67 | | 4.2 | |
| F22 | Measurement & Control Systems II | 375 | 13/59 | | 4.5 | |
| Mean | | | | 4.3 | 4.4 | |
| Standard Deviation | | | | 0.40 | 0.42 | |

**Major committee assignments in the Department, School, and/or University.**

- Mechanical Engineering Cabinet, October 2022 – present
- Engineering Area Promotions Committee, Fall 2021 – present
- Transportation Research Area Chair, Mechanical Engineering, Fall 2020 – present
- Provost's Faculty Advisory Committee on Diversity and Inclusion, Fall 2020 – present
- Academic Area Chair, Mechanical Engr. Systems, Measurement and Control, Spring 2019 – present
- College of Engineering Faculty Affairs Committee, Fall 2018 – Summer 2020
- Mechanical Engineering Head Search Committee, Fall 2018 – Spring 2019
- Engineering Dean Search Committee, 2017
- Mechanical Engineering Leadership Team (MELT), Fall 2014 – present
- Mechanical Engineering Graduate Admissions Committee, Fall 2015- present
- Safety Committee (member), Herrick Labs, School of Mechanical Engineering, Spring 2007-present
- Communications Committee (member), School of Mechanical Engineering, Fall 2006-Spring 2008
- Grade Appeals Committee (member), College of Engineering, Spring 2007-Spring 2009
- Graduate Committee (member), School of Mechanical Engineering, Fall 2009-January 2013
- Mechanical Engineering Leadership Team (MELT), Fall 2011-present
- ME Search Committee (member) - November 2012- Spring 2013
- ME Search Committee (member) – October 2014 – April 2015

**Administrative duties at Purdue.**

- Director, Ray W. Herrick Laboratories
- Faculty advisor, Theta Tau Engr. Fraternity
- Faculty advisor, Purdue University EcoCar2 team – designing a plug-in hybrid electric vehicle powertrain for a 2012 Chevy Malibu

**Service to government or professional organization.**

- Associate Editor, International Federation of Automatic Control (IFAC) Control Engineering Practice Journal, March 2009 – December 2013
- Associate Editor, International Journal of Engine Research, August 2014 – present
- Associate Editor, Frontiers in Engine and Automotive Research, November 2014 - present
- Associate Editor, ASME Journal of Dynamics Systems Measurement and Control, July 2012-2016
- Editorial board, ASME Dynamics Systems and Control Magazine, 1/2012-present
- Session Co-chair and Organizer (Automotive Propulsion Systems) for the 2006 American Control Conference
- Editor, 2007 IFAC Advances in Automotive Control Symposium and Special Journal Issue
- 2008 Purdue Pugwash Undergraduate Research Symposium Poster Judge, 3/20/2008
- Proposal Review Panel Member, NSF Control Systems Program, May 4th-5th, 2008
- ASME Fuels Program Peer Review Panel Member for U.S. Dept. of Energy, National Energy Technology Laboratory, Feb. 2009
- 2009 Sigma Xi Graduate Student Research Awards, Poster Judge, 2/18/2009
- Paper reviewer for: IFAC Control Engineering Practice; Journal of Dynamic Systems, Measurement, and Control; IEEE/ASME Transactions on Mechatronics; IEEE Control Systems Technology; Journal of SAE International; American Control Conference, ASEM International Mechanical Engineering Congress and Exposition; IFAC Symposium on Advances in Automotive Control
- Chairman, Automotive and Transportation Panel, ASME Division of Dynamic Systems and Control, July 2013 – November 2014

**Graduate Thesis Committees Chaired (i.e., student for which I am the major professor)**

- **20 current, including: 10MSME, 10PhD**
- **60 past, including: 35 MSME, 25 PhD**

| | NAME | DEG. | START DATE | GRAD. DATE | CO-CHAIR | TITLE |
|---|---|---|---|---|---|---|
| 1 | Anup Kulkarni | MSME | | 8/2008 | ---- | Investigation of high efficiency, ultra-low emission, advanced model diesel combustion in a validated, flexible and computationally efficient whole engine model |
| 2 | Gayatri Adi | MSME | | 12/2008 | ---- | An Experimental and Simulation Study of Fuel Consumption and NOx Emission from Bio-fueled Diesel Engines |
| 3 | Michael Bunce | MSME | | 7/2009 | ---- | Opt. of Soy-Biodiesel Combustion in a Modern Diesel Engine |
| 4 | Rajani Modiyani | MSME | | 3/2010 | ---- | Effect of Intake Valve Closure Timing on Effective Compression Ration and Gas Exchange Process of a Modern Diesel Engine |
| 5 | David Snyder | DPhD | | 8/2010 | ---- | Soy-Based Biodiesel Blend Estimation and Accommodation in a Modern Diesel Engine |
| 6 | Chris Satkoski | MSME | | 12/2010 | ---- | Modeling, Estimation, and Closed Control of Piezo-electric Actuate Fuel Injector |
| 7 | Edward Koeberlein | MSME | | 12/2011 | ---- | Physics-Based Modeling & Estimation of Exhaust Manifold Filling Dynamics on a Diesel Engine Equipped with Flexible Intake Valve Actuation |
| 8 | Gayatri Adi | PhD | | 5/2012 | ---- | Closed-Loop Control for Biodiesel Blends During Mixing Controlled Combustion |
| 9 | Karla Stricker | DPhD | | 5/2012 | ---- | Turbocharger Map Reduction and Estimation of Effective Compression Ratio in a Modern Diesel Engine Utilizing Flexible Intake Valve Modulation |
| 10 | Bryan Whitney Belt | MSME | | 12/2012 | ---- | High Voltage Energy Storage System Design for a Parallel-Through-the-Road Plug-In Hybrid Electric Vehicle |
| 11 | Neha Ruikar | MSME | | 12/2012 | ---- | FPGA/Model – Based Within-a-Cycle Flow Rate Estimation for a Piezo-electric Fuel Injector |
| 12 | Lyle Kocher | DPhD | | 12/2012 | ---- | Physically-Based Modeling, Estimation, and Control of the Gas Exchange and Combustion Processes for Diesel Engines Utilizing Variable Intake Valve Actuation |
| 13 | Dan Van Alstine | DPhD | | 5/2013 | ---- | Control-Oriented Modeling and Operating Range Expansion of PCCI Combustion in a Multi-Cylinder Diesel Engine with Flexible Valve Actuation and Variable Fuel Reactivity |
| 14 | Carrie Hall | DPhD | | 12/2012 | ---- | Fuel-Flexible Combustion Control of Modern Compression-Ignition and Spark-Ignition Engines |
| 15 | Jin Shen | MSME | | 12/2012 | ---- | Within-a-Cycle Flow Rate Estimation for Piezoelectric Fuel Injection |
| 16 | Dat Le | DPhD | | 3/2014 | ---- | Model-Based Control of Piezo-Electric Fuel Injection During Rate Shaping Operation |
| 17 | Ashish Vora | DPhD | | 6/2016 | Meckl | Modeling the Impact of Battery Degradation Within Lifecycle Cost Based Design Optimization of Heavy-Duty Hybrid Electric Vehicles |

| | | | | | | |
|---|---|---|---|---|---|---|
| 18 | Nishi Railkar | MSME | | 12/2013 | ---- | Investigation of Operating Range Capability of Gasoline-Fueled Compression Ignition |
| 19 | Chuan Ding | PhD | | 8/2014 | ---- | Thermal Efficiency and Emission Analysis of Advanced Thermodynamic Strategies in Multi-cylinder Diesel Engines Utilizing Valve Train Flexibility |
| 20 | Mark Magee | MSME | | 12/2013 | ---- | Exhaust Thermal Management Using Cylinder Deactivation (deposited 1/2014) |
| 21 | Leighton Robert | MSME | | 7/2014 | ---- | Analysis of the Impact of Early Exhaust Valve Opening and Cylinder Deactivation on Aftertreatment Thermal Management and Efficiency for Compression Ignition Engines |
| 22 | Adam Fogarty | MSME | | 8/2014 | Meckl | High Voltage Rear Electric Drivetrain Design for a Parallel-Through-the-Road PHEV |
| 23 | Bilwa Jadhav | MSME | | 7/2014 | Meckl | Integration and Implementation of High-Voltage Energy Storage Sub-System for a Parallel-Through-The-Road PHEV |
| 24 | David Fain | MSME | | 6/2014 | ---- | Operating Range Characterization and Expansion of PCCI in a Multi-Cylinder Diesel Engine w. VVA, Variable Fuel Reactivity and Revised Turbomachinery |
| 25 | Akash Garg | MSME | | 12/2013 | ---- | Exhaust Thermal Management Using Intake Valve Closing Timing Modulation |
| 26 | Brad Pietrzak | MSME | | 12/2014 | ---- | Algorithm Development and Analysis for Advanced Engine Technologies Including Piezoelectric Fuel Injection and Variable Valve Actuation |
| 27 | Xing Jin | PhD | | 12/2017 | ---- | Physics-Based Computationally Efficient Battery Degradation Model and Electric Machine Scaling Strategy for Hybrid Electric Vehicle Design Optimization |
| 28 | Aswin Ramesh | DPhD | | 8/2018 | ---- | Utilization of Variable Valve Actuation to Improve Fuel Efficiency and Aftertreatment Thermal Management in Diesel Engines |
| 29 | Mayura Halbe | MSME | | 8/2015 | ---- | Analysis and Algorithm Development for Diesel Engine Systems Utilizing Variable Valve Actuation to Enable Premixed Charge Compression Ignition and Cylinder Deactivation |
| 30 | Lucius Wang | MSME | | 8/2015 | ---- | Increasing the High Load Limit of Effective Premised Charge Compression Ignition via Intake Valve Closure Modulation and Late Injection |
| 31 | Soumya Nayyar | MSME | | 5/2016 | ---- | Implementation and Analysis of Reverse Breathing, Rebreathing, and Cylinder Deactivation for Aftertreatment Thermal Management and Overall Efficiency Benefit on Diesel Engines |
| 32 | Sylvia Lu | MSME | | 8/2016 | ---- | Improving Fuel Economy During High Load Diesel Engine System Operation Through Valve-Train Flexibility |
| 33 | Chaitu Panuganti | MSME | 08/2014 | 8/2016 | ---- | Control-Oriented Modeling, Validation, and Analysis of a Natural Gas Engine Architecture |
| 34 | Dheeraj Gosala | DPhD | 08/2014 | 12/2018 | ---- | Fuel-Efficient Emissions Reduction from Diesel Engines via Advanced Gas Exchange Management |

| | | | | | | |
|---|---|---|---|---|---|---|
| 35 | Vaidehi Hoshing | DPhD | 08/2014 | 12/2018 | ---- | Augmented Framework for Economic Viablility-Based Powertrain Design and Emissions Analysis of Medium/Heavy-Duty Plug-In Hybrid Electric Vehicles |
| 36 | Alex Taylor | MSME | | 8/2016 | ---- | Test Cell Set-Up to Enable Drive-Cycle Testing of a Variable Valve Actuation Enabled Camless Diesel Engine |
| 37 | Troy Odstrcil | MSME | | 1/2018 | ---- | Variable Valve Actuation Strategies for Improving Aftertreatment System Efficiency in Modern Diesel Engines Over the Heavy-Duty Federal Test Procedure Certification Cycle |
| 38 | Alex Taylor | PhD | | 12/2018 | ---- | Diesel Engine Air Handling Strategies for Fuel Efficient Aftertreatment Thermal Management & Connected and Automated Class 8 Trucks |
| 39 | Matthew Van Voorhis | MSME | 08/2015 | 08/2017 | ---- | Implementation of Aftertreatment System to Enable Tailpipe Emissions Measurements of a Variable Valve Actuation Enabled Camless Diesel Engine |
| 40 | Cody Allen | DPhD | 08/2014 | 3/2019 | ---- | Advancing Diesel Engines via Cylinder Deactivation |
| 41 | Kalen Vos | DPhD | 08/2015 | 8/2019 | ---- | Utilizing Valvetrain Flexibility to Influence Gas-Exchange and Reduce Reliance on Exhaust Manifold Pressure Control for Efficient Diesel Engine Operation |
| 42 | Sharon Zhang | DPhD | 08/2016 | 12/2020 | ---- | TBD – Natural Gas Engine/Aftertreatment Control for Commercial PHEVs |
| 43 | Sree Harsha Rayasam | MSME | 01/2017 | 12/2018 | ---- | Evaluation of Fuel Savings Due to Powertrain Electrification of Class 8 Trucks |
| 44 | Mrunal Joshi | PhD | 08/2015 | 12/2019 | ---- | Diesel Engine Cylinder Deactivation for Improved System Efficiency while Maintaining Elevated Aftertreatment Temperatures |
| 45 | Brady Black | MSME | 08.2018 | 8/2020 | | TBD – Combining Long-Horizon Predictive Cruise Control and Truck Platooning for Improved Fuel Savings |
| 46 | Ifeoluwa Ibitayo | MSME | 08/2017 | 8/2019 | ---- | Enhanced Class 8 Truck Platooning via Simultaneous Shifting and Model Predictive Control |
| 47 | Shveta Dhamankar | DPhD | 08/2018 | 8/2023 (est.) | ---- | Model-Based Approach for Reilient Vehicle Operation |
| 48 | John Foster | MSME | 08/2018 | 7/2020 | ---- | Advanced Control Strategies for Diesel Engine Thermal Management and Class 8 Truck Platooning |
| 49 | Weijin Qiu | DPhD | 08/2018 | 8/2023 (est.) | ---- | An Integrated Framework on Modeling, Robust Coordinated Control, and Energy Management in Advanced Turbocharged Engines |
| 50 | Ziping Liu | DPhD | 08/2017 12/18 | 12/2021 | Evans (ABE) | Automatic Grain Unloading for Crop Harvest Machine |
| 51 | Shubham Ashta | DPhD | 01/2019 | 12/2023 (est.) | ---- | TBD |
| 52 | Sree Harsha Rayasam | PhD | 01/2019 | 12/2021 | ---- | Robust Multiple-Input Multiple-Output Control of Gas Exchange Processes in Advanced Internal Combustion Engines |
| 53 | Miles Droege | MSME | 08/2019 | 08/2021 | ---- | Heavy-Duty Truck Platooning on Hilly Terrain: Methods for Assessment and Improvement |
| 54 | Tyler Swedes | MSME | 08/2019 | 7/2021 | ---- | Electrification of Diesel-Based Powertrains for Heavy Vehicles |

| | | | | | | |
|---|---|---|---|---|---|---|
| 55 | Chufan Jiang | PhD | 08/2015 5/19 | 05/2022 | ---- | Perception System Development for Automated Combine-to-Cart Unloading During Harvest of Grain Crops |
| 56 | Shubham Agnihotri | MSME | 10/2019 | 7/2021 | ---- | Efficiency Improvement Analysis for Commercial Vehicles by Powertrain Hybridization and Cylinder Deactivation for Natural Gas Engines |
| 57 | Vrushali Deshmukh | MSME | 08/2019 | 7/2021 | ---- | Alternative Fuels for On-Road Engines and Impact on Reducing Carbon Footprint |
| 58 | Yunpeng Xu | DPhD | 02/2020 | 12/2022 | | Fractional Oxidation State Control of Three-Way Catalyst with Stoichiometric Spark-Ignition Natural Gas Engines Incorporating Cylinder Deactivation |
| 59 | Doni Thomas | MSME | 8/2020 | 12/2022 | ---- | Experimental Setup and Testing of a Variable Valve Actuation Enabled Camless Natural Gas Engine |
| 60 | Michael Robert Anthony | MSME | 8/2020 | 8/2022 | ---- | Novel Three-Way Catalyst Emissions Reduction and GT-Power Engine Modeling |
| 61 | Adil Shaikh | DPhD | 1/2020 | 8/2025 (est.) | ---- | TBD |
| 62 | Raghav Kakani | DPhD | 08/2021 | 12/2025 (est.) | | TBD |
| 63 | Evan Parshall | MSME | 08/2021 | 07/2023 (est.) | | TBD |
| 64 | Aishwarya Ponkshe | MSME | 08/2021 | 07/2023 (est.) | | TBD |
| 65 | Zar Nigar Ahmad | MSME | 08/2021 | 07/2023 (est.) | | TBD |
| 66 | Audrey Willoughby | MSME | 01/2022 | 12/2023 (est) | | TBD |
| 67 | Shreyas Supe | MSME | 04/2022 | 12/2023 (est.) | | TBD |
| 68 | Anushka George | MSME | 08/2022 | 07/2024 (est.) | | TBD |
| 69 | Benjamin Mathews | PhD | 08/2022 | 12/2026 (est.) | | TBD |
| 70 | Michael Adekanbi | PhD | 08/2022 | 12/2026 (est.) | | TBD |
| 71 | Shubham Konda | MSME | 08/2022 | 07/2024 (est.) | | TBD |
| 72 | Andrew Manion | PhD | 08/2022 | 07/2025 (est.) | | TBD |
| 73 | Bharath Natarajan | MSME | 08/2022 | 07/2024 (est.) | | TBD |
| 74 | Doni Thomas | PhD | 01/2023 | 12/2027 (est.) | | TBD |
| 75 | Ethan Brown | MSME | 01/2023 | 12/2024 (est.) | Evans (ABE) | TBD |
| 76 | Alec Lusko | MSME | 01/2023 | 12/2024 (est.) | | TBD |
| 78 | Chisom Emegoakor | PhD | 03/2023 | 12/2027 | | TBD |

**Undergraduate special projects directed (81).**

1. Will Glewen – Spring 2007 (ME497)
2. Justin Ervin – Spring 2007 (ME497)
3. Matthew Carroll – Summer 2007 (ME497), alternative fuels combustion/estimation
4. Elena Washington – Summer 2007 (SURF), alternative fuels combustion/estimation
5. Armando Indrajuana – Summer 2007 (SURF) , alternative fuels combustion/estimation
6. Fang Li – Spring 2008 (ME497)
7. Angeline Blum – Summer 2008 (SURF), VVA/PCCI research project
8. Paul Lang – Fall 2008 (ME497) , VVA/PCCI research project
9. Chris Satkoski – Fall 2008 (ME497), alternative fuels combustion/estimation
10. Jeremy Koehler – Summer 2008, Spring 2009, alternative fuels combustion/estimation
11. Ed Koeberlein – Fall 2008 (ME497), Spring 2009, VVA/PCCI research project
12. Bernie Davila – Fall 2008, Spring 2009 (ME497), , alternative fuels combustion
13. Paul Meckl – Spring 2009, Fall 2009 (ME497), Spring 2011 (ME497), VVA/PCCI research project
14. Wei Yang – Spring 2009
15. Augustine Zhou – Spring 2010 (GEARE), modeling of piezo-electric fuel injection measurements
16. May Yen – Spring 2010, alternative fuels combustion control
17. Keith Jones – Spring 2010 (ME497), VVA/PCCI research project
18. Scott Biggs – Spring 2010 (ME497), Summer 2010, modeling/estimation of piezo-electric fuel injection
19. Brandon Biller – Spring 2010 (ME497), Summer 2010 (SURF), Spring 2011 (ME497), VVA engine
20. Jin Shen (3+1+1 student) – Fall 2010 (ME497), Spring 2011 (ME597), Piezo-electric fuel injection
21. Yuntian Wang – Summer 2011, Fall 2011, Spring 2012, modeling VVA engine gas exchange
22. Mark Molewyk – Fall 2011 (ME497), piezo fuel injection experiments, Spring 2012 (ME497) VVA
23. Alex Wolfe – Fall 2011 (ME497), Spring 2012 (ME497) - VVA
24. Maximilian Harr – Fall 2011, modeling gas exchange for partial valve lifts
25. Derek Lee- Spring 2012 (ME497), fuel adaptive diesel engine control
26. Aswin Ramesh – Summer 2012, Modeling VVA engine gas exchange
27. Nandan Vora – Summer 2013
28. Austin Dollar – Spring 2013, Fall 2014, & Spring 2014 (ME497), modeling of SI engine
29. Sharang Kulkarni – Summer 2014, IIT-H exchange student, exhaust aftertreatment dynamic modeling
30. Brett Rasmus – Summer 2014, Fall 2014, VVA engine experiments
31. Xiaofan Guo – Fall 2014, Spring 2015, heavy-duty hybrid electric vehicle powertrain design/control
32. Troy Odstrcil – Summer 2015, SURF, CI engine efficiency improvements via VVA
33. Dina Caicedo-Parra – Summer 2015, SURF, CI engine efficiency improvements via VVA
34. Sree Harsha Rayasam – Summer 2015, IIT-H exchange student, heavy-duty HEV powertrains
35. Anant Dugar – Fall 2015, Data management from VVA engine
36. Julia Hartig – Spring 2016, VVA drive cycle data management
37. Neil Koglin – Spring 2016
38. Nianshen Zhang – Spring 2016
39. Xu (Sharon) Zhang – Spring 2016, Natural gas engine controls
40. Michael Crawford – Summer 2016, Enabling VVA engine drive-cycle testing
41. Erik Santini – Summer 2016 (SURF), CI engine efficiency improvements via VVA
42. Akanksha Baggan – Summer 2016 (IIT PURE), Modeling of battery thermal management
43. Conor Martin – Summer 2016 (SURF), In-cylinder combustion probe design
44. Harrison Senor – Summer 2016
45. David Ross – Fall 2016, Engine test data acquisition & viewing tools development
46. Yuhui Zhu – Fall 2016
47. Emerson Houck – Fall 2016
48. Nicholas Gaeta – Fall 2016, Spring 2017, Engine test cell & fuel consumption measurement design
49. Samir Solaiman – Spring 2017, VVA data management
50. Austin McDonald – Spring 2017, VVA drive-cycle data management

51. Joseph Wichlinski – Summer 2017 (SURF), Validation of a fuel consumption measurement device
52. Sirish Srinivasan – Summer 2017 (IIT PURE), VVA engine drive cycle analysis
53. Timothy Mueller, Jr. – Summer 2017, Engine testcell development
54. Miles Droege – Summer 2017, powertrain modeling; Spring 2018-Spring 2019, emissions measurement
55. Ehsan Esmaeili – Fall 2017, Enabling CAV engine testing
56. Urjayant Sangai – Fall 2017, CI engine efficiency improvements via VVA
57. Pablo Jimenez-Corredor – Fall 2017, Enabling CAV engine testing
58. Nachiket Vatkar – Spring 2018, Enabling emission prediction of HD PHEVs
59. Nishad Damle – Spring 2018, Spring 2019, VV aftertreatment thermal management analysis; Fall 2021 & Spring 2022, Cummins Power Systems GT-Power project
60. Sean Franiak – Spring 2018, VVA engine modeling and analysis
61. Yifei (Bella) Ding – Spring 2018, Closed-loop control of engine boundary conditions
62. Manya Subbaramaiah – Spring 2018, Closed-loop control of engine boundary conditions
63. Conrad Lynch – Summer 2018, Truck Platooning
64. Sreenidh Sreekumar Praveena – Summer 2018, PURE
65. Harikrishnan Raghukumar – Summer 2018, PURE
66. Reese Holloway – Summer 2018, Spring 2019, Summer 2019, Engine testing for ARPA-E project; Fall 2021 & Spring 2022, Cummins Power System GT-Power project
67. Ali Mandviwala – Fall 2018, High BMEP gasoline engine controls for PHEVs
68. Justin Rhines – Fall 2018, Spring 2019, Fall 2019 VVA/CDA in IC Engines
69. Urjayant Sangai – Fall 2018, Spring 2019, Engine testing for ARPA-E project
70. Harald Chao – Spring 2019, Simulation of novel control strategies for platooning trucks, and Fall 2019
71. Tamin Noor – Spring 2019
72. Adil Shaikh – Summer 2019, Control design, simulation & engine testing for advanced truck platooning
73. Guiliang Zheng – Hybrid Engine Control Systeem, ME498
74. Scott Creger – Summer 2019 & Fall 2019 engine testing for advanced truck platooning
75. Jackson Fitzhugh – Spring 2019, Autonomous Class 8 truck research, ME297
76. Aaron Villiger – Spring 2019 2019, Variable Valve Actuation
77. Alexandre Fleisch – Fall 2019, Autonomous Truck Research
78. Lauren Slater – Fall 2021 & Spring 2022, Model-Based Engine Controls for Off-road HEV Wheel Loader
79. Arnav Singha – Spring 2022, ME Research
80. Isaiah Baptiste – Spring 2022 & Fall 2022, Cummins VVA
81. Benjamin Spotts – Spring 2022, ME Engine Research
82. Ethan Brwon – Fall 2022, Autonomous Mowing Pilot Project

# EXHIBIT E

[redacted]

SUBJECT TO PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Carrum Technologies, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>BMW of North America, LLC,<br>BMW Manufacturing Co., LLC, and<br>Bayerische Motoren Werke AG<br><br>*Defendants.* | C.A. No. 18-01645-RGA<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S**
**SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 52-59)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants BMW of North America, LLC ("BMW NA"), BMW Manufacturing Co., LLC ("BMW MC"), and Bayerische Motoren Werke AG ("BMW AG"), (collectively, "BMW" or "Defendants") hereby respond to Plaintiff Carrum Technologies, LLC ("Carrum" or "Plaintiff") Second Set of Requests for Production.

These responses are made solely for the purposes of the above-captioned case (referred to herein as the "Action"). The following responses are based on BMW's present state of recollection, knowledge, and belief. The responses are at all times subject to additional or different information that discovery may disclose and, while based on the present state of recollection, are subject to such refreshing of recollection and such knowledge or facts as may result from further investigation by BMW or its attorneys and/or further discovery from Plaintiff and/or third parties. BMW reserves the right to supplement these responses.

[redacted]

SUBJECT TO PROTECTIVE ORDER

BMW objections and responses are made without in any way waiving or intending to waive, but to the contrary, are intended to preserve:

1. All questions as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the response or subject matter thereof, in this Action or any subsequent proceeding associated with this Action or any other matter;

2. The right to object on any ground to the use of said responses, or the subject matter thereof, in any subsequent proceeding with this Action or any other action; and

3. The right to object on any ground at any time to other requests or other discovery procedures involving or relating to the subject matter of these Requests.

**GENERAL OBJECTIONS**

BMW incorporates the General Objections included in BMW NA and BMW MC's initial objections and responses to Carrum's First Set of Requests for Production (Nos. 1-51).

**SPECIFIC OBJECTIONS AND RESPONSE**

**RFP NO. 52**

All communications between You and the third-party suppliers disclosed in response to Carrum's Interrogatory No. 8 regarding instructional outlines, functional requirements or parameters, or technical guidance for the generation of Source Code to be used in the Accused Products or in ACC-related components used in the Accused Products.

**RESPONSE TO RFP NO. 52**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of relevant and admissible evidence to the extent that it seeks "all communications" regardless of time period. BMW also objects to this request as vague and ambiguous, at least to the extent that the terms "instructional

[redacted]



outlines," "functional requirements or parameters," and "technical guidance" are unclear and have not been defined by Carrum. BMW further objects to this Request as vague, overbroad, and unduly burdensome to the extent that it seeks "communications" regarding "ACC-related components" as these components have not been defined by Carrum. BMW also objects to this Request to the extent that it seeks documents that are subject to confidentiality and/or non-disclosure obligations, or are protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity. BMW further objects to this Request as overly broad and unduly burdensome to the extent that it seeks documents or things that are not in BMW's possession, custody, or control.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 53**

All documents or communications referring or relating to lateral acceleration in ACC.

**RESPONSE TO RFP NO. 53**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of relevant and admissible evidence to the extent that it seeks "all documents or communications" regardless of time period. BMW also objects to this Request to the extent that it seeks documents that are subject to

confidentiality and/or non-disclosure obligations, or are protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 54**

All documents or communications referring or relating to object detection in ACC.

**RESPONSE TO RFP NO. 54**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of relevant and admissible evidence to the extent that it seeks "all documents or communications" regardless of time period. BMW also objects to this Request to the extent that it seeks documents that are subject to confidentiality and/or non-disclosure obligations, or are protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

[redacted]



**RFP NO. 55**

All communications regarding Source Code for any ACC-related components used in the Accused Products.

**RESPONSE TO RFP NO. 55**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of relevant and admissible evidence to the extent that it seeks "communications" regardless of time period. BMW also objects to this Request as vague, overbroad, and unduly burdensome to the extent that it seeks "communications" regarding "ACC-related components" as these components have not been defined by Carrum. BMW also objects to this Request to the extent that it seeks documents that are subject to confidentiality and/or non-disclosure obligations, or are protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 56**

All communications regarding any functional requirements, algorithms, or parameters for any ACC-related components used in the Accused Products.

**RESPONSE TO RFP NO. 56**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of relevant and admissible

[redacted]



evidence to the extent that it seeks "all communications" regardless of time period. BMW also objects to this request as vague and ambiguous, at least to the extent that the terms "functional requirements," "algorithms," and "parameters" are unclear and have not been defined by Carrum. BMW further objects to this Request as vague, overbroad, and unduly burdensome to the extent that it seeks "communications" regarding "ACC-related components" as these components have not been defined by Carrum. BMW also objects to this Request to the extent that it seeks documents that are subject to confidentiality and/or non-disclosure obligations, or are protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 57**

Documents sufficient to show the design, operation, function, composition, specifications, functional requirements, and/or control logic of every ACC system used in, or implemented into, any BMW vehicle since 2008. Note, this request is not limited to the Accused Products.

**RESPONSE TO RFP NO. 57**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of relevant and admissible evidence to the extent that it seeks "documents" that are not limited to the Accused Products.

BMW also objects to this Request to the extent that it seeks documents that are subject to confidentiality and/or non-disclosure obligations, or are protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 58**

Documents relating to product development roadmaps for ACC, including without limitation documents reflecting or relating to product development goals, milestones, and initiatives for ACC, as well as documents regarding any actual, perceived, or planned relationship or connection between ACC, on the one hand, and self-driving or autonomous driving capabilities, products, or features, on the other hand.

**RESPONSE TO RFP NO. 58**

In addition to the General Objections stated above, BMW objects to this Request as vague, overbroad, unduly burdensome, and unlikely to lead to the discovery of relevant and admissible evidence to the extent that it seeks "documents" regardless of time period. BMW also objects to this request as vague and ambiguous, at least to the extent that the terms "product development goals," "milestones," and "initiatives," are unclear and have not been defined by Carrum. BMW also objects to this Request to the extent that it seeks documents that are subject to confidentiality and/or non-disclosure obligations, or are protected by the attorney-client privilege, the work-

product immunity, or any other applicable privilege or immunity. BMW further objects to this Request as overly broad and unduly burdensome to the extent that it seeks documents or things that are not in BMW's possession, custody, or control.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

**RFP NO. 59**

All documents and things responsive to Carrum's prior requests for production (Requests for Production Nos. 1–58) as they relate to each vehicle identified by You in response to Carrum's Interrogatory No. 17.

**RESPONSE TO RFP NO. 59**

In addition to the General Objections stated above, BMW incorporates its objections from its Responses to Requests for Production Nos. 1-58. BMW also objects to this Request as compound.

Subject to the foregoing general and specific objections, and following a reasonably diligent search, BMW has produced or will produce relevant, responsive, and non-privileged documents within its possession, custody, and control.

BMW's factual investigation is ongoing, and BMW expressly reserves the right to supplement and/or amend this response as its investigation continues and as further information becomes available.

[redacted]

**SUBJECT TO PROTECTIVE ORDER**

OF COUNSEL:

Lionel M. Lavenue
Deanna C. Smiley
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
1875 Explorer Street, Suite 800
Reston, VA 20190

Forrest A. Jones
Joseph M. Myles
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue NW
Washington, DC 20001-4413

DATED: May 10, 2023

*/s/ Christine D. Haynes*
Frederick L. Cottrell, III (#2555)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, PA
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
haynes@rlf.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 10, 2023, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY E-MAIL**

Brian E. Farnan
Michael J. Farnan
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801

**BY E-MAIL**

John M. Hughes
Andrew C. Baak
Daniel R. Brody
Jason Murray
Rebecca T. Horwitz
Meg Fasulo
Taylor Kelson
BARTLIT BECK LLP
1801 Wewatta Street, Ste. 1200
Denver, CO 80202

Mark L. Levine
BARTLIT BECK LLP
Courthouse Place
54 West Hubbard Street
Chicago, IL 60654

Andrew R. Graben
HILGERS GRABEN PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, TX 75230

Trenton D. Tanner
HILGERS GRABEN PLLC
1320 Lincoln Mall, Suite 200
Lincoln, NE 68508

John Vivian
HILGERS GRABEN PLLC
601 Pennsylvania Avenue, NW
South Building, Suite 900
Washington, DC 20004

*/s/ Christine D. Haynes*
Christine D. Haynes (#4697)
haynes@rlf.com

# EXHIBIT F

BartlitBeck LLP

Mark S Ouweleen
Mark Ouweleen@BartlitBeck com

Courthouse Place
54 West Hubbard Street
Chicago L 60654
main (312) 494-4400
direct (312) 494-4435

BartlitBeck com

September 27, 2023

**By Email: lionel.lavenue@finnegan.com**

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023

Re: *Carrum Technologies, LLC v. BMW of North America, LLC et al.*, C.A. No. 18-1645-RGA (D. Del.)

Dear Lionel,

BMW is obligated to produce technical documents relevant to the Accused Products (the systems or methods for controlling a vehicle, and associated software products, that relate to the use of Adaptive Cruise Control—ACC—in the vehicle models featuring ACC). First, under the Court's scheduling order, BMW should have produced by May 12, 2023, the core technical documents related to the Accused Products. This should have included, but not been limited to, schematics and specifications for all Accused Products sufficient to show the design and functionality of each. Second, as discussed below, Carrum's requests for production seek comprehensive technical information concerning the Accused Products, whether or not BMW considers that information "core."

On the deadline for producing its core technical documents, BMW produced 44 documents, many of which contained no technical information. To date BMW has produced around 2,100 documents total, of which fewer than fifty (less than 3%) shed any meaningful light on the technical design or functioning of the Accused Products.

Carrum pointed out this deficiency in BMW's production months ago, at least by June 2, 2023. On that date, BMW told Carrum to table its concerns regarding BMW's technical document productions because large tranches of technical documents were forthcoming in the near future. BMW asked us to wait to review those productions before making further assessment as to the sufficiency of BMW's technical document productions.

Since that time, we have on numerous occasions asked when BMW would produce its technical documents. On July 21, 2023 BMW assured Carrum only that "BMW will substantially complete its production by December 1, 2023." We responded on July 25, 2023 that our inquiry was "not only for BMW's substantial completion timing but also for a date when we can expect to receive more documents from BMW" because apart from "BMW's relatively small production of

core technical documents, we have received few, if any, additional documents." We noted that it was "improper for BMW to criticize Carrum's preliminary infringement contentions given that BMW still has not provided many of the documents we have asked for, including especially its source code."

In a meet and confer on August 7, 2023, BMW indicated that it would continue rolling productions in the coming weeks. On September 14, 2023, Carrum noted that BMW's most recent production contained only a handful of publicly available investor and annual reports, and an org chart, and inquired when BMW would produce the long-promised supplemental productions of technical documents.

In response, on September 15 BMW asserted:

> BMW has produced its core technical documents. If Carrum understands that there are any additional technical documents missing from BMW's production, please let us know. BMW has now repeatedly asked Carrum to identify any supposedly missing documents from BMW's production, and Carrum has refused.

This response is incorrect for several reasons. First, BMW has not repeatedly asked Carrum to identify all the documents missing from BMW's scant production. Instead it has represented that production of the technical documents was forthcoming. Second, whether or not BMW considers the fewer than fifty technical documents produced to be all the "core" technical documents is irrelevant: Carrum is seeking (and BMW is obliged to produce) all the technical documents that are responsive to Carrum's requests for production, whether "core" or not. Finally, it is neither possible nor Carrum's responsibility for Carrum to guess what technical documents BMW maintains that are related to the Accused Products. It is BMW's burden to conduct a reasonable search sufficient to identify and produce the documents responsive to Carrum's requests.

BMW's failure to produce technical documents is particularly problematic in light of BMW's criticism of Carrum's infringement contentions to date. BMW claims that the documents Carrum cites do not apply to the full fleet of BMW's Accused Products. [redacted] BMW in response referred Carrum to the entirety of its 44-document May 12, 2023 production. *See* Email from J. Myles dated September 6, 2023. [redacted]

BMW cannot at once refuse to produce technical documents relevant to each individual Accused Product, and then fault Carrum for failing to cite the documents BMW has not produced.

If BMW contends that the few technical documents it produced are not applicable to all of the Accused Products, then it must provide analogous documents for those components that apply to the remaining Accused Products.

**Examples of BMW's Failure to Produce**

While it is neither possible nor Carrum's responsibility to identify what specific documents BMW maintains but has failed to produce, we describe below examples of types of documents one would expect BMW to have related to certain requests, but which BMW has not produced.

**BMW has produced no emails regarding ACC:** BMW has not produced a single email relating to its ACC systems. Such emails would be responsive, for example, to RFPs 53-56. For example, RFP No. 55 seeks "All communications regarding Source Code for any ACC-related components used in the Accused Products." RFP No. 56 seeks "All communications regarding any functional requirements, algorithms, or parameters for any ACC-related components used in the Accused Products." It cannot be the case that BMW has never communicated internally or externally concerning these topics. Yet BMW has produced no email correspondence related to the technical aspects of its Accused Products.

**BMW has produced few documents concerning lateral acceleration and object detection in its ACC systems:** RFP No. 53 seeks "All documents or communications referring or relating to lateral acceleration in ACC." RFP No. 54 seeks "All documents or communications referring or relating to object detection in ACC." BMW's non-technical and marketing documents feature these aspects of its ACC system, but BMW has produced very little technical documentation concerning the use of lateral acceleration and object detection in its ACC systems.

**BMW has produced no documents concerning testing of ACC:** RFP No. 17 seeks, among other things, materials related to "the programming, testing, installation, maintenance or repair of any Accused Product" that "refer[s] or relate[s] to ACC." One would reasonably expect BMW to have such things as test plans, design verification and validation test results, and correspondence between BMW's testing and development teams. To date, BMW has not produced a single document related to any testing or verification of BMW's vehicles and/or their ACC systems. Since BMW undoubtedly tests (and retests) its vehicles, it cannot be the case that BMW has no documents responsive to this request.

**BMW has not produced documents relating to the ACC and vehicle control systems for the numerous accused vehicle models and model years:** RFP No. 16 seeks "All design, specification, or other technical documents setting forth the specifications of any Accused Product." Similarly, RFP No. 19 seeks **"**Documents sufficient to show the design, operation, function, and/or composition of every Accused Product that was made, used, imported, sold, or offered for sale in the United States since October 23, 2012, including for this purpose any vehicle

containing any such Accused Product that was made, used, imported, sold, or offered for sale in the United States since October 23, 2012." The Accused Products include the methods and systems for controlling the following vehicles: "BMW models 2 series, 3 series, 4 series, 5 series, 6 series, 7 series, 8 series, i3, i8, X1, X2, X3, X4, X5, X6, X7, Z4 and Mini Cooper models S and Countryman as identified in ¶ 20 of Plaintiff's Complaint." RFP No. 57 seeks "Documents sufficient to show the design, operation, function, composition, specifications, functional requirements, and/or control logic of every ACC system used in, or implemented into, any BMW vehicle since 2008." This request expressly states that it "is not limited to the Accused Products."

In response to these requests, one would expect BMW to produce documents such as design history files, software schematic charts, MATLAB/Simulink or other functional diagrams, engineering reports, PowerPoint presentations, and numerous other types of technical documents showing or describing how BMW's ACC systems have been designed and implemented. One would also reasonably expect there to be multiple versions of such key technical documents over time. BMW has produced almost none of this information. It seems unlikely in the extreme that the fifty or so technical documents BMW has produced are the totality of its records concerning the design, operation, function, composition, specifications, functional requirements, and/or control logic of every ACC system in dozens of different vehicle models and years.

**BMW has not produced other versions of documents that on their face suggest the existence of multiple versions:** Some of the few technical documents BMW has produced indicate that there are other versions of the same document, but BMW has not produced the other versions. [redacted] Based on these codes, it can be reasonably inferred that additional versions of this document are within BMW's custody and control. And those additional versions—regardless of whether they are drafts or iterative updates—are responsive and owed to Carrum under its discovery requests. BMW has not produced drafts or alternate versions of even the few technical documents that it has produced to date.

**BMW has not produced documents related to development roadmaps for ACC:** RFP No. 58 seeks "Documents relating to product development roadmaps for ACC, including without limitation documents reflecting or relating to product development goals, milestones, and initiatives for ACC, as well as documents regarding any actual, perceived, or planned relationship or connection between ACC, on the one hand, and self-driving or autonomous driving capabilities, products, or features, on the other hand." In response to this request, we would expect BMW to produce documents addressing or acknowledging the relationship between ACC and BMW's efforts to produce more autonomous vehicles, for example. BMW has produced no documents concerning its roadmaps for ACC.

BartlitBeck LLP



* * *

Please let us know when Carrum may expect the remainder of BMW's technical document productions. If BMW maintains its position that it has already produced all relevant, responsive technical documents, we intend to raise this issue with the Court during the upcoming discovery conference.

Regards,

Mark S. Ouweleen